1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MYUNG J. PARK, State Bar No. 210866
   Supervising Deputy Attorney General
3  BENJAMIN P. LEMPERT, State Bar No. 344239
   DAVID M. MEEKER, State Bar No. 273814
4  CECILIA D. SEGAL, State Bar No. 310935
   JONATHAN A. WIENER, State Bar No. 265006
5  M. ELAINE MECKENSTOCK, State Bar No. 268861
   Deputy Attorney General
6   1515 Clay Street, 20th Floor
    P.O. Box 70550
7   Oakland, CA  94612-0550
    Telephone:  (510) 879-0299
8   Fax:  (510) 622-2270
    E-mail:  Elaine.Meckenstock@doj.ca.gov
9  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,**<br><br>                                   Plaintiff,<br><br>   v.<br><br>**STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**,**<br><br>                                   Defendant. | 2:25-cv-03255-SCR<br><br>**DEFENDANT'S NOTICE OF RELATED CASE**<br><br>Courtroom:  27, 8th Floor<br>Judge:       Hon. Sean C. Riordan<br>Trial Date:  None Set<br>Action Filed:  December 16, 2024 |

Following the transfer of this matter from the U.S. District Court for the District of Northern Illinois to the U.S. District Court for the Eastern District of California, ECF No. 147, and consistent with Civil Local Rule 123, Defendant Steven S. Cliff files this notice to inform the Court of another case pending in this District: *Daimler Truck North America v. California Air Resources Board*, No. 2:25-cv-02255-DC-AC (E.D. Cal. filed Aug. 11, 2025) (hereinafter *Daimler*). Defendant Cliff respectfully submits that the two cases are related and that coordination of the cases before a single Judge "is likely to effect a savings of judicial effort and other economies." L.R. 123(b).

A.   **SUMMARY OF THIS ACTION**

Plaintiff American Free Enterprise Chamber of Commerce (AmFree) filed suit on December 16, 2024 in the U.S. District Court for the Northern District of Illinois, alleging that a 2023 agreement between the California Air Resources Board (CARB) and several heavy-duty truck manufacturers, known as the Clean Truck Partnership (CTP), is a preempted emission standard or else a preempted attempt to enforce certain emission standards under Section 209 of the Clean Air Act. ECF No. 1 at ¶¶ 140-57. AmFree named as defendants the manufacturers and trade association who signed the agreement—some of whom are plaintiffs in the *Daimler* suit— and Steven S. Cliff, in his official capacity as Executive Officer of CARB. AmFree later amended the complaint to add allegations about congressional resolutions targeting three preemption waivers granted to California for recent updates to its emissions program, *see* ECF No. 104-6, and to remove the private-party defendants from the action following an undisclosed out-of-court settlement with them, *see* ECF No. 142-1.

On August 14, 2025, Defendant Cliff moved to dismiss AmFree's suit for lack of personal jurisdiction and lack of proper venue or, in the alternative, to transfer the action to this District. ECF No. 126 at 1. The United States and EPA (collectively, the "United States") also moved to intervene as plaintiffs. ECF No. 121. The United States' proposed Complaint in Intervention alleges that the CTP and certain CARB regulations are preempted. ECF No. 121-1 at ¶¶ 98-114. Defendant Cliff opposed intervention, arguing that the motion failed, as a threshold matter, given that the court lacked personal jurisdiction and venue. ECF No. 132 at 4-6. Defendant Cliff also

argued that intervention should be denied because the United States could protect its claimed interests in other pending litigation, including as a plaintiff-intervenor raising identical claims in the *Daimler* case. *Id.* at 6-9.

On November 7, 2025, the District Court for the Northern District of Illinois concluded that, "although it has personal jurisdiction and venue would be proper in this Court, in the exercise of the Court's discretion, the convenience of parties and the interests of justice counsel transfer to the Eastern District of California." ECF No. 145 at 1-2. The United States' motion to intervene remains pending. However, the United States' proposed complaint in *AmFree* and its complaint in *Daimler* are almost identical, *compare, e.g.*, ECF No. 121-1 at ¶¶ 98-114, *with Daimler*, ECF No. 56 at ¶¶ 98-114, and "[a] plaintiff generally has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants," *Johnson v. Cates*, No. 1:23-cv-00361-GSA-PC, 2024 WL 2834383, at *1 (E.D. Cal. June 4, 2024).

**B.    SUMMARY OF *DAIMLER***

Plaintiffs Daimler Truck North America, LLC; International Motors, LLC; PACCAR, Inc.; and Volvo Group North America LLC (collectively, "OEM Plaintiffs") filed suit on August 11, 2025. *Daimler*, ECF No. 1. Their complaint alleges that the CTP, certain CARB regulations, and other executive and agency actions are preempted under Section 209 of the Clean Air Act. *Id.* at ¶¶ 71-94. Their complaint also alleges certain violations of the First Amendment, California Constitution Article I, Section 3, and the California Administrative Procedure Act. *Id.* at ¶¶ 95-137. The OEM Plaintiffs moved for a preliminary injunction on all their claims the day after filing suit. *Daimler*, ECF No. 23.

The United States and U.S. Environmental Protection Agency (collectively, "United States") filed a motion to intervene as plaintiffs, *Daimler*, ECF No. 43, which the court granted on August 20, 2025, *Daimler*, ECF No. 54. The United States' Complaint in Intervention raises only preemption claims against the CTP and a subset of the CARB regulations challenged by the OEM Plaintiffs, *Daimler*, ECF No. 56 at ¶¶ 98-114, and is nearly identical to the United States' proposed Complaint in Intervention in *AmFree*, *supra* Arg. A. The United States subsequently

joined the OEM Plaintiffs' preliminary injunction motion as to those narrower claims and issues. *Daimler*, ECF No. 57.

The court heard argument on the preliminary injunction motion on October 31, 2025, and issued its decision that same day. *Daimler*, ECF Nos. 93, 94. The court granted Plaintiffs' motion in part, based on their claim that the Clean Truck Partnership is preempted, and otherwise denied the motion. *Daimler*, ECF No. 94 at 34.

Defendants also moved to dismiss one or more defendants and one or more claims from each of the two complaints. *Daimler*, ECF Nos. 77, 78. Briefing on those motions will be complete on November 18, 2025. *Daimler*, ECF No. 90.

C. **RELATIONSHIP BETWEEN THE TWO CASES AND GROUNDS FOR COORDINATION**

*Daimler* and *AmFree* share a common defendant—Steven S. Cliff—and a common claim—that the CTP is preempted by the Clean Air Act. But the cases also involve distinct parties: the OEM Plaintiffs in *Daimler* are no longer defendants in *AmFree*, and the United States is presently a plaintiff in *Daimler* only.[1] And the cases involve distinct claims: for example, the OEM Plaintiffs in *Daimler* raise an additional six causes of action that were not raised in *AmFree*, involving additional actions beyond the CTP and additional legal theories beyond Clean Air Act preemption.

Given the overlap, however, *Daimler* and *AmFree* are "related" and "their assignment to the same Judge … is likely to effect a substantial savings of judicial effort." L.R. 123(a)(1)-(3); *see also United States v. State Water Res. Control Bd.*, No. 2:19-cv-0547-LJO-EPG, 2019 WL 1746046, at *1 (E.D. Cal. Apr. 18, 2019) (assignment of the actions to the same judge "will promote convenience, efficiency and economy for the Court and parties, and will help to avoid inconsistent judgments and potentially conflicting remedies"); *United States v. Saeteurn*, No. 2:18-cr-00212-TLN, 2019 WL 1018655, at *3 (E.D. Cal. Mar. 4, 2019) ("It would be an unnecessary and unwise expenditure of resources in this overburdened judicial district for two

---

[1] *Daimler* also involves additional defendants not named in *AmFree*: CARB and Governor Newsom. Defendants have moved to dismiss Governor Newsom from the United States' complaint, *Daimler*, ECF No. 77 at 6-9, and have moved to dismiss both the Governor and CARB from the OEM Plaintiffs' complaint, *Daimler*, ECF No. 78 at 7-10.

3

different judges to familiarize themselves with one common set of facts …."). Coordination of the two cases is therefore appropriate. Defendant Cliff does not intend to move for consolidation. *See Sho v. Current or Acting Field Office Dir.*, No. 2:21-cv-00654-TLN-AC, 2022 WL 1025693, at *1 (E.D. Cal. Mar. 9, 2022) (relating cases under Local Rule 123 assigns both actions to the same judge but does not consolidate them absent motion or stipulation).

Dated:  November 14, 2025                                              Respectfully submitted,

                                                          ROB BONTA
                                                          Attorney General of California
                                                          MYUNG J. PARK
                                                          Supervising Deputy Attorney General

                                                          */s/ Cecilia D. Segal*
                                                          CECILIA D. SEGAL
                                                          Deputy Attorney General
                                                          *Attorneys for Defendant*