1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MYUNG J. PARK, State Bar No. 210866
   Supervising Deputy Attorney General
3  BENJAMIN P. LEMPERT, State Bar No. 344239
   M. ELAINE MECKENSTOCK, State Bar No. 268861
4  DAVID M. MEEKER, State Bar No. 273814
   JONATHAN A. WIENER, State Bar No. 265006
5  CECILIA D. SEGAL, State Bar No. 310935
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 510-3545
     Fax:  (415) 703-1107
8    E-mail:  cecilia.segal@doj.ca.gov
   *Attorneys for Defendant*

9

10              IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12                     SACRAMENTO DIVISION

13

| | |
|---|---|
| 14  **AMERICAN FREE ENTERPRISE** **CHAMBER OF COMMERCE,** | 2:25-cv-03255-DC-AC |
| 16                              Plaintiff, | |
| 17       v. | **DEFENDANT STEVEN S. CLIFF'S** **ANSWER TO THIRD AMENDED** **COMPLAINT (ECF NO. 142)** |
| 18  **STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board, | Judge:        Hon. Dena Coggins Courtroom:  10, 13th Floor Trial Date:   None Set Action Filed:  December 16, 2024 |
| 20                              Defendant. | |

22

23

24

25

26

27

28

Defendant Steven S. Cliff, in his official capacity, by and through his undersigned attorneys, hereby answers Plaintiff's Third Amended Complaint, ECF No. 142. Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

## INTRODUCTION

1.    The allegations in Paragraph 1 are mostly Plaintiff's characterizations of and contentions about internal-combustion engines, and to that extent require no response. Defendant admits that internal-combustion engines can be powered by liquid fuels and that such engines power some of the vehicles that Plaintiff lists in the second sentence. The remaining allegations in Paragraph 1 are too vague and ambiguous to permit Defendant to form a belief as to their truth, and Defendant denies them on that basis. Defendant denies any other allegations in the paragraph.

2.    Defendant admits that Plaintiff challenges the Clean Truck Partnership (CTP) in the Complaint. Defendant admits that the CTP was an agreement executed between the California Air Resources Board (CARB), the Truck & Engine Manufacturers Association (EMA), and the gasoline and diesel engine manufacturers listed in Paragraph 2 (the manufacturers). To the extent Paragraph 2 contains Plaintiff's characterizations of and contentions about the CTP, Plaintiff's case, or the heavy-duty vehicle or engine markets, no response is necessary. To the extent further response is required, Defendant denies the allegations in the paragraph.

3.    Defendant admits that Exhibit A is a copy of the CTP. Paragraph 3 contains Plaintiff's characterizations of and contentions about the CTP, which require no response. The CTP speaks for itself and provides the best evidence of its contents. The allegations also contain legal conclusions, which require no response. To the extent further response is required, Defendant denies any remaining allegations in the paragraph.

4.    The allegations in Paragraph 4 are Plaintiff's characterizations and contentions, which require no response. The CTP speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies any allegations in the paragraph.

5.    The allegations in Paragraph 5 are Plaintiff's characterizations and contentions, which require no response, and are also too vague and ambiguous to permit formation of a response. The

1

1  CTP speaks for itself and provides the best evidence of its contents. To the extent a response is

2  required, Defendant denies any allegations in the paragraph.

3      6.    Defendant admits that prices for some heavy-duty vehicles have increased since July

4  2023 when the CTP was fully executed. The remaining allegations in Paragraph 6 are Plaintiff's

5  characterizations and contentions, which require no response, and are also too vague and

6  ambiguous to permit formation of a response. To the extent a response is required, Defendant

7  denies any remaining allegations in the paragraph.

8      7.    The allegations in Paragraph 7 are Plaintiff's characterizations of and contentions

9  about the vehicles market, which require no response. Defendant admits that CARB was told in

10 2024 that some heavy-duty vehicle manufacturers had informed some of their California

11 customers that the manufacturer might require those customers to purchase zero-emission

12 vehicles in order to also purchase internal-combustion vehicles. To the extent further response is

13 required, Defendant denies the remaining allegations.

14     8.    Defendant admits the existence of the lawsuit identified in Paragraph 8. Defendant

15 denies any characterization of the lawsuit, the filings in which speak for themselves and provide

16 the best evidence of their contents. Defendant denies any allegation about the motive or internal

17 decision-making of States implied in Paragraph 8 for lack of sufficient information to form a

18 belief as to the truth of these characterizations and contentions. To the extent further response is

19 required, Defendant denies the allegations in the paragraph.

20     9.    Paragraph 9 contains Plaintiff's characterizations of and contentions about Plaintiff's

21 members and the CTP, which require no response. To the extent a response is required,

22 Defendant denies Plaintiff's contention about the "aims" of the CTP, denies Plaintiff's allegations

23 about injuries to its members as a summary of allegations denied below, and otherwise denies

24 Plaintiff's allegations for lack of sufficient information to form a belief as to the truth of the

25 allegations.

26     10.   Paragraph 10 contains legal conclusions and characterizations of statutory provisions,

27 which require no response. To the extent a response is required, Defendant denies any

28 characterization of the statutory provisions, which speak for themselves and provide the best

evidence of their contents. To the extent a further response is required, Defendant denies the allegations in the paragraph.

11.    Defendant admits that Congress passed, and the President signed, the two resolutions referenced in Paragraph 11. No response is required to the paragraph's characterizations of these resolutions, or to the paragraph's characterization of the cited case. The resolutions and opinion speak for themselves and provide the best evidence of their contents. Paragraph 11 contains legal conclusions, which require no response. To the extent any response is required, Defendant denies the allegations in the paragraph.

## JURISDICTION AND VENUE

12.    Paragraph 12 contains legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations.

13.    Paragraph 13 contains legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations.

14.    Paragraph 14 contains legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations.

15.    Paragraph 15 contains allegations about EMA, which are no longer relevant as EMA has been dismissed from the suit. Additionally, Paragraph 15 contains legal conclusions about venue, which require no response. Paragraph 15 also contains Plaintiff's characterizations of and contentions about the site of the CTP's execution and performance, which require no response, and are also too vague and ambiguous for Defendant to form a belief as to their truth. To the extent a response is required, Defendant admits that EMA is a trade association of truck and engine manufacturers; that EMA was involved in negotiating the CTP; and that EMA is headquartered in the Northern District of Illinois. To the extent a response is required, Defendant denies the remaining allegations in the paragraph.

16.    Paragraph 16 contains allegations about divisions in the district court for the Northern District of Illinois, which are no longer relevant as this case has been transferred to the Eastern District of California. Paragraph 16 also contains legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations.

3

17.    Defendant admits that EMA is a trade association organized under the laws of Illinois and headquartered there. The remaining allegations in Paragraph 17 contain legal conclusions, which require no response, and are also no longer relevant as EMA has been dismissed from the suit. To the extent further response is required, Defendant denies the remaining allegations in the paragraph.

18.    Defendant admits that Navistar, Inc. (Navistar) is headquartered in Illinois. Paragraph 18 contains legal conclusions, which require no response, and are also no longer relevant as Navistar has been dismissed from the suit. To the extent any response is required, Defendant denies the remaining allegations in the paragraph.

19.    Paragraph 19 contains allegations about the personal jurisdiction of the district court for the Northern District of Illinois, which are no longer relevant as this case has been transferred to the Eastern District of California. Paragraph 19 also contains Plaintiff's characterizations and contentions about the actions and intentions of entities who are not parties to this litigation and about which Defendant lacks sufficient information to respond. Paragraph 19 also contains legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

20.    Paragraph 20 contains Plaintiff's characterizations of and contentions about the actions and intentions of entities who are not parties to this litigation and about which Defendant lacks sufficient information to respond. Defendant also denies the allegations in Paragraph 20 on grounds that the paragraph employs terms that are too vague and ambiguous for Defendant to form a belief as to their truth. To the extent further response is required, Defendant denies the allegations in the paragraph.

21.    Defendant admits that EMA submitted comments in an administrative proceeding before the Illinois Pollution Control Board; admits that the URL in the footnote corresponding to this paragraph links to EMA's comments; and admits that one of these comments contained the language quoted in the paragraph. Paragraph 21 also contains Plaintiff's characterizations of and contentions about an Illinois administrative proceeding and about EMA's comments, which require no response. The proceeding and comments speak for themselves and are the best

4

evidence of their contents. To the extent further response is required, Defendant denies the allegations in the paragraph.

22.     Paragraph 22 contains Plaintiff's characterizations of and contentions about the actions and intentions of entities who are not parties to this litigation and about which Defendant lacks sufficient information to respond. Paragraph 22 also uses terms that are too vague and ambiguous for Defendant to form a belief as to the truth of the allegations. To the extent a response is required, Defendant denies the allegations in the paragraph.

23.     Defendant admits that at least some manufacturers who signed the CTP have likely sold and/or manufactured trucks in Illinois, but Defendant lacks sufficient information to form a belief as to the truth of any other allegations in Paragraph 23 and denies those allegations on that basis. The word "substantial" is also vague and ambiguous, further preventing Defendant from forming a belief as to the truth of the allegations. The allegations in Paragraph 23 also state legal conclusions and argument, which require no response. To the extent further response is required, Defendant denies the allegations in the paragraph.

24.     Paragraph 24 contains Plaintiff's characterizations of and contentions about truck manufacturers' decisions, which require no response, and uses terms that are too vague and ambiguous for Defendant to form a belief as to the truth of the allegations. To the extent a response is required, Defendant denies the allegations in the paragraph.

25.     Defendant denies the allegations in Paragraph 25 for lack of knowledge and information sufficient to form a belief as to their truth.

26.     Defendant admits that he and his agents communicated by phone, videoconference, and email with Illinois residents who signed the CTP. The allegations in Paragraph 26 also state legal conclusions and argument, which require no response, and use terms that are too vague and ambiguous for Defendant to form a belief as to the allegations. To the extent further response is required, Defendant denies the remaining allegations in the paragraph.

**PARTIES AND NON-DEFENDANT SIGNATORIES**

27.     Defendant admits that Plaintiff American Free Enterprise Chamber of Commerce (AmFree) is an organization founded in 2022. Defendant denies all other allegations in the

5

1  paragraph for lack of knowledge and information sufficient to form a belief as to the truth of the

2  allegations.

3       28.    Paragraph 28 contains allegations about EMA that are no longer relevant, as EMA

4  has been dismissed from the suit. To the extent a response is required, Defendant denies the

5  allegations in the paragraph for lack of knowledge and information sufficient to form a belief as

6  to the truth of the allegations.

7       29.    Paragraph 29 contains allegations about Cummins Inc. (Cummins) that are no longer

8  relevant, as Cummins has been dismissed from the suit. To the extent a response is required,

9  Defendant denies the allegations in the paragraph for lack of knowledge and information

10  sufficient to form a belief as to the truth of the allegations.

11       30.    Paragraph 30 contains allegations about Daimler Truck North America LLC

12  (Daimler) that are no longer relevant, as Daimler has been dismissed from the suit. To the extent a

13  response is required, Defendant denies the allegations in the paragraph for lack of knowledge and

14  information sufficient to form a belief as to the truth of the allegations.

15       31.    Paragraph 31 contains allegations about Ford Motor Co. (Ford) that are no longer

16  relevant, as Ford has been dismissed from the suit. To the extent a response is required,

17  Defendant denies the allegations in the paragraph for lack of knowledge and information

18  sufficient to form a belief as to the truth of the allegations.

19       32.    Paragraph 32 contains allegations about General Motors LLC (GM) that are no longer

20  relevant, as GM has been dismissed from the suit. To the extent a response is required, Defendant

21  denies the allegations in the paragraph for lack of knowledge and information sufficient to form a

22  belief as to the truth of the allegations.

23       33.    Paragraph 33 contains allegations about Hino Motors Limited, Inc. (Hino) that are no

24  longer relevant, as Hino has been dismissed from the suit. To the extent a response is required,

25  Defendant denies the allegations in the paragraph for lack of knowledge and information

26  sufficient to form a belief as to the truth of the allegations.

27       34.    Paragraph 34 contains allegations about Navistar that are no longer relevant, as

28  Navistar has been dismissed from the suit. To the extent a response is required, Defendant denies

the allegations in the paragraph for lack of knowledge and information sufficient to form a belief as to the truth of the allegations.

35.     Paragraph 35 contains allegations about PACCAR, Inc. (PACCAR) that are no longer relevant, as PACCAR has been dismissed from the suit. To the extent a response is required, Defendant denies the allegations in the paragraph for lack of knowledge and information sufficient to form a belief as to the truth of the allegations.

36.     Paragraph 36 contains allegations about FCA US LLC (FCA) that are no longer relevant, as FCA has been dismissed from the suit. To the extent a response is required, Defendant denies the allegations in the paragraph for lack of knowledge and information sufficient to form a belief as to the truth of the allegations.

37.     Paragraph 37 contains allegations about Isuzu Technical Center of America, Inc. (Isuzu) that are no longer relevant, as Isuzu has been dismissed from the suit. To the extent a response is required, Defendant denies the allegations in the paragraph for lack of knowledge and information sufficient to form a belief as to the truth of the allegations.

38.     Paragraph 38 contains allegations about Volvo Group North America, Inc. (Volvo) that are no longer relevant, as Volvo has been dismissed from the suit. To the extent a response is required, Defendant denies the allegations in the paragraph for lack of knowledge and information sufficient to form a belief as to the truth of the allegations.

39.     Defendant denies the allegations in Paragraph 39 for lack of knowledge and information sufficient to form a belief as to the truth of the allegations.

40.     Defendant admits that Steven S. Cliff is currently the Executive Officer of the California Air Resources Board, and that the Complaint names him in his official capacity. The remaining allegations in Paragraph 40 are too vague and ambiguous for Defendant to form a belief as to their truth, and on that basis Defendant denies them.

**STATEMENT OF FACTS**

41.     The allegations in Paragraph 41 state legal arguments and conclusions, which require no response. The statutory provisions and case cited speak for themselves and provide the best

1   evidence of their contents. To the extent a response is required, Defendant denies the allegations
2   in the paragraph.

3       42.    The allegations in Paragraph 42 state legal arguments and conclusions, which require
4   no response. The statutory provisions and case cited speak for themselves and provide the best
5   evidence of their contents. To the extent a response is required, Defendant denies the allegations
6   in the paragraph.

7       43.    Defendant admits that the U.S. Environmental Protection Agency (EPA) has
8   established emission standards for heavy-duty vehicles. The remaining allegations in Paragraph
9   43 state legal arguments and conclusions, or provide Plaintiff's characterizations of and
10  contentions about EPA's standards, which require no response. The cited statutory and regulatory
11  provisions speak for themselves and provide the best evidence of their contents. To the extent a
12  response is required, Defendant denies any remaining allegations in the paragraph.

13      44.    The allegations in Paragraph 44 state legal arguments and conclusions, which require
14  no response. The statutory provisions and case cited speak for themselves and provide the best
15  evidence of their contents. To the extent a response is required, Defendant denies the allegations
16  in the paragraph.

17      45.    The allegations in Paragraph 45 state legal arguments and conclusions, which require
18  no response. The statutory provisions and case cited speak for themselves and provide the best
19  evidence of their contents. To the extent a response is required, Defendant denies the allegations
20  in the paragraph.

21      46.    The allegations in Paragraph 46 state legal arguments and conclusions, which require
22  no response. The statutory provisions speak for themselves and provide the best evidence of their
23  contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

24      47.    The allegations in Paragraph 47 state legal arguments and conclusions, which require
25  no response. The statutory provisions speak for themselves and provide the best evidence of their
26  contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

27      48.    The allegations in Paragraph 48 state legal arguments and conclusions, which require
28  no response. The cited House Reports and Federal Register notices speak for themselves and

8

1    provide the best evidence of their contents. To the extent a response is required, Defendant denies

2    the allegations in the paragraph.

3        49.    The allegations in Paragraph 49 state legal arguments and conclusions, which require

4    no response. The cited statutory provisions speak for themselves and provide the best evidence of

5    their contents. To the extent a response is required, Defendant denies the allegations in the

6    paragraph.

7        50.    The allegations in Paragraph 50 state legal arguments and conclusions, as well as

8    Plaintiff's characterizations of and contentions about California's emissions program and about

9    emissions technologies, which require no response. The cited Federal Register notice speaks for

10   itself and provides the best evidence of its contents. To the extent a response is required,

11   Defendant denies the allegations in the paragraph.

12       51.    Defendant admits that the URL in Paragraph 51 leads to a draft 2020 forecast by

13   CARB of estimated relative emissions of certain pollutants from trains and trucks by 2023.

14   Otherwise, Paragraph 51 contains Plaintiff's characterizations of and contentions about that

15   forecast and emissions control technology, which require no response. Defendant denies any

16   remaining allegations in the paragraph.

17       52.    The allegations in Paragraph 52 contain Plaintiff's characterizations and contentions,

18   which require no response, particularly as several allegations use terms that are too vague and

19   ambiguous for Defendant to form a belief as to their truth. The text of the cited Executive Order

20   speaks for itself and contains the best evidence of its contents. To the extent a response is

21   required, Defendant denies the allegations in the paragraph.

22       53.    Defendant admits that some vehicles with exclusively battery-electric drivetrains do

23   not need tailpipes and that some fuel-cell-electric vehicles emit water vapor. The remaining

24   allegations in Paragraph 53 are Plaintiff's characterizations and contentions, which require no

25   response. The cited regulatory provision speaks for itself and contains the best evidence of its

26   contents. Defendant denies any remaining allegations.

27       54.    Defendant admits that some forms of electricity production can generate emissions of

28   certain pollutants; that hydrogen production can also generate emissions of certain pollutants; and

9

that tire wear and other aspects of vehicle operation can generate pollution. The remaining allegations in Paragraph 54 are Plaintiff's characterizations and contentions, which require no response, or use terms that are too vague and ambiguous for Defendant to form a belief as to the truth of any allegations. To the extent a response is required, Defendant denies the remaining allegations in the paragraph.

55.    Paragraph 55 contains Plaintiff's characterizations of and contentions about California's emissions-control efforts, which require no response, particularly as they employ terms that are too vague and ambiguous for Defendant to form a belief as to their truth. To the extent that Paragraph 55 describes particular California regulations, Defendant denies any characterization of the text of those regulations, which speak for themselves and provide the best evidence of their contents. Defendant denies any remaining allegations in the paragraph.

56.    Defendant admits that some other states have adopted some California new motor vehicle regulations as their own as permitted by 42 U.S.C. § 7507. Defendant denies the allegation that Illinois will do so on the ground that Defendant lacks sufficient knowledge of Illinois' plans. The remaining allegations in Paragraph 56 are too vague and ambiguous for Defendant to form a belief as to their truth. Defendant thus denies the remaining allegations in the paragraph.

57.    Defendant admits that some vehicles with a gross vehicle weight rating less than 14,000 pounds are considered "medium-duty" vehicles under CARB's regulations. The remaining allegations in Paragraph 57 are too vague and ambiguous for Defendant to form a belief as to their truth. Defendant thus denies the remaining allegations in the paragraph.

58.    Defendant admits that heavy-duty vehicles can include those listed in the first sentence of Paragraph 58 and that some heavy-duty vehicles can be put to the uses identified in the second sentence. The remaining allegations in Paragraph 58 are Plaintiff's vaguely and ambiguously worded characterizations of and contentions about heavy-duty vehicles and the freight industry nationwide. Plaintiff provided no citation or timeframe for these allegations, and Defendant lacks sufficient information to form a belief as to their truth. To the extent a response is required, Defendant denies the remaining allegations in the paragraph.

59.     Paragraph 59 contains Plaintiff's characterizations of and contentions about a Department of Energy publication, which require no response. The publication speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

60.     Paragraph 60 characterizes an Executive Order, which requires no response because the Executive Order speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

61.     Paragraph 61 is a reference to other allegations in the Complaint and thus requires no response. It is also too vaguely and ambiguously worded for Defendant to respond. To the extent a response is required, Defendant denies the allegations in the paragraph.

62.     Defendant admits that CARB adopted a regulation referred to as the Advanced Clean Trucks (ACT) regulation. The remaining allegations in Paragraph 62 state legal conclusions or characterizations of that regulation, which require no response because the regulation speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

63.     Defendant admits that California requested a waiver of Clean Air Act preemption after it amended its regulatory program to include ACT. Defendant also admits that EPA published the notice of its granting of that waiver in the Federal Register notice cited. The Federal Register notice speaks for itself and provides the best evidence of its contents. Defendant denies any remaining allegations in the paragraph.

64.     Defendant admits that the waiver permitting CARB to enforce the ACT regulation was challenged in the United States Court of Appeals for the D.C. Circuit in the consolidated cases referenced in Paragraph 64. The remaining allegations in Paragraph 64 are Plaintiff's characterizations of and legal conclusions about those cases and court orders in them. No response is required to those allegations. To the extent further response is required, Defendant denies the allegations in the paragraph.

65.     Defendant admits that the listed states have adopted ACT as their own as permitted by 42 U.S.C. § 7507. The remaining allegations are too vague and ambiguous for Defendant to

11

1  form a belief as to their truth, or represent Plaintiff's characterizations and contentions, which

2  requires no response. To the extent further response is required, Defendant denies the remaining

3  allegations in the paragraph.

4      66.    Defendant admits that environmental groups have petitioned the Illinois Pollution

5  Control Board to adopt the ACT regulation, which Defendant understands requires an

6  administrative proceeding under Illinois law. The docket in that proceeding speaks for itself and

7  provides the best evidence of its contents. To the extent further response is required, Defendant

8  denies the remaining allegations in the paragraph.

9      67.    Defendant admits that CARB's Board voted on and adopted Board Resolution 24-5

10  on October 24, 2025, a date that is after the date the CTP was fully executed. Defendant likewise

11  admits that in Resolution 24-5, the Board approved for adoption certain amendments to the ACT

12  regulation. The remaining allegations in Paragraph 67 state legal conclusions, or are

13  characterizations of the resolution or the CTP, which require no response. The resolution and the

14  CTP speak for themselves and are the best evidence of their contents. To the extent a response is

15  required, Defendant denies the remaining allegations in the paragraph.

16      68.    The allegations in Paragraph 68 state legal conclusions and argument or Plaintiff's

17  characterizations of regulatory changes, which require no response. The amendments speak for

18  themselves and are the best evidence of their contents. The allegations are also too vague and

19  ambiguous to permit Defendant to form a belief as to their truth. To the extent a response is

20  required, Defendant denies the allegations in the paragraph.

21      69.    Defendant admits that EPA has not been asked to take, and thus has not taken, any

22  action specific to the ACT amendments referred to in Paragraph 69. The remaining allegations in

23  Paragraph 69 state legal conclusions and argument, which require no response. To the extent

24  further response is required, Defendant denies the remaining allegations in the paragraph.

25      70.    Defendant admits that the quoted text appears in a comment submitted by EMA to the

26  Illinois Pollution Control Board. The comment speaks for itself and provides the best evidence of

27  its contents. To the extent further response is required, Defendant denies the remaining

28  allegations in the paragraph.

71. The allegations in Paragraph 71 state legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

72. Defendant admits that Congress passed, and the President signed, the resolution referenced in Paragraph 72. The resolution speaks for itself and provides the best evidence of its contents, and Plaintiff's characterizations of the legal effects of the resolution do not require a response. To the extent further response is required, Defendant denies any remaining allegations in the paragraph.

73. The allegations in Paragraph 73 state legal conclusions and argument, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

74. Defendant admits that California's Office of Administrative Law approved a CARB rulemaking to adopt the "Omnibus" regulation on December 22, 2021 and that the citation to the California Code of Regulations in Paragraph 74 is to a provision of that regulation. The remaining allegations in Paragraph 74 state legal conclusions and argument or provide Plaintiff's characterizations of the Omnibus regulation, which requires no response. The Omnibus regulation speaks for itself and provides the best evidence of its contents. To the extent further response is required, Defendant denies the remaining allegations in the paragraph.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant admits that, on January 31, 2022, California submitted a request for a waiver of preemption to EPA for the amendments made by the Omnibus rulemaking to California's regulatory program. Defendant admits that the materials for which Plaintiff provides a URL were part of that request. That document speaks for itself and is the best evidence of its contents. To the extent further response is required, Defendant denies any remaining allegations in the paragraph.

77. Defendant admits that EMA brought the complaint to which Plaintiff provides a URL in Paragraph 77. The remaining allegations in Paragraph 77 state legal conclusions, as well as Plaintiff's characterization of Omnibus, which require no response. To the extent further response is required, Defendant denies the remaining allegations in the paragraph.

78.     Defendant admits that the cited Federal Register notice was published on June 13, 2022 and announced that EPA was accepting public comment on CARB's waiver request. The Federal Register notice speaks for itself and provides the best evidence of its contents. To the extent further response is required, Defendant denies the remaining allegations in the paragraph.

79.     Defendant admits that EMA dismissed the legal action referenced in Paragraph 77. Defendant denies any remaining allegations in the paragraph.

80.     Defendant admits that EPA finalized a rulemaking concerning emissions from heavy-duty trucks, including nitrogen oxides, on January 24, 2023, as described in the Federal Register notice which Plaintiff cites. The Federal Register notice speaks for itself and provides the best evidence of its contents. Paragraph 80 also contains Plaintiff's characterizations and contentions, which require no response. To the extent further response is required, Defendant denies any remaining allegations in the paragraph.

81.     The allegations in Paragraph 81 state legal conclusions and argument about, as well as Plaintiff's characterizations of, EPA's heavy-duty-vehicle emissions regulations, the requirements of the Clean Air Act, and the lead time allegedly available under the Omnibus regulation. No response to these assertions is required. The statute and the regulations speak for themselves and provide the best evidence of their contents. To the extent further response is required, Defendant denies the allegations in the paragraph.

82.     Defendant admits that EMA submitted at least one public comment to EPA arguing that EPA should not issue a waiver of preemption that would permit enforcement of the Omnibus regulation. The text of any such comments speaks for itself and provides the best evidence of the comments' contents. The allegations are otherwise too vague and ambiguous for Defendant to determine whether Plaintiff intends to refer to other statements or actions by EMA, and Defendant denies any remaining allegations in the paragraph on that ground.

83.     Defendant admits that on March 10, 2023, CARB requested that EPA defer acting on the request for a waiver of preemption that would authorize enforcement of the Omnibus regulation. The remaining allegations in Paragraph 83 are Plaintiff's characterizations of and

1    contentions about CARB's request, which require no response. To the extent a response is

2    required, Defendant denies any remaining allegations in the paragraph.

3        84.    Defendant admits that CARB adopted amendments to the Omnibus regulation on

4    December 28, 2023 through Executive Order R-23-006. Defendant admits that the Office of

5    Administrative Law approved that rulemaking on May 31, 2024. The remaining allegations in

6    Paragraph 84 are Plaintiff's characterizations of and contentions about the CTP and the

7    amendments to Omnibus, neither of which require a response. The cited Executive Order and the

8    CTP speak for themselves and are the best evidence of their contents. To the extent further

9    response is required, Defendant denies any remaining allegations in the paragraph.

10       85.    Defendant admits that, on July 8, 2024, CARB asked EPA to recommence its

11   consideration of CARB's waiver request for the Omnibus regulation's amendments to

12   California's regulatory program, including the 2023 amendments. Defendant denies any

13   remaining allegations in the paragraph.

14       86.    Defendant admits that, on December 17, 2024, EPA granted California a waiver of

15   preemption for the Omnibus regulation's amendments to California's regulatory program,

16   including the 2023 amendments, and admits that notice of EPA's decision was published in the

17   Federal Register at 90 Fed. Reg. 643 (Jan. 6, 2025). Defendant denies any remaining allegations

18   in the paragraph.

19       87.    Defendant admits that Plaintiff filed a petition for review in the United States Court

20   of Appeals for the Ninth Circuit concerning the waiver of preemption referenced in Paragraph 86

21   on January 6, 2025. Defendant denies any remaining allegations in the paragraph.

22       88.    Defendant admits that the States listed in Paragraph 88 have adopted the Omnibus

23   regulation as their own as permitted by 42 U.S.C. § 7507. Defendant denies any remaining

24   allegations in the paragraph.

25       89.    Defendant admits that environmental groups have petitioned the Illinois Pollution

26   Control Board to adopt the Omnibus regulation, which Defendant understands requires an

27   administrative proceeding under Illinois law. The docket in that proceeding speaks for itself and

28

1    provides the best evidence of its contents. To the extent further response is required, Defendant

2    denies any remaining allegations in the paragraph.

3        90.    Defendant admits that Congress passed, and the President signed, the resolution

4    referenced in Paragraph 90. No response is required to the paragraph's characterizations of this

5    resolution. The resolution speaks for itself and provides the best evidence of its contents. To the

6    extent further response is required, Defendant denies any remaining allegations in the paragraph.

7        91.    The allegations in Paragraph 91 state legal conclusions and argument, which require

8    no response. To the extent any response is required, Defendant denies the allegations in the

9    paragraph.

10       92.    Defendant admits that CARB adopted the Advanced Clean Fleets (ACF) regulation

11   through Executive Order R-23-003 on August 28, 2023. To the extent further response is

12   required, Defendant denies the remaining allegations in the paragraph.

13       93.    Defendant admits that the ACF regulation as adopted in 2023 regulated certain fleets

14   operating in California. The remaining allegations in Paragraph 93 state legal conclusions, or

15   Plaintiff's characterizations of the ACF regulation, which requires no response. The ACF

16   regulation speaks for itself and provides the best evidence of its contents. To the extent further

17   response is required, Defendant denies any remaining allegations in the paragraph.

18       94.    Defendant admits that the referenced provision of the California Code of Regulations

19   is part of the ACF regulation as promulgated and that it requires manufacturers of heavy-duty

20   vehicles (as that term is defined in regulation) to sell only zero-emission vehicles beginning with

21   model year 2036. The remaining allegations in Paragraph 94 state legal conclusions, as well as

22   Plaintiff's characterizations of the ACF regulation, which requires no response. The ACF

23   regulation speaks for itself and provides the best evidence of its contents. To the extent further

24   response is required, Defendant denies any remaining allegations in the paragraph.

25       95.    Defendant admits that California requested a waiver of preemption from EPA for the

26   ACF amendments to California's regulatory program on November 15, 2023. The text of the

27   waiver request and the ACF regulation speak for themselves and provide the best evidence of

28   their contents. Plaintiff's reference to a "first compliance deadline" is vague and ambiguous, and

1    Defendant denies any allegation including that phrase on that ground. To the extent further

2    response is required, Defendant denies any remaining allegations in the paragraph.

3        96.    Defendant admits that on July 12, 2024, EPA announced an opportunity for public

4    hearing and public comment on California's request for a waiver in connection with the adoption

5    of the ACF regulation. Defendant denies any remaining allegations in the paragraph.

6        97.    Defendant admits that on January 13, 2025, CARB withdraw its July 12, 2024 request

7    for a waiver of preemption. Defendant denies any remaining allegations in the paragraph.

8        98.    The allegations in Paragraph 98 state legal conclusions and argument, as well as

9    Plaintiff's characterizations of the ACF regulation, which require no response. To the extent any

10   response is required, Defendant denies the allegations in the paragraph.

11       99.    The allegations in Paragraph 99 state legal argument, as well as Plaintiff's

12   characterizations of the CTP and CARB regulations, which require no response. The allegations

13   are also too vague and ambiguous for Defendant to form a belief as to their truth. To the extent a

14   response is required, Defendant denies the allegations in the paragraph.

15       100.   Defendant admits that on July 5, 2023, the CTP, shown in Exhibit A to Plaintiff's

16   complaint, was fully executed. Defendant admits that CARB issued a press release the following

17   day concerning the CTP. Defendant also admits that the quoted phrase appears in the CTP but

18   denies that it establishes what the CTP "is aimed at," irrespective of what Plaintiff means by that

19   phrase, which is vague and ambiguous. Defendant denies any remaining allegations in the

20   paragraph.

21       101.   The first three sentences of Paragraph 101 are Plaintiff's characterizations of and

22   contentions about the CTP, which require no response. The CTP speaks for itself and provides the

23   best evidence of its contents. Defendant admits that CARB has carried out certain commitments it

24   made in the CTP, including consideration of certain amendments to the Omnibus regulation. To

25   the extent further response is required, Defendant denies the allegations in the paragraph.

26       102.   The allegations in Paragraph 102 are Plaintiff's characterizations of and contentions

27   about the CTP, which require no response. The CTP speaks for itself and provides the best

28

Defendant Steven S. Cliff's Answer to Third Amended Complaint (2:25-cv-03255-DC-AC)

1   evidence of its contents. Defendant admits that the quoted text appears in the CTP, and, to the

2   extent a response is required, denies any remaining allegations in the paragraph.

3       103.   Defendant admits that the quoted language appears in the CTP. The remaining

4   allegations in Paragraph 103 are Plaintiff's characterizations of and contentions about the CTP,

5   which require no response. The CTP speaks for itself and provides the best evidence of its

6   contents. To the extent a further response is required, Defendant denies any remaining allegations

7   in the paragraph.

8       104.   The allegations in Paragraph 104 state legal conclusions, as well as Plaintiff's

9   characterizations of the CTP, which require no response. The CTP speaks for itself and provides

10   the best evidence of its contents. To the extent a response is required, Defendant denies the

11   allegations in the paragraph.

12       105.   The allegations in Paragraph 105 are Plaintiff's characterizations of and contentions

13   about the CTP, which require no response. The CTP speaks for itself and provides the best

14   evidence of its contents. To the extent a response is required, Defendant denies the allegations in

15   the paragraph.

16       106.   Defendant admits that there is an Appendix D of the CTP. That document speaks for

17   itself and is the best evidence of its contents. Defendant denies any remaining allegations in the

18   paragraph.

19       107.   The allegations in Paragraph 107 are Plaintiff's characterizations of and contentions

20   about the CTP, which require no response. The CTP speaks for itself and provides the best

21   evidence of its contents. To the extent a response is required, Defendant denies the allegations in

22   the paragraph.

23       108.   The allegations in Paragraph 108 are Plaintiff's characterizations of and contentions

24   about the CTP, which require no response. The CTP speaks for itself and provides the best

25   evidence of its contents. Defendant admits that the quoted text appears in Appendix D to the CTP,

26   and, to the extent a response is required, denies any remaining allegations in the paragraph.

27       109.   The allegations in Paragraph 109 are Plaintiff's characterizations of and contentions

28   about the CTP, which require no response. The CTP speaks for itself and provides the best

1    evidence of its contents. Defendant admits that the quoted text appears in Appendix D to the CTP,

2    and, to the extent a response is required, denies any remaining allegations in the paragraph.

3        110.   The allegations in Paragraph 110 are Plaintiff's characterizations of and contentions

4    about the CTP, which require no response. The CTP speaks for itself and provides the best

5    evidence of its contents. Defendant admits that the text quoted in the first sentence of Paragraph

6    110 appears in Appendix D to the CTP, and, to the extent a response is required, Defendant

7    denies any remaining allegations in the paragraph.

8        111.   Defendant admits that Congress passed, and the President signed, the three

9    resolutions cited in Paragraph 111. The remainder of the paragraph contains Plaintiff's

10   characterizations of and contentions about the legal effect of these resolutions, and the CTP,

11   which require no response. The resolutions and the CTP speak for themselves and provide the

12   best evidence of their contents. To the extent further response is required, Defendant denies any

13   remaining allegations in the paragraph.

14       112.   The allegations in Paragraph 112 state legal conclusions and argument, which require

15   no response. To the extent a response is required, Defendant denies the allegations in the

16   paragraph.

17       113.   The allegations in Paragraph 113 state legal conclusions and argument, which require

18   no response. To the extent a response is required, Defendant denies the allegations in the

19   paragraph.

20       114.   The allegations in Paragraph 114 state legal conclusions and argument, and Plaintiff's

21   characterizations of CARB's actions, which require no response. To the extent a response is

22   required, Defendant denies the allegations in the paragraph.

23       115.   Defendant admits that Governor Newsom issued the Executive Order identified in

24   Paragraph 115 on June 12, 2025. Defendant denies any remaining allegations in the paragraph.

25       116.   The allegations in Paragraph 116 state legal conclusions and argument, and Plaintiff's

26   characterizations of the Executive Order identified in Paragraph 115, which require no response.

27   To the extent a response is required, Defendant denies the allegations in the paragraph.

28

117.   The allegations in Paragraph 117 are Plaintiff's legal argument about, and characterizations of, an Executive Order, which require no response. The Executive Order speaks for itself and provides the best evidence of its contents. Defendant admits that the quoted text appears in the Executive Order, and, to the extent a response is required, denies any remaining allegations in the paragraph.

118.   The allegations in Paragraph 118 are Plaintiff's characterizations of and contentions about an Executive Order. The Executive Order speaks for itself and provides the best evidence of its contents. Defendant admits that the quoted text appears in the Executive Order, and, to the extent a response is required, denies any remaining allegations in the paragraph.

119.   The allegations in Paragraph 119 state legal conclusions, as well as Plaintiff's characterizations of an Executive Order, which require no response. The Executive Order speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

120.   Defendant admits that the Manufacturers Advisory Correspondence ECCD-2025-03 (MAC), for which Plaintiff provides a URL, was issued by CARB on May 23, 2025. Defendant admits that the President signed the referenced resolutions on June 12, 2025. Defendant denies any remaining allegations in the paragraph.

121.   Defendant admits that the text quoted in Paragraph 121 appears in the MAC. The remaining allegations in Paragraph 121 contain Plaintiff's characterizations of and contentions about the MAC, which require no response. The MAC speaks for itself and provides the best evidence of its contents. To the extent further response is required, Defendant denies any remaining allegations in the paragraph.

122.   The allegations in Paragraph 122 are too vague and ambiguous for Defendant to form a response, as Defendant does not know what Plaintiff means by "applies" in this context. The MAC speaks for itself and provides the best evidence of its contents. To the extent further response is required, Defendant denies the allegations in the paragraph.

123.   The allegations in Paragraph 123 are Plaintiff's characterizations of and contentions about the MAC and the Clean Air Act, which require no response. The MAC and the statute

1    speak for themselves and provide the best evidence of their contents. To the extent further

2    response is required, Defendant denies the allegations in the paragraph.

3        124.   The allegations in Paragraph 124 are Plaintiff's characterizations of and contentions

4    about the MAC, which require no response. The MAC speaks for itself and provides the best

5    evidence of its contents. To the extent further response is required, Defendant denies the

6    allegations in the paragraph.

7        125.   Defendant admits that the text quoted in Paragraph 125 appears in the MAC. The

8    remaining allegations in Paragraph 125 are Plaintiff's characterizations of and contentions about

9    the MAC, which require no response. The MAC speaks for itself and provides the best evidence

10   of its contents. To the extent further response is required, Defendant denies the remaining

11   allegations in the paragraph.

12       126.   Defendant admits the text quoted in Paragraph 126 appears in the MAC. The

13   remaining allegations in Paragraph 126 are Plaintiff's characterizations of and contentions about

14   the MAC, which require no response. The MAC speaks for itself and provides the best evidence

15   of its contents. To the extent further response is required, Defendant denies the remaining

16   allegations in the paragraph.

17       127.   The allegations in Paragraph 127 state legal conclusions, which require no response.

18   Defendant also lacks knowledge and information about Plaintiff's members sufficient to form a

19   belief as to the truth of the allegations. To the extent any response is required, Defendant denies

20   the allegations in the paragraph.

21       128.   Defendant denies the allegations in Paragraph 128 for lack of knowledge and

22   information sufficient to form a belief as to their truth.

23       129.   Defendant denies the allegations in Paragraph 129 for lack of knowledge and

24   information sufficient to form a belief as to their truth.

25       130.   Defendant denies the allegations in Paragraph 130 for lack of knowledge and

26   information sufficient to form a belief as to their truth.

27       131.   Defendant denies the allegations in Paragraph 131 for lack of knowledge and

28   information sufficient to form a belief as to their truth.

132.   The allegations in Paragraph 132 state legal conclusions and argument, as well as Plaintiff's characterizations and contentions of the effects the CTP may have, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

133.   Some allegations in Paragraph 133 are Plaintiff's characterizations of, and contentions about, the CTP, which require no response. Other allegations in Paragraph 133 concern Plaintiff's "purpose," and Defendant denies those allegations for lack of knowledge and information sufficient to form a belief as to their truth. To the extent further response is required, Defendant denies the allegations in the paragraph.

134.   The allegations in Paragraph 134 are Plaintiff's characterizations of and contentions about CARB regulations and electric vehicles, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

135.   Defendant denies the allegations in Paragraph 135.

136.   The allegations in Paragraph 136 are too vague and ambiguous for Defendant to form a belief as to their truth, particularly as Plaintiff does not specify which States it refers to or what it means by "quickly," "sparse," or "many years." Defendant denies the allegations in Paragraph 136.

137.   The allegations in Paragraph 137 are too vague and ambiguous for Defendant to form a belief as to their truth, particularly as Plaintiff does not specify what it means by "often," "inadequate," or "substitutes," among other terms. Defendant denies the allegations in Paragraph 137.

138.   Plaintiff's use of the phrase "very generous" in the first clause of Paragraph 138 is too vague and ambiguous for Defendant to form a belief as to the truth of the clause. Defendant denies the allegation on that basis, to the extent a response is required at all. Defendant denies the remaining allegations in the paragraph.

139.   The allegations in Paragraph 139 are Plaintiff's characterizations of and contentions about vehicle markets and the motivations of California and other States, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

140.   Defendant denies the allegations in Paragraph 140.

141.   Defendant denies the allegations in Paragraph 141.

142.   The allegations in Paragraph 142 are Plaintiff's characterizations of and contentions about the CTP, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

143.   The allegations in Paragraph 143 state legal conclusions and argument, as well as Plaintiff's characterizations of and contentions about the CTP, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

144.   The allegations in Paragraph 144 state legal conclusions and argument, which require no response. The case cited speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

145.      The allegations in Paragraph 145 are Plaintiff's characterizations of and contentions about the CTP and economic theory, which require no response. The cited treatise speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

146.   The allegations in Paragraph 146 are Plaintiff's characterizations of and contentions about the CTP and about alleged concessions by CARB, which require no response (particularly as Plaintiff does not identify the alleged concession or its source). To the extent a response is required, Defendant denies the allegations in the paragraph.

147.   The allegations in Paragraph 147 state legal conclusions and argument, as well as Plaintiff's characterizations of and contentions about the CTP, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

148.   The allegations in Paragraph 148 are Plaintiff's characterizations of and contentions about the CTP, economic theory, and the vehicle market, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

149.   Defendant denies the allegations in Paragraph 149.

150.   Defendant denies the allegations in Paragraph 150.

151.   The allegations in Paragraph 151 are Plaintiff's characterizations of and contentions about the CTP, which requires no response. Defendant admits that prices for some heavy-duty

23

1    vehicles have increased since July 2023, but Defendant lacks sufficient information to form a

2    belief as to the truth of any other allegations in Paragraph 151, and denies those allegations on

3    that basis. The allegations in Paragraph 151 also use vague and ambiguous terms—including

4    "several classes" and "across the United States"—that prevent Defendant from forming a belief

5    about the truth of the allegations, and Defendant denies them on that additional basis. To the

6    extent further response is required, Defendant denies any remaining allegations in the paragraph.

7        152.  The allegations in Paragraph 152 are Plaintiff's characterizations of and contentions

8    about the CTP, the vehicles market, and economic theory, which require no response. Defendant

9    admits that CARB was told in 2024 that some heavy-duty vehicle manufacturers had informed

10    some of their California customers that the manufacturer might require those customers to

11    purchase zero-emission vehicles in order to also purchase internal-combustion vehicles. To the

12    extent further response is required, Defendant denies the remaining allegations in the paragraph.

13        153.  The allegations in Paragraph 153 are Plaintiff's characterizations of and contentions

14    about the CTP and vehicles markets, which require no response. To the extent a response is

15    required, Defendant denies the allegations in the paragraph.

16        154.  The first sentence of Paragraph 154 is Plaintiff's characterization of and contention

17    about the CTP, which requires no response. The CTP speaks for itself and is the best evidence of

18    its contents. As to the second sentence of Paragraph 154, Defendant admits that Class 8 diesel

19    tractors may pull loads of 80,000 lbs. over distances of 1,000 miles or more and that such vehicles

20    can be powered by liquid fuels. The terms "durable high torque" and "low RPM" are vague and

21    ambiguous, preventing Defendant from forming a belief about the truth of those allegations, and

22    Defendant denies the relevant allegations on that basis. The third sentence of Paragraph 154 is

23    Plaintiff's characterizations of and contentions about vehicles markets, which requires no

24    response. To the extent a further response is required, Defendant denies the remaining allegations

25    in the paragraph.

26        155.  The allegations in Paragraph 155 are Plaintiff's characterizations of and contentions

27    about the Class 8 diesel tractor "market," which requires no response. Moreover, the terms

28    "concentrated," "few," "substantial," and "considerable" are vague and ambiguous, preventing

1   Defendant from forming a belief about the truth of those allegations, and Defendant denies the

2   relevant allegations on that basis. To the extent a further response is required, Defendant denies

3   the allegations in the paragraph.

4       156.   Defendant admits that the four manufacturers mentioned in Paragraph 156 produce

5   most of the diesel-powered Class 8 heavy-duty vehicles sold in California. Otherwise, the

6   allegations in Paragraph 155 are Plaintiff's characterizations of and contentions about the Class 8

7   diesel tractor "market," present and future, which requires no response. Moreover, the terms

8   "dominate" and "viable" are vague and ambiguous, preventing Defendant from forming a belief

9   about the truth of those allegations, and Defendant denies the relevant allegations on that basis.

10  To the extent a further response is required, Defendant denies the allegations in the paragraph.

11      157.   Defendant admits that Cummins sells engines for heavy-duty Class 8 vehicles, that

12  Cummins does not itself manufacture or sell those heavy-duty vehicles, and that other

13  manufacturers have sold Class 8 heavy-duty vehicles with Cummins engines. Defendant denies

14  any remaining allegations in the first sentence of Paragraph 157. The second sentence of

15  Paragraph 157 is Plaintiff's contention and requires no response. Defendant lacks sufficient

16  information and knowledge to know whether "Cummins engines *must* be sold" as Plaintiff

17  contends in the third sentence of Paragraph 157, and vague and ambiguous language in that

18  sentence further prevents Defendant from forming a belief about the truth of the third sentence to

19  the extent it contains any factual allegations. To the extent a further response is required,

20  Defendant denies any remaining allegations in the paragraph.

21      158.   The allegations in Paragraph 158 are Plaintiff's beliefs and use language—including

22  "other markets," "affected by" and "concentrated market structures"—that is vague and

23  ambiguous, preventing Defendant from forming a belief about the truth of the allegations, and

24  Defendant denies them on that basis. To the extent a further response is required, Defendant

25  denies the allegations in the paragraph.

26      159.   The allegations in Paragraph 159 are Plaintiff's characterizations of and contentions

27  about what it refers to as "the heavy-duty truck manufacturing market" and about the intentions of

28  state and federal regulations, which requires no response. Moreover, the allegations use several

1  terms—including "substantial," "intensive and sustained," "nearly impossible," "entrant" and

2  "considerable number"—that are vague and ambiguous, preventing Defendant from forming a

3  belief as to the truth of the allegations, and Defendant denies those allegations on that basis. To

4  the extent a further response is required, Defendant denies any remaining allegations in the

5  paragraph.

6  　　　160.   The allegations in Paragraph 160 are Plaintiff's characterizations of and contentions

7  about the CTP, which requires no response. To the extent a response is required, Defendant

8  denies the allegations in the paragraph.

9  　　　161.   The allegations in Paragraph 161 are Plaintiff's characterizations of and contentions

10  about the CTP, or state legal conclusions and argument, which requires no response. To the extent

11  a response is required, Defendant denies the allegations in the paragraph.

12  　　　162.   The allegations in Paragraph 162 are Plaintiff's characterizations of and contentions

13  about Plaintiff's members and the CTP, or state legal conclusions and argument, which requires

14  no response. To the extent a response is required, Defendant denies the allegations in the

15  paragraph.

16  　　　　　　　　　　　　　　　**CLAIMS FOR RELIEF**

17  　　　163.   Defendant incorporates by reference each of his responses to the preceding

18  paragraphs as if fully set forth herein.

19  　　　164.   Paragraph 164 contains argument and legal conclusions, which require no response.

20  Defendant admits that the quoted text appears in the Constitution. The Constitution speaks for

21  itself and provides the best evidence of its contents. To the extent a response is required,

22  Defendant denies the allegations in the paragraph.

23  　　　165.   Paragraph 165 contains argument and legal conclusions, which require no response. It

24  also contains Plaintiff's characterizations of a case, which speaks for itself and is the best

25  evidence of its contents. To the extent a response is required, Defendant denies the allegations in

26  the paragraph.

27  　　　166.   Paragraph 166 contains argument and legal conclusions, which require no response. It

28  also contains Plaintiff's characterizations of a case and a law review article, which speak for

themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

167. Paragraph 167 contains argument and legal conclusions, which require no response. The cited case speaks for itself and provides the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

168. Paragraph 168 contains argument and legal conclusions, which require no response. It also contains Plaintiff's characterizations of a statutory provision, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

169. Defendant admits that EPA has not yet waived Clean Air Act preemption for the addition of the ACF regulation to California's regulatory program. The remaining allegations in Paragraph 169 are argument and legal conclusions, which require no response. To the extent a further response is required, Defendant denies the remaining allegations in the paragraph.

170. Paragraph 170 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

171. Paragraph 171 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

172. Paragraph 172 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

173. Paragraph 173 contains argument and legal conclusions, which require no response. It also contains Plaintiff's characterizations of cases, state law, and a statutory provision, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

174. The first sentence of Paragraph 174 contains argument and legal conclusions, which require no response. Defendant admits that the ACT regulation defines "Zero-emission vehicle" as "an on-road vehicle with a drivetrain that produces zero exhaust emission of any criteria pollutant (or precursor pollutant) or greenhouse gas under any possible operational modes or conditions." Cal. Code Regs., tit. 13, § 1963(c). Defendant also admits that ACT requires

27

increasing sales of such vehicles in California. Defendant admits that ACT has been amended to cross-reference the requirement promulgated as part of ACF that all heavy-duty vehicles sold in California be zero-emission beginning with model year 2036. Defendant denies any remaining allegations in the paragraph.

175. Paragraph 175 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

176. Paragraph 176 contains argument and legal conclusions, which require no response. It also contains Plaintiff's characterizations of dictionary entries, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

177. Paragraph 177 contains argument and legal conclusions, which require no response. It also contains Plaintiff's characterizations of a case and statutory provision, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

178. Paragraph 178 contains argument and legal conclusions, which require no response. It also contains Plaintiff's characterizations of a statutory provision, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in the paragraph.

179. Paragraph 179 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

180. Paragraph 180 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

181. Paragraph 181 contains argument and legal conclusions, which require no response. To the extent a response is required, Defendant denies the allegations in the paragraph.

182. Defendant admits that the commitment made by manufacturers in Appendix D, Paragraph F of the CTP is not the subject of any request for a waiver of preemption made by California to EPA, nor the subject of a state rulemaking. The remaining allegations in Paragraph

1  182 state legal conclusions and argument, which require no response. To the extent further

2  response is required, Defendant denies the allegations in the paragraph.

3  **PRAYER FOR RELIEF**

4      The allegations set forth in Plaintiff's "Prayer for Relief" are conclusions of law for which

5  no responsive pleading is required and which are therefore denied. To the extent the allegations in

6  these paragraphs are deemed in whole or in part to be factual, Defendant denies each and every

7  allegation. Defendant further denies that Plaintiff is entitled to any relief sought on its claim, or

8  any other relief.

9  **AFFIRMATIVE AND OTHER DEFENSES**

10  **FIRST AFFIRMATIVE DEFENSE**

11  (Lack of Subject-Matter Jurisdiction)

12      As a separate and distinct affirmative defense to the Complaint, Defendant is informed and

13  believes, and on that basis alleges, that this Court lacks subject-matter jurisdiction over Plaintiff's

14  claim.

15  **SECOND AFFIRMATIVE DEFENSE**

16  (Lack of Standing)

17      As a separate and distinct affirmative defense to the Complaint, Defendant is informed and

18  believes, and on that basis alleges, that Plaintiff lacks standing to pursue its claim.

19  **THIRD AFFIRMATIVE DEFENSE**

20  (Sovereign Immunity)

21      As a separate and distinct affirmative defense to the Complaint, Defendant is informed and

22  believes, and on that basis alleges, that Plaintiff's claim is barred by sovereign immunity in whole

23  or in part.

24  **FOURTH AFFIRMATIVE DEFENSE**

25  (Laches)

26      As a separate and distinct affirmative defense to the Complaint, Defendant is informed and

27  believes, and on that basis alleges, that Plaintiff unreasonably delayed in filing suit, and that the

28  delay has prejudiced Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

As a separate and distinct affirmative defense to the Complaint, Defendant is informed and believes, and on that basis alleges, that Plaintiff failed to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

(Reservation of Right to Assert Additional Defenses)

As a separate and distinct affirmative defense to the Complaint, Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to particularize its claims, or that Defendant's lack of knowledge of the circumstances surrounding Plaintiff's claims prevents Defendant from asserting all applicable defenses at this time. Upon further particularization of the claim by Plaintiff or upon discovery of further information concerning the claim, Defendant reserves the right to assert additional defenses.


Dated:  December 5, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General


*/s/ Benjamin Lempert*
BENJAMIN LEMPERT
Deputy Attorney General
*Attorneys for Defendant*

OK2024305825

30

Defendant Steven S. Cliff's Answer to Third Amended Complaint (2:25-cv-03255-DC-AC)