1  Michael Buschbacher*
   James R. Conde*
2  Laura B. Ruppalt*
   Nicholas A. Cordova*
3  Boyden Gray PLLC
   800 Connecticut Avenue NW, Suite 900
4  Washington, D.C. 20006
   (202) 955-0620
5  mbuschbacher@boydengray.com
   jconde@boydengray.com
6  lruppalt@boydengray.com
   ncordova@boydengray.com
7
   * Pro hac vice
8
   Counsel for Plaintiff
9
    ROB BONTA, State Bar No. 202668
10  Attorney General of California
    MYUNG J. PARK, State Bar No. 210866
11  Supervising Deputy Attorney General
    BENJAMIN P. LEMPERT, State Bar No. 344239
12  M. ELAINE MECKENSTOCK, State Bar No. 268861
    DAVID M. MEEKER, State Bar No. 273814
13  JONATHAN A. WIENER, State Bar No. 265006
    CECILIA D. SEGAL, State Bar No. 310935
14  Deputy Attorney General
      455 Golden Gate Avenue, Suite 11000
15    San Francisco, CA 94102-7004
      Telephone:  (415) 510-3545
16    Fax:  (415) 703-1107
      E-mail: cecilia.segal@doj.ca.gov
17
    Attorneys for Defendant
18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

EASTERN DISTRICT OF CALIFORNIA

3

4   AMERICAN FREE ENTERPRISE            ) No. 2:25-cv-03255-SCR_____
    CHAMBER OF COMMERCE,                )
5                                       )
            Plaintiff,                  ) **JOINT PROPOSED**
6                                       ) **BRIEFING SCHEDULE AND**
                                        ) **STATUS REPORT**
7           v.                          )
                                        )
8   STEVEN S. CLIFF, in his official capacity as )
    the Executive Officer of the California Air )
9   Resources Board,                    )
                                        )
10          Defendant.                  )
                                        )
11  _____ )
                                        )
12                                      )
                                        )
13

14          Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Initial Case Management

15  Order (ECF No. 161) and December 8, 2025,] Minute Order (ECF No. 163), Plaintiff American

16  Free Enterprise Chamber of Commerce (AmFree) and Defendant Steven S. Cliff (Defendant Cliff)

17  submit this joint proposed briefing schedule and joint status report, which includes the Rule 26(f)

18  discovery plan.[1]

19                              **Procedural Background**

20     1.   On December 16, 2024, AmFree filed this suit in the U.S. District Court for the Northern

21  District of Illinois alleging that Section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a), preempts

22  Defendant's "Clean Truck Partnership" with heavy-duty truck manufacturers. *See* ECF No. 1.

23     2.   On August 13, 2025, the United States filed a motion to intervene as a Plaintiff, a proposed

24  complaint in intervention, and a motion to set a briefing schedule on a potential preliminary

25

26  _____

27  [1] AmFree and Defendant Cliff have also met and conferred with the United States and U.S.
    Environmental Protection Agency (United States), whose motion to intervene remains pending,
28  regarding this joint status report. They have agreed to include the United States' position where
    appropriate.

1    injunction motion. ECF No. 121. The proposed complaint in intervention alleges two causes of

2    action: that the Clean Truck Partnership is preempted and that certain regulatory amendments to

3    California's vehicle emissions program are preempted. *See id.* Defendant Cliff opposed

4    intervention and contended that the United States' motion to set a briefing schedule was premature.

5    *See* ECF No. 132.

6        3.   On August 14, 2025, Defendant Cliff filed a motion to dismiss AmFree's complaint for

7    lack of jurisdiction or else to transfer the case to this Court. ECF No. 125.

8        4.   On November 7, 2025, the U.S. District Court for the Northern District of Illinois denied

9    the motion to dismiss but granted the motion to transfer. ECF No. 145. The court did not rule on

10   the United States' motion to intervene. Defendant Cliff continues to oppose the motion following

11   transfer to this Court. *See* ECF No. 152.

12       5.   On November 26, 2025, this case was reassigned to the Judge currently presiding over this

13   case because the related case, *Daimler Truck North America v. California Air Resources Board*,

14   No. 2:25-cv-02255-DC-AC (E.D. Cal. filed Aug. 11, 2025) (*Daimler*), was already pending before

15   her. ECF No. 160. The United States is an Intervenor-Plaintiff in that case and raised the same

16   claims there that it proposes to raise here. *See* ECF No. 152 at 2-3. On October 31, 2025, in the

17   related *Daimler* case, this Court preliminarily enjoined implementation and enforcement of the

18   Clean Truck Partnership. *Id.* at 3. On November 18, 2025, in that case, the parties completed

19   briefing on the California defendants' motions to dismiss one or more defendants and one or more

20   claims from each of the two complaints. *Id.*

21       6.   On December 5, 2025, in this case, Defendant Cliff filed an answer to the operative

22   complaint. ECF No. 162.

23                              **Joint Proposed Briefing Schedule**

24       AmFree intends to file a motion for judgment on the pleadings or in the alternative for

25   summary judgment to, in its view, resolve this case expeditiously and at low cost. *See* Fed. R. Civ.

26   P. 12(c). Defendant Cliff is considering a cross-motion. The parties have accordingly agreed to the

27   following briefing schedule:

28   //

| Date: | Filing: |
|-------|---------|
| February 9, 2026 | Plaintiff's motion |
| March 27, 2026 | Defendant's opposition and any cross-motion |
| April 24, 2026 | Plaintiff's reply and opposition to any cross-motion |
| May 8, 2026 | Defendant's reply to any cross-motion |
| May 29, 2026 | Hearing |

It is AmFree's position that this Court should promptly decide the pending Motion to Intervene by the United States, ECF No. 121, before January 12, 2026, so that, if the motion is granted, the United States has time to participate as intervenor-plaintiff according to the same deadlines applicable to AmFree.[2]

It is Defendant Cliff's position that the United States' pending motion to intervene should be denied and that the schedule proposed above is agreed to only for AmFree's motion and Defendant Cliff's potential cross-motion. Given that the United States' proposed complaint in intervention would add a second claim to the case and that the United States intends to file its own dispositive motion if its motion to intervene is granted, it is premature for the parties to incorporate the United States into a proposed briefing schedule now. Rather, the parties should meet and confer regarding the United States' participation if and when its motion is granted.

### Joint Status Report

**(a) A brief summary of the claims and legal theories under which recovery is sought or liability is denied:**

**Plaintiff:** AmFree seeks a declaratory judgment that the Defendant's "Clean Truck Partnership" (CTP) with heavy-duty truck manufacturers is null and void because Section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a), preempts it as an "attempt to enforce" state motor

---

[2] AmFree represents that the United States agrees with this position and would consent to the above briefing schedule if its motion to intervene were granted by January 19, 2026. The United States has conveyed to the parties that, if its Motion to Intervene is granted after January 19, 2026, it might seek a modified briefing schedule.

vehicle emission standards. AmFree also seeks a permanent injunction against enforcement of the CTP. The CTP purports to require manufacturers to comply with certain California Air Resources Board rules that regulate emissions of new heavy-duty vehicles in the state, even if California lacks legal authority to otherwise enforce those rules and even though those rules lack a valid waiver, as required to avoid preemption under Section 209(a). *See* 42 U.S.C. § 7543(b) (permitting a waiver of Clean Air Act preemption).

**Defendant:** Defendant Cliff intends to contend that AmFree lacks standing to challenge the CTP—an agreement to which neither it nor its members are parties—because it cannot establish that any of its members faces a sufficiently concrete, impending injury caused by performance of the CTP. Defendant Cliff also intends to contend that the CTP is not preempted by the Clean Air Act because it does not impose, or attempt to impose, requirements on manufacturers through regulation. The CTP is an agreement in which manufacturers voluntarily agreed to sell cleaner vehicles in California in exchange for valuable consideration, and voluntary agreements are not "standards" or other regulations preempted by the Clean Air Act. 42 U.S.C. § 7543(a).

**(b) Status of service upon all defendants and cross-defendants:**

Defendant Cliff waived service of process on January 31, 2025. ECF No. 26. There are no other defendants or cross-defendants in the case at this time.

**(c) Possible joinder of additional parties:**

None at this time, but there is a pending motion by the United States to intervene as a plaintiff. ECF No. 132.

**(d) Contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses:**

None at this time.

**(e) The statutory basis for jurisdiction and venue:**

Plaintiff asserts that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. Defendant Cliff intends to assert that the Court lacks subject-matter jurisdiction because AmFree lacks Article III standing to sue. Venue is proper in this Court under 28 U.S.C.

§ 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of California.

**(f) Anticipated discovery and the scheduling of discovery, including:**

      **i.   What changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held:**

The parties agree that disclosure under Rule 26(a) should be postponed until after this Court rules on Plaintiff's forthcoming motion for judgment on the pleadings or in the alternative for summary judgment, and Defendant Cliff's cross-motion(s), if any, which the parties propose to expeditiously brief according to the schedule set forth above. Defendant Cliff, however, reserves his right to move for discovery under Rule 56(d) after seeing any motion for summary judgment filed by any party.

The parties will meet and confer on discovery pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on Rule 26(a) disclosures then.

      **ii.   The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases:**

Because the motion or cross-motion might render discovery unnecessary, the parties agree that no discovery requests will be served until after this Court rules on the motion or cross-motion, unless authorized by this Court under Rule 56(d).

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on the schedule for discovery if necessary.

      **iii.   What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed:**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on the limitations applicable to discovery if necessary.

      **iv.**    **The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on the timing of the disclosure of expert reports if necessary.

      **v.**    **Proposed dates for discovery cutoff:**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on the timing of the close of discovery if necessary.

**(g) Contemplated dispositive or other motions and a proposed date by which all nondiscovery motions shall be filed:**

Plaintiff contemplates filing a motion for judgment on the pleadings or in the alternative for summary judgment by February 9, 2026. The parties have proposed a schedule above for Plaintiff's intended motion and for Defendant's possible cross-motion. The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on the timing for other dispositive motions if necessary.

**(h) Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702:**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will file a second status report on methods to avoid unnecessary proof and cumulative evidence if necessary.

**(i) A proposed date for final pretrial conference:**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will submit a proposed date for a final pretrial conference if necessary.

**(j)  A proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury:**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will submit a proposed date for a trial if necessary. No party has demanded a jury.

**(k) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c):**

None. The parties do not agree to try the matter before a magistrate judge.

**(l)  Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

The parties will meet and confer pursuant to Rule 26(f) after this Court rules on the motion or cross-motion, if any, and will submit proposed modifications to standard pretrial procedures if necessary.

**(m) Whether the case is related to any other case pending in this district, including the bankruptcy court of this district:**

This case is related to a case pending in this district: *Daimler Truck North America v. California Air Resources Board*, No. 2:25-cv-02255-DC-AC (E.D. Cal. filed Aug. 11, 2025), as described above and in Defendant Cliff's Notice of Related Case and Plaintiff's Response. ECF Nos. 152, 154.

**(n) Optimal timing and method for settlement discussions, including whether a court convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d):**

The parties are not able to resolve their dispute through settlement discussions or voluntary dispute resolution.

1     **(o) Any other matters that may be conducive to the just and expeditious disposition**

2        **of the case:**

3     None.

4                                              ***

5     The parties are satisfied to have the Court issue a scheduling order based upon review of

6  this joint status report.

7
   Dated:  January 5, 2026                    Respectfully submitted,
8
                                              */s/ Nicholas A. Cordova*
9                                             Michael Buschbacher*
                                              James R. Conde*
10                                            Laura B. Ruppalt*
                                              Nicholas A. Cordova*
11                                            Boyden Gray PLLC

12                                            *\* pro hac vice*

13                                            *Counsel for Plaintiff*

14
                                              ROB BONTA
15                                            Attorney General of California
                                              MYUNG J. PARK
16                                            Supervising Deputy Attorney General

17
                                              */s/ Cecilia D. Segal*
18                                            CECILIA D. SEGAL
                                              Deputy Attorney General
19
                                              *Attorneys for Defendant*
20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record via CM/ECF.

Dated: January 5, 2026                                    _/s/ Nicholas A. Cordova_
                                                          Nicholas A. Cordova