Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, <br><br> Defendant. | No. 2:25-cv-03255-DC-AC <br><br> **PLAINTIFF AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE'S STATEMENT OF UNDISPUTED FACTS** |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260(a), Plaintiff American Free Enterprise Chamber of Commerce ("AmFree"), by and through undersigned counsel, hereby submits a concise Statement of Undisputed Material Facts.[1]

1. Defendant Steven S. Cliff is the Executive Officer of the California Air Resources Board ("CARB") and its highest-ranking administrative officer. Third Am. Compl. ¶ 40 ("Compl."), ECF No. 142; Cliff's Answer ¶ 40 ("Ans."), ECF No. 162.

2. On July 5, 2023, Cliff executed the "Clean Truck Partnership" agreement (the "Partnership") with the Truck & Engine Manufacturers Association and Cummins Inc.; Daimler Truck North America; Ford Motor Co.; General Motors Co.; Hino Motors Limited, Inc.; Isuzu Technical Center of America, Inc.; Navistar, Inc.; PACCAR Inc.; Stellantis N.V.; and Volvo Group North America. Compl. ¶¶ 2–3, 100; Ans. ¶¶ 2–3, 100.

3. A true and correct copy of the Partnership is attached as Exhibit A to Plaintiff's complaint. Compl., Ex. A, ECF No. 142-2; Compl. ¶¶ 2–3, 100; Ans. ¶¶ 2–3, 100.

4. The Partnership purports to require on-road medium- and heavy-duty motor vehicle manufacturers to comply with certain California regulations adopted by CARB, including CARB's Advanced Clean Trucks ("ACT") regulation, the Omnibus Low $NO_x$ ("Omnibus") regulation, and the Advanced Clean Fleets ("ACF") requirement codified in Cal. Code Regs. tit. 13, § 2016(c). Compl., Ex. A at 10–11; Ans. ¶¶ 92, 94.

5. The Partnership aims to ensure, in part, that these regulations will "achieve significant reductions of air pollutants from [on-road heavy-duty vehicles]." Compl., Ex. A at 2.

6. The Partnership aims to ensure, in part, a "transition of the [on road heavy-duty] commercial vehicle industry to zero-emissions." Compl., Ex. A at 2.

7. EPA initially granted a waiver of Clean Air Act preemption for the ACT rule in 2023. Compl. ¶ 63; Ans. ¶ 63; 88 Fed. Reg. 20,688 (Apr. 6, 2023).

8. Congress and the President enacted joint resolutions disapproving the waiver for the ACT rule in June 2025. Compl. ¶ 72; Ans. ¶ 72; Pub. L. No. 119-15, 139 Stat. 65 (2025).

---

[1] Page numbers for citations to documents on this docket refer to ECF pagination.

9. EPA initially granted a waiver of Clean Air Act preemption for the Omnibus rule in early 2025. Compl. ¶ 86; Ans. ¶ 86; 90 Fed. Reg. 643 (Jan. 6, 2025).

10. Congress and the President enacted joint resolutions disapproving the waiver for the Omnibus rule in June 2025. Compl. ¶ 90; Ans. ¶ 90; Pub. L. No. 119-17, 139 Stat. 67 (2025).

11. EPA has not granted a waiver of Clean Air Act preemption for California to implement the ACF requirement codified in Cal. Code Regs. tit. 13, § 2016(c). Compl. ¶¶ 95, 97, 169; Ans. ¶¶ 95, 97, 169.

12. New motor vehicles equipped with internal-combustion engines do not qualify as "zero-emissions vehicles" under the ACT or ACF rules because unlike battery-electric vehicles, they have exhaust emissions. *See* Cal. Code Regs. tit. 13, §§ 1963.1, 2016(c). Compl. ¶¶ 52, 53, 174; Ans. ¶¶ 52, 53, 174; Compl., Ex. E at 3–4 ("Collins Decl."), ECF No. 142-6.

13. The ACT and ACF regulations would reduce the market share of new medium- and heavy-duty motor vehicles equipped with internal-combustion engines. Collins Decl. at 3–4, 6.

14. It is a basic economic principle that reduced supply leads to increased prices for consumers. Collins Decl. at 6–7.

15. Prices for some heavy-duty motor vehicles have increased since July 2023, when the Partnership was fully executed. Compl. ¶¶ 6, 151; Ans. ¶¶ 6, 151.

16. CARB's official website summarizing ACT credits shows the total number of tractors and "ZEV" tractor sales. *Compare ACT 2023 Summary*, CARB (May 22, 2024), https://perma.cc/VLV4-2XC4, *with ACT 2024 Summary*, CARB (July 8, 2025), https://perma.cc/R4V7-LTDD.

17. In model year 2023, manufacturers produced and delivered 12,863 tractors for sale in California, of which 354 were ZEVs. *ACT 2023 Summary*, *supra*. [2]

18. In model year 2024, manufacturers produced and delivered 2,623 tractors for sale in California, of which 422 were ZEVs. *ACT 2024 Summary*, *supra*.

---

[2] This Court has already taken judicial notice of this website. *Daimler Truck N. Am. LLC v. CARB*, No. 2:25-cv-2255, 2025 WL 3049944, at *13 n.21 (E.D. Cal. Oct. 31, 2025).

19. CARB was informed by heavy-duty motor vehicle manufacturers that they would implement California's regulations by requiring motor vehicle dealers to purchase electric vehicles. Compl. ¶ 152; Ans. ¶ 152.

20. Plaintiff AmFree is a 501(c)(6) membership organization founded in 2022. Compl. ¶ 27; Ans. ¶ 27.

21. AmFree's members include companies that own, operate, sell, or lease medium- and heavy-duty vehicles. Collins Decl.; *see also* Compl., Ex. B ("Meiborg Decl."), ECF No. 142-3; Compl., Ex. C ("Riggan Decl."), ECF No. 142-4; Compl., Ex. D ("DeMartini Decl."), ECF No. 142-5.

22. AmFree's fleet members generally would prefer to purchase internal-combustion vehicles and do not believe that electric vehicles are suitable for their business needs. Collins Decl. at 6–7; *see, e.g.*, Meiborg Decl. at 4–6; Riggan Decl. at 3–4.

23. Some AmFree members sell heavy-duty vehicles at retail. Collins Decl. at 6; DeMartini Decl. at 3–4.

24. AmFree member DeMartini RV sells motor homes in California, including motor homes equipped with RV chassis regulated under the ACT and Omnibus rules. DeMartini Decl. at 3–4, 7.

25. "There are presently no electric powertrain options for RV chassis" in California. DeMartini Decl. at 7.

26. Enforcement of the Partnership will constrain the supply of RV chassis, and thus motorhomes, limiting DeMartini RV's inventory, increasing motor home prices and decreasing DeMartini RV's retail sales. DeMartini Decl. at 7–10.

27. DeMartini RV has already experienced chassis supply restrictions and higher prices from suppliers following the Partnership. DeMartini Decl. at 8–9.

Dated:  April 1, 2026

Respectfully submitted,

/s/ *James R. Conde*
Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Ave. NW,
 Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydegray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that counsel of record were served a copy of this document via the Court's CM/ECF system this 1st day of April, 2026.

/s/ *James R. Conde*
James R. Conde