ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JOHN K. ADAMS
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-9737
robert.stander@usdoj.gov
john.adams3@usdoj.gov
david.mitchell@usdoj.gov

ERIC GRANT
*United States Attorney*
501 I Street, Suite 10-100
Sacramento, California 95814
United States Department of Justice
(916) 554-2700

*Counsel for the United States*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, | No. 2:25-cv-03255-DC-AC |
| Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | **THE UNITED STATES' ADMINISTRATIVE MOTION FOR EXPEDITED RULINGS ON ITS MOTIONS TO INTERVENE (DKT. 121) AND FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT (DKT. 169)** |
| Intervenors-Plaintiffs. | |
| v. | |
| STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, | |
| Defendant. | |

United States' Administrative Mot. for Expedited Rulings

Pursuant to Civil Local Rule 233, Federal Rule of Civil Procedure 78, and the Court's inherent authority, movants intervenor-plaintiffs the United States of America and the United States Environmental Protection Agency (together, the "United States") request that this Court expedite the ruling on the United States' motions (1) to intervene (Dkt. 121) and (2) for leave to file a motion for summary judgment (Dkt. 169). Counsel for the United States met and conferred with counsel for Plaintiff and Defendant on May 19, 2026. Plaintiff consents to the relief requested in this motion; Defendant opposes the relief requested in this motion.

**I.    Background**

Plaintiff American Free Enterprise Chamber of Commerce ("AmFree") filed this case challenging the Clean Truck Partnership ("CTP") on December 16, 2024, in the Northern District of Illinois. *See* Dkt. 1. In its initial complaint, AmFree named as defendants the parties to the CTP: Steven S. Cliff, in his official capacity as the executive officer of the California Air Resources Board, and several private parties. AmFree subsequently amended its complaint three times. *See* Dkts. 14, 104, 142. In its third amended complaint, AmFree removed the private party defendants as it had reached a confidential resolution with them, *see* Dkt. 142-1, leaving Cliff as the only defendant.

On August 13, 2025, the United States moved to intervene in support of AmFree. Dkt. 121. Cliff opposed. Dkt. 132.

The day after the United States filed its motion to intervene, Cliff filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss for improper venue or to transfer the case to a district court in California. Dkt. 125. Before ruling on the United States' motion, the court in the Northern District of Illinois denied Cliff's motion to dismiss for lack of personal jurisdiction or, in the alternative, improper venue, but granted the request to transfer the case to California. Dkt. 145.

The case was reassigned to this Court because a related case, *Daimler Truck North America LLC v. California Air Resources Board*, No. 2:25-cv-02255-DC-AC (E.D. Cal. filed Aug. 11, 2025) ("*Daimler*"), was already pending here. Dkt. 160. The Court subsequently ordered the parties to file a joint status report. Dkt. 163. In their report, the parties noted that the United States'

motion to intervene was still pending; AmFree asked that the Court promptly decide the pending motion, while Cliff argued that the motion should be denied. Dkt. 164. In a minute order, the Court stated that in the order ruling on the United States' motion, the Court would set a deadline for the parties to file a joint status report regarding scheduling. Dkt. 165.

On April 1, 2026, AmFree filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. Dkt. 166. The United States filed a motion for leave to file a summary judgment motion later that month, Dkt. 169, which Cliff opposed, Dkt. 172. AmFree and Cliff subsequently filed a stipulation and proposed order setting a briefing schedule, Dkt. 170, which the Court granted: Cliff must file his opposition and cross-motion by May 27, 2026, Plaintiff must file its reply and opposition to the cross-motion by June 24, 2026, and Cliff must file his reply by July 22, 2026, Dkt. 171.

Meanwhile, the United States' motions to intervene and to file a motion for summary judgment remain pending.

## II.    The Court Should Expedite Its Rulings on the United States' Pending Motions

The Court should expedite its rulings on the United States' motion to intervene and its motion to file a summary judgment motion so that it can participate in the ongoing summary judgment briefing. *See* Dkt. 171. AmFree has filed its dispositive motion, and Cliff's opposition and cross-motion are due on May 27. *See id.* Absent an expedited ruling on the United States' pending motions, the resolution of this case will be delayed while the United States' party status is resolved. And in the meantime the United States will be deprived of its ability to advocate to protect its sovereign interest in the uniform nation emissions standard for motor vehicles and the administration of the Clean Air Act. *See* Dkt. 169-2 at 11–12 (describing injury to the United States' sovereign interests). As noted in the United States' motion for leave to file a motion for summary judgment, granting the United States' request will not prejudice Cliff, as the arguments substantially overlap with those raised by the United States in *Daimler*, *see* Dkt. 169 ¶ 6, as well as AmFree in this case.

None of Cliff's arguments opposing either motion withstands scrutiny. First, Cliff asserts that allowing the United States to file a summary judgment motion would disrupt the briefing

schedule because other California defendants must brief *more* issues in *Daimler*. *See* Dkt. 172 at 3. This argument makes no sense: the more streamlined nature of this proceeding means briefing is easier, not harder, as Cliff only needs to respond to a subset of the arguments raised in *Daimler*.

Second, Cliff contends that this Court should deny the United States' motion to intervene because it is pursuing the same claims in *Daimler*. *Id.* at 4–5. But these are not cases in which a private party is seeking a specific sum of money that it can pursue in an alternative forum without prejudicing its interest. *See CFTC v. Heritage Cap. Advisory Servs., Ltd.*, 736 F.2d 384 (7th Cir. 1984) (cited in Dkt. 172 at 4). Rather, the United States seeks to protect its sovereign interests in the uniform nation emissions standard for motor vehicles and the administration of the Clean Air Act. And if the United States were not permitted to intervene and seek dispositive relief, its interests could be impaired. As Cliff notes, this case presents fewer distinct legal and factual issues than *Daimler*, Dkt. 172 at 4; the Court could easily resolve this case first, which would necessarily have an impact on *Daimler* and the United States' claims in that case. And in any event, even Cliff acknowledges that the United States may intervene to defend the constitutionality of a statute, *see* Dkt. 132 at 7 n.1. The United States is entitled to full party status as of right under Federal Rule of Civil Procedure 24(a). Dkt. 121. Defendant Cliff intends to certify a constitutional question in this case under 28 U.S.C. § 2403, which provides the United States a further right to intervene in this case. *See* Declaration of David Mitchell, Ex. 1. There is no reason to delay permitting the United States to intervene.

Cliff's other authorities are even further afield. There is no suggestion that the United States is engaging in claim splitting. *See EEOC v. Fresh Venture Foods, LLC*, No. 21-cv-07679, 2022 WL 3137722, at *4 (C.D. Cal. May 24, 2022) (denying intervention on that basis). And in *Johnson v. Cates*, the Magistrate Judge concluded that two virtually identical cases were related, and assigned one to the district judge presiding over the other action. Nos. 1:23-cv-00361, 1:23-cv-00437, 2024 WL 2834383, at *2 (E.D. Cal. June 4, 2024). Here, both this case and *Daimler* are already proceeding before this Court.

United States' Administrative Mot. for Expedited Rulings                                           3

## III.    Conclusion

For the foregoing reasons, this Court should expedite a ruling on the United States' motions for intervention and to file a motion for summary judgment.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

/s/ David Mitchell
JOHN K. ADAMS

ERIC GRANT                          DAVID D. MITCHELL
*United States Attorney*            United States Department of Justice
EDWARD A. OLSEN                     Environment & Natural Resources Div.
Assistant United States Attorney    P.O. Box 7611
501 I Street, Suite 10-100          Washington, D.C. 20044-7611
Sacramento, California 95814        (202) 598-9737
(916) 554-2821                      robert.stander@usdoj.gov
                                    john.adams3@usdoj.gov
                                    david.mitchell@usdoj.gov