ROB BONTA
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
DAVID M. MEEKER, State Bar No. 273814
JONATHAN A. WIENER, State Bar No. 265006
CECILIA D. SEGAL, State Bar No. 310935
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3545
  Fax:  (415) 703-1107
  E-mail:  cecilia.segal@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,**<br><br>                                    Plaintiff,<br><br>              **v.**<br><br>**STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**,**<br><br>                                    Defendant. | 2:25-cv-03255-DC-AC<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE OFFERED FOR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:         Hon. Dena Coggins<br>Trial Date:    None Set<br>Action Filed:  December 16, 2024 |

Def.'s Objections to Evidence re Pl.'s Mot. for Summ. J. (2:25-cv-03255-DC-AC)

In the event the Court construes the cross-motions for judgment on the pleadings as cross-motions for summary judgment, Defendant Steven S. Cliff, in his official capacity as the Executive Officer of the California Air Resources Board (Defendant Cliff), respectfully submits the following objections to evidence submitted by Plaintiff American Free Enterprise Chamber of Commerce (AmFree) in support of summary judgment pursuant to Federal Rule of Civil Procedure 56(c)(2).

**A.    Meiborg and Riggins Declarations, ECF Nos. 142-3 and 142-4**

1. These declarants offer inadmissible legal argument and conclusions, as well as speculative and conclusory statements, in the following:

- The sentences in paragraphs 4 offering the declarants' opinions about the attributes of electric trucks
- Paragraphs 6
- The first two sentences of paragraphs 7
- Paragraphs 8-10

2. These declarants also offer inadmissible hearsay in the last sentences of paragraph 7. These declarants do not claim to purchase vehicles directly from manufacturers, so their claim about requirements manufacturers are supposedly imposing on their customers must be based on hearsay.

**B.    DeMartini Declaration, ECF No. 142-5**

1. This declarant offers inadmissible legal conclusions, as well as speculation and conclusory statements, in the following:

- Paragraph 2
- The final sentence of Paragraph 3
- The first two sentences of Paragraph 6, specifically the opinion about what is "significant" or "imperative" to customers
- Paragraphs 9, 10, 12 and the last sentence of paragraph 11 (which also purport to offer inadmissible legal conclusions)
- The second and third sentences of paragraph 13
- Paragraphs 14-17

2. This declarant also offers inadmissible hearsay in paragraphs 14 and 15.

1

**C.    Collins Declaration, ECF No. 142-6**

1. This declarant offers inadmissible legal conclusions, as well as speculation and conclusory statements, in the following:

- Paragraphs 3-6 (which also purport to offer inadmissible legal conclusions)
- Paragraph 7-11

2. This declarant also offers inadmissible hearsay in paragraphs 7-10.

*    *    *

District courts commonly strike "portions of declarations, as well as entire declarations[,] where the[y] contained improper argument that should have been included in a memorandum of points and authorities, rather than a declaration." *Fuchs v. State Farm Gen. Ins. Co.*, No. CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017); *see also Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016) ("Legal arguments should be presented in a party's moving … briefing, not in its supporting declarations.").

Likewise, "anecdotal speculation and supposition are not a substitute for evidence." *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1175 (9th Cir. 2016); *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

Finally, "[s]upporting and opposing affidavits" on motions for summary judgment "shall be made on personal knowledge" and "set forth such facts as would be admissible in evidence." *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). Thus, statements that "lack foundation and constitute hearsay" are accorded "no weight." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 874 n.1 (9th Cir. 2002); *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) ("Because the affidavit was not based on personal knowledge and because it relied on inadmissible hearsay testimony, the district court properly rejected it.").

For these reasons, Defendant Cliff respectfully requests that the Court sustain his objections and strike the identified portions of the Meiborg, Riggan, DeMartini, and Collins declarations.

2

Dated:  May 27, 2026

Respectfully submitted,

Rob Bonta
Attorney General of California
Myung J. Park
Acting Supervising Deputy
Attorney General


*/s/ Cecilia D. Segal*
Cecilia D. Segal
Deputy Attorney General

*Attorneys for Defendant*

3