# Exhibit 5



**U.S. GOVERNMENT ACCOUNTABILITY OFFICE**

**441 G St. N.W.**
**Washington, DC 20548**

B-337179

March 6, 2025

Congressional Requesters

Subject:  *Observations Regarding the Environmental Protection Agency's Submission of Notices of Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act*

This letter responds to your request for a legal decision as to whether the Environmental Protection Agency's (EPA) Clean Air Act preemption waivers and Notices of Decision that EPA submitted as rules to Congress and GAO in late February 2025[1] are rules subject to the Congressional Review Act (CRA).[2]  Our regular practice is to issue decisions on actions that agencies have not submitted to Congress as rules under CRA in order to further the purposes of CRA by protecting Congress's CRA review and oversight authorities.[3]  In this case, we are presented with a different situation because the actions were submitted as rules under the CRA, and it is not one in which we normally issue a legal decision.  However, we do have prior caselaw that addressed the applicability of CRA to Clean Air Act preemption waivers, B-334309, Nov. 30, 2023, and EPA's recent submission is inconsistent with this caselaw.  Therefore, we are providing you with our views and analysis of preemption waivers under the Clean Air Act that may be helpful as Congress considers how to treat these Notices of Decision and the application of CRA procedures.

---

[1] Email from Director, Regulatory Management Division, EPA, to GAO CRA Rules Mailbox, *Subject: Electronic Delivery of USEPA Final Actions to GAO under the Congressional Review Act (CRA) – [0 major and 3 non-major actions (02-19-2025)]* (Feb. 19, 2025) (EPA Initial Submission).

[2] Letter from Senators Sheldon Whitehouse, Alex Padilla, and Adam B. Schiff to the Comptroller General (Feb. 21, 2025) (Request Letter).

[3] GAO does not issue formal decisions on actions that agencies have submitted to Congress as rules under CRA because that submission generally obviates the need for a GAO decision on the matter.  *See* B-330376, Nov. 30, 2018 (explaining that when a rule is submitted to Congress, Congress has an opportunity to review the rule and pass a joint resolution of disapproval to void the rule (*see* 5 U.S.C. § 802) and there is no impediment that a GAO decision might cure).

As background to these issues, we issued a legal decision concluding that a Clean Air Act preemption waiver was not a rule subject to CRA but was instead an adjudicatory order.  *See* B-334309, Nov. 30, 2023.  Furthermore, we explained that even if the waiver were to satisfy the APA definition of a rule, it would be considered a rule of particular applicability and, therefore, would still not be subject to CRA's submission requirement because of CRA's exclusions.  *Id.*

For the three Notices of Decision announcing the waivers at issue here, EPA stated that the Notices of Decision were not rules under CRA, and, in the underlying decision documents for two of those notices, cited to our 2023 decision in support of that statement.  However, EPA submitted them as rules to GAO and Congress without any explanation of this discrepancy.

We reached out to EPA on February 20, 2025, for clarification on the submission of the Notices of Decision at issue here because the notices themselves stated that CRA did not apply.[4]  After receiving your request, we followed our regular procedure[5] and sent a formal letter to EPA on February 25, 2025, seeking factual information and the agency's legal views on this matter.[6]  Although EPA resubmitted the Notices of Decision to GAO on February 27, 2025, with additional information in the corresponding CRA reports, the agency still did not address the statements in the notices regarding the inapplicability of the CRA,[7] and, to date, EPA has not further responded to our letter.

As explained more fully below, our view is that the analysis and conclusions in our 2023 Clean Air Act preemption waiver decision would also apply to the Notices of Decision recently submitted as rules to Congress by EPA.

---

[4] Email from Senior Attorney, GAO, to Director, Regulatory Management Division, EPA, *Subject: RE: Electronic Delivery of USEPA Final Actions to GAO under the Congressional Review Act (CRA) – [0 major and 3 non-major actions (02-19-2025)]* (Feb. 20, 2025).

[5] GAO, *GAO's Protocols for Legal Decisions and Opinions*, GAO-24-107329 (Washington, D.C.: Feb. 2024), *available at* https://www.gao.gov/products/gao-24-107329.

[6] Letter from Assistant General Counsel for Appropriations Law, GAO, to Principal Deputy General Counsel, EPA (Feb. 25, 2025).

[7] Email from Director, Regulatory Management Division, EPA, to GAO CRA Rules Mailbox, *Subject: Electronic Delivery of USEPA Final Rules to GAO under the Congressional Review Act (CRA) – [0 major and 3 non-major rules (02-27-2025)]* (Feb. 27, 2025) (EPA Resubmission).

BACKGROUND

Clean Air Act

The Clean Air Act generally preempts states from adopting or enforcing emission control standards for new motor vehicles or new motor vehicle engines.  *See* 42 U.S.C. § 7543(a); B-334309, Nov. 30, 2023.  However, the Clean Air Act requires the EPA Administrator to grant a waiver of preemption for a state that adopted a standard prior to March 30, 1966, if the state determined its standard will be, in the aggregate, at least as protective of public health and welfare as applicable federal standards.  42 U.S.C. § 7543(b); B-334309, Nov. 30, 2023.  Only California can qualify for preemption waivers under this section because it is the only state that adopted a standard prior to March 30, 1966.  B-334309, Nov. 30, 2023.

The EPA Administrator must approve the waiver unless the Administrator makes any one of three findings set forth in the statute:  (1) the determination of the state is arbitrary and capricious; (2) the state does not need state standards to meet compelling and extraordinary conditions; or (3) the state standards and accompanying enforcement procedures are not consistent with 42 U.S.C. § 7521(a) (EPA standards for emissions from new motor vehicles or new motor vehicle engines).  42 U.S.C. § 7543(b)(1)(A)–(C); B-334309, Nov. 30, 2023.

When the EPA Administrator receives a waiver request, they must provide notice of a public hearing and comment period.  42 U.S.C. § 7543(b); B-334309, Nov. 30, 2023; EPA, *Vehicle Emissions California Waivers and Authorizations*, *available at* https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations (last visited Mar. 5, 2025) (California Waivers and Authorizations Website).  The Administrator makes a decision on the waiver and publishes a notice of their decision and reasons in the *Federal Register*.  B-334309, Nov. 30, 2023.

The Clean Air Act provides similar procedures for the EPA Administrator to authorize California to adopt and enforce emission control standards for certain nonroad engines or vehicles.  42 U.S.C. § 7543(e)(2)(A).  The Administrator must authorize California to adopt and enforce such standards if California determined that California standards will be, in the aggregate, at least as protective of public health and welfare as applicable federal standards, unless the Administrator makes any one of three findings set forth in the statute:  (1) California's determination is arbitrary and capricious; (2) California does not need its own standards to meet compelling and extraordinary conditions; or (3) the California standards and accompanying enforcement procedures are not consistent with section 7543.  *Id.* Like the waiver process under section 7543(b), the authorization process under section 7543(e)(2)(A) involves providing notice of a public hearing and comment period and publishing notice of the decision.  *See id.*; California Waivers and Authorizations Website.

B-337179

EPA Notices of Decision

At issue here are the following EPA Clean Air Act preemption waiver Notices of Decision:

- *California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision*, 88 Fed. Reg. 20688 (Apr. 6, 2023) (Advanced Clean Trucks Waiver Notice);

- *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low $NO_X$ Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025) (Low $NO_X$ Waiver Notice); and

- *California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 642 (Jan. 6, 2025) (Advanced Clean Cars II Waiver Notice).

In the Advanced Clean Trucks Waiver Notice, the EPA Administrator granted two separate requests for preemption waivers regarding four California regulations for heavy-duty on-road vehicles and engines. 88 Fed. Reg. at 20688. The Low $NO_X$ Waiver Notice announced the EPA Administrator's December 17, 2024, decision granting California a preemption waiver for regulations applicable to new 2024 and subsequent model year California on-road heavy-duty vehicles and engines and authorizing regulations regarding off-road diesel engines. 90 Fed. Reg. at 643–44. The Advanced Clean Cars II Waiver Notice announced the EPA Administrator's December 17, 2024, decision granting California a preemption waiver for regulations applicable to new 2026 and subsequent model year California on-road light- and medium-duty vehicles. 90 Fed. Reg. at 642.

Congressional Review Act (CRA)

CRA, enacted in 1996 to strengthen congressional oversight of agency rulemaking, requires federal agencies to submit a report on each new rule to both houses of Congress and the Comptroller General for review before the rule can take effect. 5 U.S.C. § 801(a)(1)(A). The report must contain a copy of the rule, "a concise general statement relating to the rule," and the rule's proposed effective date. *Id.* CRA allows Congress to review and disapprove rules issued by federal agencies for a period of 60 days using special procedures. *See* 5 U.S.C. § 802. If a resolution of disapproval is enacted, then the new rule has no force or effect. 5 U.S.C. § 801(b)(1).

CRA adopts the definition of "rule" under the Administrative Procedure Act (APA), which states that a rule is "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. §§ 551(4); 804(3). However, CRA excludes three categories of APA rules from coverage: (1) rules of particular applicability; (2) rules relating to agency management or personnel; and (3) rules of agency organization, procedure, or practice that do not substantially affect the rights or obligations of nonagency parties. 5 U.S.C. § 804(3).

EPA did not submit CRA reports to Congress or GAO for any of the Notices of Decision when they were initially issued on April 6, 2023, and January 6, 2025, and each notice states that CRA does not apply because the relevant action is not a rule for purposes of the Act. Advanced Clean Trucks Waiver Notice, 88 Fed. Reg. at 20726; Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 645; Advanced Clean Cars II Waiver Notice, 90 Fed. Reg. at 643. In addition, the underlying decision documents referenced in the Low $NO_X$ Waiver Notice and Advanced Clean Cars II Waiver Notice include similar statements about the inapplicability of CRA and cite our 2023 decision determining that a Clean Air Act preemption waiver notice of decision was not a rule under CRA. *See* EPA, *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low $NO_X$ Regulation; Waiver of Preemption; Decision Document* (Dec. 17, 2024) (Low $NO_X$ Waiver Decision), at 95 & n.281[8]; EPA, *California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Decision Document* (Dec. 17, 2024) (Advanced Clean Cars II Waiver Decision), at 189 & n.504[9] (both citing B-334309, Nov. 30, 2023).

EPA subsequently submitted a CRA report for the three Notices of Decision to Congress and GAO on February 19, 2025.[10] The House of Representatives and GAO received the report on February 19, 2025,[11] and the Senate received the report on February 20, 2025.[12] EPA resubmitted the CRA report to GAO on February 27, 2025.[13] The resubmitted report included additional information for each notice,

---

[8] This decision document is available at https://www.regulations.gov/document/EPA-HQ-OAR-2022-0332-0109 (last visited Mar. 5, 2025).

[9] This decision document is available at https://www.regulations.gov/document/EPA-HQ-OAR-2023-0292-0562 (last visited Mar. 5, 2025).

[10] *See* EPA Initial Submission.

[11] 171 Cong. Rec. H875 (daily ed. Feb. 26, 2025); EPA Initial Submission.

[12] 171 Cong. Rec. S1311 (daily ed. Feb. 24, 2025).

[13] EPA Resubmission.

including the date of the document, the nature of the action submitted, and proposed effective date.[14]  EPA did not explain in either submission why the agency was submitting the notices under CRA given its statement in each notice that CRA did not apply.[15]

DISCUSSION

<u>GAO's 2023 Decision on a Clean Air Act Preemption Waiver Notice of Decision</u>

In B-334309, we examined an EPA Notice of Decision titled *California State Motor Vehicle Pollution Control Standards; Advanced Clean Car Program; Reconsideration of a Previous Withdrawal of a Waiver of Preemption; Notice of Decision* (Advanced Clean Car Program Waiver Notice).  87 Fed. Reg. 14332 (Mar. 14, 2022).  This Notice of Decision rescinded EPA's 2019 withdrawal of a 2013 preemption waiver for California's greenhouse gas emissions standards and zero emission vehicle sale mandate, thereby reinstating the waiver.  *Id.* at 14332; B-334309, Nov. 30, 2023.

We determined that the Advanced Clean Car Program Waiver Notice was not a rule under CRA because it did not meet the APA definition of a rule.  We concluded that the notice was, instead, an "order" under APA.  APA defines an order as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing."  5 U.S.C. § 551(6).  APA further defines "licensing" to include an agency

---

[14] *See id.*, Attachments.

[15] EPA also states in each notice that the action is not a rule under the Regulatory Flexibility Act and therefore EPA did not prepare a regulatory flexibility analysis addressing the impact of the action on small businesses.  Advanced Clean Trucks Waiver Notice, 88 Fed. Reg. at 20725–26; Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 645; Advanced Clean Cars II Waiver Notice, 90 Fed. Reg. at 643.  Similarly, EPA further states in each notice that the relevant action is not a rule under Executive Order 12866 and is therefore exempt from review by the White House Office of Management and Budget (OMB).  Advanced Clean Trucks Waiver Notice, 88 Fed. Reg. at 20725; Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 645; Advanced Clean Cars II Waiver Notice, 90 Fed. Reg. at 643.  Lastly, although EPA indicated in their submission to GAO that the notices were "non-major" under CRA, the statements in the notices make it unclear whether the Office of Information and Regulatory Affairs within OMB had an opportunity to review the actions to determine if they were major rules under CRA, *see* 5 U.S.C. § 804(2), given that those determinations are usually made as part of the Executive Order 12866 review process.  *See* OMB Memorandum M-24-09, *Guidance on Compliance with the Congressional Review Act* (2024), at 3.

granting or revoking a license, and "license" to include an agency approval, statutory exemption, or other form of permission.  5 U.S.C. § 551(8), (9).  An agency action that constitutes an order under APA is not a rule under the statute and, therefore, is not a rule under CRA.  B-334309, Nov. 30, 2023 (citing B-334995, July 6, 2023; B-334400, Feb. 9, 2023; B-332233, Aug. 13, 2020 (rules and orders are "mutually exclusive")).

We explained that an adjudicatory order is a case-specific, individual determination of a particular set of facts that has immediate effect on the individual(s) involved.  B-334309, Nov. 30, 2023 (citing *United States v. Florida East Coast Railway Co.*, 410 U.S. 224, 245–46 (1973); *Neustar, Inc. v. FCC*, 857 F.3d 886, 893 (D.C. Cir. 2017); *Yesler Terrace Community Council v. Cisneros*, 37 F.3d 442, 448 (9th Cir. 1994)).  In contrast, a rule is a broad application of general principles that is prospective in nature.  B-334309, Nov. 30, 2023 (citing *Florida East Coast Railway Co.,* 410 U.S. at 246; *Neustar,* 857 F.3d at 895; *Yesler Terrace Community Council,* 37 F.3d at 448).

We concluded that the Advanced Clean Car Program Waiver Notice met the APA definition of an order because the notice determined that California was not preempted from enforcing its Advanced Clean Car Program and therefore made a "final disposition" granting California a "form of permission" as described in the APA definition.  B-334309, Nov. 30, 2023 (citing 5 U.S.C. § 551(6), (8), (9)).  We noted that the notice was particular to California's Advanced Clean Car Program, involved consideration of particular facts, as opposed to general policy, and had immediate effect on California.  *Id.*

We also concluded that even if the Advanced Clean Car Program Waiver Notice met the APA definition of a rule, it would still not be subject to CRA because of CRA's exclusion of rules of particular applicability.  B-334309, Nov. 30, 2023.  A rule of particular applicability is addressed to an identified entity and also addresses actions that entity may or may not take, taking into account facts and circumstances specific to that entity.  B-334309, Nov. 30, 2023 (citing B-334995, July 6, 2023).  We noted that the notice concerned a specific entity—California—and addressed a statutory waiver specific to California's Advanced Clean Car Program; therefore, the notice would be a rule of particular applicability.  B-334309, Nov. 30, 2023.

EPA's Recently Submitted Notices of Decision

(1) Applicability of GAO's 2023 Decision

The analysis and conclusion in B-334309 that the Advanced Clean Car Program Waiver Notice was not a rule for purposes of CRA because it was an order under APA would apply to the three notices of decision at issue here.  For example, all three notices of decision involve waivers granted to California under the same authority and process (42 U.S.C. § 7543(b)) at issue in the Advanced Clean Car Program Waiver Notice.  In each case, California requested preemption waivers

from EPA with respect to specific California regulations, and EPA, after holding a public hearing, receiving comments, and considering information presented by California and opponents of the waivers, determined to grant the requested waivers. *See* Advanced Clean Trucks Waiver Notice, 88 Fed. Reg. at 20688–90; Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 643–45; Advanced Clean Cars II Waiver Notice, 90 Fed. Reg. at 642–43.

The Low $NO_X$ Waiver Notice also involves an authorization under a separate authority (42 U.S.C. § 7543(e)(2)(A)). As described above, the nature of the determination and process used is very similar to section 7543(b), and our analysis and conclusions in B-334309 would apply to this portion of the notice as well. *See* Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 644–45 (describing the relevant procedures and grouping the corresponding findings in sections 7543(b)(2) and 7543(e)(2)(A) together in summarizing the decision). Specifically, California requested EPA's authorization to adopt and enforce specific California regulations, and EPA, after holding a public hearing, receiving comments, and considering information presented by California and opponents of the authorization, determined to grant the requested authorization. *See* Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 643–45.

### (2) Effect of Resolutions of Disapproval

If Congress were to treat the EPA Notices of Decisions as rules under CRA and subsequently enact resolutions of disapproval, there is a question as to the precise effect those resolutions would have. As described above, if a resolution of disapproval is enacted, then the rule has no force or effect. 5 U.S.C. § 801(b)(1). However, two of the three Notices of Decision submitted by EPA to Congress, the Low $NO_X$ Waiver Notice and the Advanced Clean Cars II Waiver Notice, appear to merely notify the public of previously issued decision documents granting California the requested preemption waivers and, in the Low $NO_X$ Waiver Notice, the requested authorization for its regulations. *See* Low $NO_X$ Waiver Notice, 90 Fed. Reg. at 643–44 (stating that EPA "is providing notice of its decision" and referencing the Low $NO_X$ Waiver Decision); Advanced Clean Cars II Waiver Notice, 90 Fed. Reg. at 642–43 (stating that EPA "is providing notice of its decision" and referencing the Advanced Clean Cars II Waiver Decision). EPA did not include the underlying decision documents in its submission to Congress and GAO.[16] In contrast, the Advanced Clean Trucks Waiver Notice, like the Advanced Clean Car Program Waiver Notice we examined in B-334309, appears to be the decision document. *See* 88 Fed. Reg. at 20688 (stating that EPA "is granting . . . California['s] . . . requests for waivers"). Accordingly, if Congress were to enact resolutions disapproving the Low $NO_X$ Waiver Notice or the Advanced Clean Cars II Waiver Notice under CRA, it is unclear whether or how those resolutions would affect the underlying waivers and authorizations.

---

[16] *See* EPA Initial Submission; EPA Resubmission.

CONCLUSION

In these circumstances, our view is that our prior analysis and conclusion in B-334309 that the Advanced Clean Car Program Waiver Notice was not a rule for purposes of CRA because it was an order under APA would apply to the three notices at issue here. We provide this information to assist Congress as it considers how to treat these Notices of Decision and the application of CRA procedures.

If you have any questions, please contact Shirley A. Jones, Managing Associate General Counsel, at JonesSA@gao.gov, or Charlie McKiver, Assistant General Counsel for Appropriations Law, at McKiverC@gao.gov.

Sincerely,

*Edda Emmanuelli Perez*

Edda Emmanuelli Perez
General Counsel

*Congressional Requesters*

The Honorable Sheldon Whitehouse
Ranking Member
Committee on Environment and Public Works
United States Senate

The Honorable Alex Padilla
United States Senate

The Honorable Adam B. Schiff
United States Senate

B-337179