# Exhibit 7

Case 2:25-cv-03255-DC-AC    Document 176-7    Filed 05/27/26    Page 1 of 4

CALIFORNIA
AIR RESOURCES BOARD

Gavin Newsom, Governor
Yana Garcia, CalEPA Secretary
Liane M. Randolph, Chair

**Manufacturers Advisory Correspondence (MAC) ECCD-2025-08**

To:        All Manufacturers Of

- Light-Duty Vehicle Test Groups
- Medium-Duty Vehicle Test Groups
- Heavy-Duty Engine Families
- Medium-Duty Engine Families
- Heavy-Duty Greenhouse Gas Vehicle Families and Trailer Families
- Zero-Emission Powertrain Families
- Zero-Emissions Vehicles
- Airport Shuttles
- And All Other Interested Parties

Date:      August 25, 2025

Subject:   Regulatory Guidance for Engine and Vehicle Certification in California

On May 23, 2025, the California Air Resources Board (CARB) released Manufacturers Advisory Correspondence (MAC) ECCD-2025-03. CARB issued this MAC in response to uncertainty and to address concerns raised at the time by vehicle manufacturers about the potential effects of three then-unenacted congressional resolutions of disapproval[1] of three actions by the U.S. Environmental Protection Agency (U.S. EPA) authorizing enforcement of regulations that control emissions from new motor vehicles and engines.[2] On June 12, 2025, the President signed those congressional resolutions. California contends the resolutions are illegal and filed suit the same day to declare them invalid.[3] Additionally, in August 2025, the federal government and certain manufacturers filed suit to attempt to nullify the Clean Truck Partnership, a June 2023 agreement between CARB, the Truck and Engine Manufacturers Association (EMA), and other major truck manufacturers.[4] These recent federal actions have created unprecedented uncertainty in the motor vehicle market.

CARB continues to process the certification applications it received for the 2025 and 2026 model years, continues to receive applications for the 2026 model year, and has been

---

[1] H.J. Res. 87, 88, 89 (119th Congress).

[2] CARB's regulations at issue include the Advanced Clean Trucks, Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions, Zero Emission Airport Shuttle, and Zero-Emission Power Train Certification; Advanced Clean Cars II; and Omnibus Low-NOx ("Omnibus") regulations. U.S. EPA's waiver actions that authorized enforcement of California's regulations are at 88 Fed. Reg. 20,688 (Apr. 6, 2023); 90 Fed. Reg. 642 (Jan. 6, 2025); 90 Fed. Reg. 643 (Jan. 6, 2025),

[3] *See State of California, et al., v. United States of America, et al.* (N.D. Cal., Case No. 25-cv-04966).

[4] *Daimler Truck North America LLC, et al., v. California Air Resources Board et al.*, (E.D. Cal., Case No. 2:25-cv-02255-DC-AC).

MAC ECCD-2025-08
August 25, 2025
Page 2

contacted by vehicle and engine manufacturers that are preparing to submit applications to CARB for the 2027 model year. CARB is issuing this MAC, which supersedes MAC ECCD-2025-03, to address continuing questions raised by vehicle and engine manufacturers about statutory provisions for vehicle and engine certification[5] and to provide further clarity on how CARB will process the applications for certifications that it continues to receive, so that vehicle and engine manufacturers may continue to offer, sell, and deliver new vehicles and engines in the state amid the ongoing legal uncertainty caused by the federal government.

Vehicle and engine manufacturers may continue to seek, and CARB will continue to process, applications for CARB certification to the regulations covered by the waivers that were targeted by the congressional resolutions.  Manufacturers who are parties to the Clean Truck Partnership may also continue to seek, and CARB will continue to process, applications for CARB certification on the terms provided for in that agreement. Manufacturers who seek and obtain certification through either of these pathways will have confidence that they are in compliance with their obligations under CARB's regulations (or under the Clean Truck Partnership, as applicable).

In recognition of the uncertainty caused by the recent federal actions, however, CARB will also certify for model year 2025 and subsequent model years through either of the following pathways or combinations thereof:

(1) An approved application for CARB certification to the vehicle and engine emission regulations that immediately preceded those covered by the waivers that were targeted by the congressional resolutions. These include:

   a. The Low-Emission Vehicle (LEV) III regulations, as adopted in 2012;
   b. Heavy Duty In-Use Compliance Regulation, as amended in 2011;
   c. California's 2007 and Subsequent Model Year On-Highway Heavy-Duty Engines and Vehicles regulation;
   d. Amendments to California's Truck Idling Requirements, as amended in 2011; and
   e. Heavy-Duty On-Board Diagnostic (HD OBD) Regulations, as amended in 2013, and the Malfunction and Diagnostic System Requirements–2004 and Subsequent Model-Year Passenger Cars, Light-Duty Trucks and Medium-Duty Vehicles and Engines (OBD II) as amended through 2013.

(2) Submission to CARB of U.S. EPA certification to its motor vehicle emission standards applicable to the given vehicle in the relevant model year, as those regulations are currently codified.

Consistent with MAC ECCD-2025-03, CARB will not implement the annual zero-emission vehicle requirement of the Advanced Clean Cars II regulations for the 2026 model year but will recognize values generated by vehicles certified to title 13, CCR, section 1962.4. CARB

---

[5] *See* Cal. Health & Saf. Code, §§ 43100, 43151-43153.

MAC ECCD-2025-08
August 25, 2025
Page 3

will continue to accept and process manufacturer sales reports for medium- and heavy-duty engines and vehicles under the requirements of the Advanced Clean Trucks regulations in title 13, CCR, division 3, chapter 1, article 2, sections 1963, 1963.1, 1963.2, 1963.3, 1963.4, and 1963.5. CARB will not implement the fleet requirement to replace a zero-emission airport shuttle with a zero-emission airport shuttle in the Zero-Emission Airport Shuttle regulation for privately owned fleets for calendar year 2026. CARB will continue to accept reports submitted by zero-emission shuttle bus fleets under title 17, CCR, section 95690.4.

Manufacturers who seek certification through the alternative pathways (1) and (2) above will therefore be able to continue to offer to sell and deliver new vehicles and engines in the state in the near term while litigation is pending. Manufacturers choosing these pathways should be advised, however, that CARB reserves its right to enforce the regulations covered by the waivers targeted by the congressional resolutions in the event a court of law holds those resolutions invalid, including with respect to model years that such manufacturers ask CARB to certify under these alternative pathways.[6] Whether CARB opts to pursue such enforcement would be decided if and when that question becomes ripe.

CARB will continue developing programs to reduce vehicle emissions and support the development and application of advanced emission control technologies. In doing so, CARB will consider measures, such as eligibility for procurement and other incentives, that account for whether manufacturers have continued to request certification to the regulations covered by the waivers that were targeted by the congressional resolutions.

If you have any questions regarding this MAC, including regarding the preparation of a particular application for certification, please contact Timothy Antcliff, Vehicle Program Specialist, at *timothy.antcliff@arb.ca.gov*.

Sincerely,

Robin Lang, Chief
Emissions Certification and Compliance Division
California Air Resources Board

---

[6] Accordingly, by issuing this MAC, CARB is not changing or conceding its legal position that the congressional resolutions are illegal and should be held invalid.