# Exhibit 29

 **U.S. GOVERNMENT ACCOUNTABILITY OFFICE**

**441 G St. N.W.**
**Washington, DC 20548**

# Decision

**Matter of:** Environmental Protection Agency—Applicability of the Congressional Review Act to Notice of Decision on Clean Air Act Waiver of Preemption

**File:** B-334309

**Date:** November 30, 2023

## DIGEST

The Environmental Protection Agency (EPA) issued a notice of decision entitled *California State Motor Vehicle Pollution Control Standards; Advanced Clean Car Program; Reconsideration of a Previous Withdrawal of a Waiver of Preemption; Notice of Decision* (*Notice*). The *Notice* rescinds a withdrawal of a waiver of preemption for California's Advanced Clean Car Program.

The Congressional Review Act (CRA) requires that agencies submit rules to Congress for review before they may take effect. CRA incorporates the Administrative Procedure Act's (APA) definition of a rule, which does not include adjudicatory orders. CRA also excludes certain categories of rules from coverage, including rules of particular applicability. EPA did not submit the *Notice* to Congress pursuant to CRA. We conclude that the *Notice* is an adjudicatory order not subject to CRA. Even if the *Notice* were to satisfy the APA definition of a rule, it would be considered a rule of particular applicability, and, therefore, would still not be subject to the CRA's submission requirement.

## DECISION

On March 14, 2022, the Environmental Protection Agency (EPA) issued a notice of decision entitled *California State Motor Vehicle Pollution Control Standards; Advanced Clean Car Program; Reconsideration of a Previous Withdrawal of a Waiver of Preemption; Notice of Decision*. 87 Fed. Reg. 14332 (*Notice*). We received a request for a decision as to whether the *Notice* is a rule for purposes of the Congressional Review Act (CRA). Letter from Senator Capito to the Comptroller General (May 11, 2022). For the reasons discussed below, we conclude that the *Notice* is not a rule under CRA.

Our practice when rendering decisions is to contact the relevant agencies to obtain their legal views on the subject of the request. GAO, *Procedures and Practices for Legal Decisions and Opinions*, GAO-06-1064SP (Washington, D.C.: Sept. 2006), *available at* https://www.gao.gov/products/gao-06-1064sp. Accordingly, we reached out to EPA to obtain the agency's legal views. Letter from Assistant General Counsel, GAO, to General Counsel, EPA (June 7, 2022). We received EPA's response on July 1, 2022. Letter from General Counsel, EPA, to Assistant General Counsel, GAO (June 30, 2022) (Response Letter).

BACKGROUND

Clean Air Act

The Clean Air Act generally preempts states from adopting or enforcing emission control standards for new motor vehicles or new motor vehicle engines. *See* 42 U.S.C. § 7543(a); Response Letter, at 2; *Notice*. However, the Clean Air Act requires the Administrator of EPA to grant a waiver of preemption for a state that adopted a standard prior to March 30, 1966, if the state determined its standard will be, in the aggregate, at least as protective of public health and welfare as applicable federal standards.[1] 42 U.S.C. § 7543(b); Response Letter, at 2–3. The Administrator must approve the waiver unless the Administrator makes any one of three findings set forth in the statute: (1) the determination of the state is arbitrary and capricious; (2) the state does not need state standards to meet compelling and extraordinary conditions; or (3) the state standards and accompanying enforcement procedures are not consistent with 42 U.S.C. § 7521(a) (EPA standards for emissions from new vehicles or new vehicle engines). 42 U.S.C. § 7543(b)(1)(A)-(C); Response Letter, at 3.

When the Administrator receives a waiver request, they must give notice of a public hearing and comment period. 42 U.S.C. § 7543(b); Response Letter, at 3; EPA, *Vehicle Emissions California Waivers and Authorizations*, *available at* https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations (last visited Oct. 5, 2023) (California Waivers).[2] The Administrator makes a decision on the waiver and publishes a notice of their decision and reasons in the *Federal Register*. Response Letter, at 4.

While only California can qualify for a waiver of preemption, section 177 of the Clean Air Act authorizes other states to adopt and enforce emission control standards for new motor vehicles or new motor vehicle engines if the standards are identical to the

---

[1] Only California can qualify for a waiver of preemption because it is the only state that adopted a standard prior to March 30, 1966. *Notice* at 14332 n. 1.

[2] During the hearing, the state presents its regulations and findings, and parties opposing the waiver have a chance to provide oral testimony. *See* Response Letter, at 3.

B-334309

California standards for which a waiver has been granted.  42 U.S.C. § 7507 (Section 177).[3]

The Clean Air Act does not explicitly provide for EPA to reconsider and withdraw a previously granted waiver.[4]  When EPA reconsiders a previous waiver, it considers whether there was a clerical or factual error in the waiver, or a significant change in a factual circumstance or condition related to the three findings set forth in the statute that would call the waiver into doubt.[5]

EPA's Notice

On June 27, 2012, California requested a waiver of preemption under the Clean Air Act for its Advanced Clean Car Program.[6]  The Advanced Clean Car Program regulates smog forming pollutants and greenhouse gas emissions, and includes a zero emission vehicle sales mandate.[7]  EPA provided notice of a public hearing and comment period.[8]  On January 9, 2013, the Administrator granted the waiver.[9]

Subsequently, in 2018, EPA provided notice of a public hearing and comment period proposing to withdraw the 2013 waiver of preemption for California's Advanced Clean Car Program, and proposing the view that Section 177 does not authorize states to adopt California's greenhouse gas emissions standards.[10]  In 2019, the Administrator withdrew the 2013 waiver, and finalized the view that Section 177 does not apply to greenhouse gas standards.[11]

Consistent with Executive Order 13990, issued January 25, 2021, and a number of petitions for reconsideration,[12] EPA issued a notice of a public hearing and comment period to reconsider the withdrawal of the 2013 waiver and interpretive view of Section 177.[13]  On March 14, 2022, the Administrator issued the *Notice*, which is the subject of this decision.  The *Notice* rescinds the withdrawal of the waiver, bringing

---

[3] States are not required to seek EPA approval to adopt California's standards under Section 177.  California Waivers.

[4] *Notice* at 14344.

[5] *Id*.

[6] 77 Fed. Reg. 53199–53200.

[7] 77 Fed. Reg. 53199; *see also Notice* at 14332.

[8] 77 Fed. Reg. 53199.

[9] 78 Fed. Reg. 2112.

[10] 83 Fed. Reg. 42986, 42999, 43253 (Aug. 24, 2018).

[11] 84 Fed. Reg. 51310, 51350 (Sept. 27, 2019).

[12] 86 Fed. Reg. 7037; *Notice* at 14333, 14340.

[13]  86 Fed. Reg. 22421 (Apr. 28, 2021).

back into force the 2013 waiver of preemption for California's Advanced Clean Car Program, and rescinds the interpretive view of Section 177, meaning that Section 177 applies to greenhouse gas standards.[14]

The Congressional Review Act

CRA, enacted in 1996 to strengthen congressional oversight of agency rulemaking, requires federal agencies to submit a report on each new rule to both houses of Congress and to the Comptroller General for review before a rule can take effect. 5 U.S.C. § 801(a)(1)(A).  The report must contain a copy of the rule, "a concise general statement relating to the rule," and the rule's proposed effective date.  *Id*. CRA allows Congress to review and disapprove rules issued by federal agencies for a period of 60 days using special procedures.  *See* 5 U.S.C. § 802.  If a resolution of disapproval is enacted, then the new rule has no force or effect.  5 U.S.C. § 801(b)(1).

CRA adopts the definition of rule under the Administrative Procedure Act (APA), 5 U.S.C. § 551(4), which states that a rule is "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. § 804(3).  CRA excludes three categories of rules from coverage:  (1) rules of particular applicability; (2) rules relating to agency management or personnel; and (3) rules of agency organization, procedure, or practice that do not substantially affect the rights or obligations of non-agency parties.  *Id.*

EPA did not submit a CRA report to Congress or the Comptroller General on the *Notice*.  In its response to us, EPA stated the *Notice* is an adjudicatory order, not a rule, and therefore is not subject to CRA.  Response Letter, at 1.

DISCUSSION

At issue here is whether EPA's *Notice* is a rule under CRA.  For the reasons discussed below, we conclude the *Notice* is not a rule because it is, instead, an order.

CRA adopts the APA's definition of rule and, therefore, CRA does not apply to "those types of agency action that the APA defines separately."  B-334400, Feb. 9, 2023, at 4.  Separate from a rule, which is the result of the rulemaking process, APA provides for agencies to issue an order, which is the result of the adjudication process.  5 U.S.C. § 551(5), (7); B-334995, July 6, 2023.  APA defines an order as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing."  5 U.S.C. § 551(6).  APA further defines "licensing" to include an agency

---

[14] *Notice* at 14332–14333.

granting or revoking a license, and "license" to include an agency approval, statutory exemption, or other form of permission.  5 U.S.C. § 551(8), (9).  An agency action that constitutes an order under APA does not meet the definition of rule under APA and, therefore, is not a rule under CRA.  B-334995, July 6, 2023; B-334400, Feb. 9, 2023; B-332233, Aug. 13, 2020 (rules and orders are "mutually exclusive").

Courts have identified that an adjudicatory order is a case-specific, individual determination of a particular set of facts that has immediate effect on the individual(s) involved.  *See United States v. Florida East Coast Railway Co.*, 410 U.S. 224, 245–246 (1973); *Neustar, Inc. v. FCC*, 857 F.3d 886, 893 (D.C. Cir., May 26, 2017); *Yesler Terrace Community Council v. Cisneros*, 37 F.3d 442, 448 (9th Cir., Sept. 12, 1994).  Statutory interpretation can be made through an adjudicatory order.  *Neustar*, 857 F.3d at 894.  By contrast, courts have provided that a rule is a broad application of general principles that is prospective in nature. *See Florida East Coast Railway Co.,* 410 U.S. at 246; *Neustar,* 857 F.3d at 895; *Yesler Terrace Community Council,* 37 F.3d at 448.

For example, in B-334400, EPA denied petitions from refineries for an exemption under a federal statute. There, the agency considered facts presented by the refineries and comments it received concerning the petitions and applied the relevant standard for exemption.  B-334400, Feb. 9, 2023, at 6.  Because the agency action was a final disposition of particular petitions under a statutory exemption, we concluded it was an order, not a rule, under APA.  *Id*. at 6, 7, 8; *see also* B-332233, Aug. 13, 2020, at 4–5 (after conducting a fact-intensive review, an agency modified the terms of a license to permit the licensee to conduct a new activity, and we concluded the action was an order).

In another case, B-334995, the Food and Drug Administration (FDA) issued a modification to a risk mitigation strategy for a particular drug.  Following a process set forth in statute, the agency considered pertinent information and issued the modification after determining it was necessary under the statutory criteria.  B-334995, July 6, 2023, at 2, 4.  We concluded that FDA's action had immediate effect on the companies sponsoring the drug and was an order under APA.  *Id*. at 5–6.

Here, the *Notice* meets the statutory definition of an order, reflects the hallmarks of an order that courts identified, and is similar to the actions in our prior decisions that were orders.  With regard to the statutory definition of an order, the *Notice* determines that California is not preempted from enforcing its Advanced Clean Car Program.  In doing so, the *Notice* is making a "final disposition" granting California a "form of permission" which meets the definition of order under APA.  5 U.S.C. § 551(6), (8), (9).

Further, the *Notice* is particular to California's Advanced Clean Car Program, as opposed to a broad unspecified group.  The Administrator's process involved consideration of particular facts, as opposed to general policy, such as whether there were any factual or clerical errors in the 2013 waiver that could justify the 2019

waiver withdrawal, and whether any "factual circumstances or conditions" related to the statutory waiver criteria had changed so significantly as to call the 2013 waiver into doubt. *Notice* at 14344, 14352; *see* Response Letter at 3–4. The *Notice* has immediate effect in that California is not preempted from enforcing its Advanced Clean Car Program.

The characteristics of the Notice and EPA's processes are similar to our prior decisions involving particular petitions from refineries and a modification to a risk mitigation strategy for a particular drug sponsored by particular companies. In those decisions, the applicable agency considered specific facts under the relevant statute and issued an action having immediate effect on the refineries and drug sponsors.

The fact that the *Notice* also rescinds EPA's previous interpretive view of Section 177 does not make the *Notice* a rule, even though rescinding the interpretive view could have broad, prospective application. An agency action having some characteristics more typical of a rulemaking "does not automatically convert an adjudication into a rulemaking." B-334400, Feb. 9, 2023, at 5; *see also Neustar*, 857 F.3d at 894 ("Statutory interpretation can be rendered in the form of an adjudication, not only in a rulemaking. The fact that an order rendered in an adjudication may affect agency policy and have general prospective application [] does not make it rulemaking subject to APA") (citation omitted). For example, in B-334400, the agency's action affected multiple petitioners and the agency used public notice-and-comment procedures. We concluded, however, that the action was an order, not a rule, because it met the statutory definition of an order and agencies may seek public comment in adjudicatory proceedings. B-334400, Feb. 9, 2023, at 6–7. Here, the *Notice* meets the statutory definition of an order, reflects key hallmarks of an order, and is similar in character and process to the actions in our prior decisions that were orders. We conclude, therefore, that the *Notice* is an order under APA.

Finally, even if the *Notice* fell within the definition of rule, it would still not be subject to CRA because of CRA's exclusion of rules of particular applicability. A rule of particular applicability is "addressed to an identified entity and also address[es] actions that entity may or may not take, taking into account facts and circumstances specific to that [] entity." B-334995, July 6, 2023, at 5. For example, in B-334400, an agency's denial of petitions for a statutory exemption addressed 69 petitions "based on the facts those petitions presented" and, therefore, would be a rule of particular applicability, had the action been considered a rule. B-334400, Feb. 9, 2023, at 7. Here, the *Notice* concerns a specific entity—California—and addresses a statutory waiver specific to California's Advanced Clean Car Program. *See* Response Letter, at 5 (waivers of preemption under the Clean Air Act "are a specific grant of approval to California's request for a waiver of generally applicable [statutory] requirements, which have the effect of recognizing the State's exemption if its request meets the statutory findings"). Therefore, the *Notice* would be a rule of particular applicability and excluded from coverage by CRA on that basis.

B-334309

CONCLUSION

The *Notice* does not meet the APA definition of a rule.  Rather, the *Notice* is an adjudicatory order because it is a final disposition rescinding a waiver withdrawal for California's Advanced Clean Car Program, bringing back into force a waiver of preemption to enforce the program.  Even if the action were considered to be a rule, it would be a rule of particular applicability.  For these reasons, the *Notice* is not a rule for purposes of CRA and, thus, not subject to the requirement that it be submitted to Congress and the Comptroller General before it may take effect.

*Edda Emmanuelli Perez*

Edda Emmanuelli Perez
General Counsel

B-334309