ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
DAVID M. MEEKER, State Bar No. 273814
JONATHAN A. WIENER, State Bar No. 265006
CECILIA D. SEGAL, State Bar No. 310935
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102
 Telephone:  (415) 510-3545
 Fax:  (415) 703-5480
 E-mail:  cecilia.segal@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,**<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**,**<br><br>Defendant. | 2:25-cv-03255-DC-AC<br><br>**DEFENDANT'S NOTICE OF CONSTITUTIONAL QUESTION** |

Pursuant to Federal Rule of Civil Procedure 5.1, Defendant Steven S. Cliff, in his official capacity as the Executive Officer of the California Air Resources Board (hereafter Defendant Cliff), hereby gives notice that his Opposition to Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment and Cross-Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment (hereafter Opposition and Cross-Motion), draws into question the constitutionality of two federal laws. Defendant Cliff further certifies that this notice and a copy of his Opposition and Cross-Motion will be served on the Attorney General of the United States.

When the "constitutionality of any Act of Congress affecting the public interest is drawn in question" and the United States is not already a party to the suit, the United States may intervene "for presentation of evidence … and for argument on the question of constitutionality." 28 U.S.C § 2403(a). The party that "files a pleading, written motion, or other paper" raising the constitutional question must promptly file a notice stating the question and identifying the paper that raises it, and serve the notice and paper on the Attorney General of the United States. Fed. R. Civ. P. 5.1(a)(1)(A), (2). The court must then "certify . . . that a statute has been questioned." Fed. R. Civ. P. 5.1(b). The Attorney General may intervene—again, for the "limited" purpose of "address[ing] the constitutionality" of the challenged law, *Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994)—within sixty days of the notice, "[u]nless the court sets a later time." Fed. R. Civ. P. 5.1(c). "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." *Id.*

On December 16, 2024, Plaintiff American Free Enterprise Chamber of Commerce (AmFree) filed suit, alleging that an agreement between the California Air Resources Board, several heavy-duty vehicle manufacturers, and their trade association—the Clean Truck Partnership—is preempted by Section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a). ECF No. 1. The United States and U.S. Environmental Protection Agency (EPA) (collectively, United States) later moved to intervene, seeking to raise a similar preemption claim against the CTP as well as a preemption claim against certain California regulations. ECF No. 121-1, ¶¶ 98-114. Defendant Cliff opposed, arguing, *inter alia*, that intervention was unwarranted because the

1

United States could adequately protect its asserted interests in another case—*Daimler Truck N. Am. LLC v. Cal. Air Res. Bd.*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 11, 2025)—in which the United States had already been granted intervention and raised identical claims. ECF No. 132 at 7. With its motion to intervene still pending in this case, the United States moved for leave to file a motion for summary judgment on its proposed claims. ECF Nos. 169, 169-2. The United States has also moved for expedited rulings on its pending motions. ECF No. 173.

On April 1, 2026, AmFree filed its Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment. ECF No. 166. AmFree argues that it has standing and that the Clean Truck Partnership is preempted. ECF No. 166 at 9:4-22:22. AmFree further argues that the Clean Truck Partnership is an unlawful attempt to enforce vehicle emission standards that are themselves preempted, relying in part on two congressional resolutions that purport to disapprove waivers of preemption that EPA had previously granted to California for the Advanced Clean Trucks and Omnibus regulations. *Id.* at 5:22-28 (citing Pub. L. No. 119-15, 139 Stat. 65 & Pub. L. No. 119-17, 139 Stat. 67); *id.* at 12:9-15:6.

Defendant Cliff's Opposition and Cross-Motion argues that AmFree's complaint must be dismissed for lack of standing. ECF No. 174 at Arg. Sec. I. On the merits, Defendant Cliff maintains that the Clean Truck Partnership is not preempted by the Clean Air Act because the manufacturer signatories to the Clean Truck Partnership voluntarily assumed the obligations therein and only state-imposed requirements fall within Section 209(a)'s scope. *Id.* at Arg. Sec. II. Thus, Defendant Cliff asserts that the preemption status of the Advanced Clean Trucks and Omnibus regulations is irrelevant because the Clean Truck Partnership's commitments are contractual obligations (enforceable as such), and therefore entirely distinct from regulatory requirements (enforceable through penalties and/or civil enforcement action). *Id.*; *see also id.* at 2:5-15, 26:12-18 & n.13. In the alternative, Defendant Cliff argues that these regulations are not preempted because the congressional resolutions purporting to disapprove the applicable waivers contravene separation of powers and federalism principles, rendering them unconstitutional. *Id.* at Arg. Sec. III.A. Defendant Cliff has raised these same constitutional arguments as a defendant in the *Daimler* case, in which the United States is a party, and intends to do so again in a

2

forthcoming filing. *See Daimler*, ECF No. 73 at 20:13-32:7 & ECF No. 80 at 6:9-14:16 (arguments made in opposition to plaintiffs' motion for preliminary injunction); ECF No. 146 (joint status report describing legal theories and briefing schedule for cross-motions for summary judgment).[1]

Though the Court need not address these constitutional questions in this case, Defendant Cliff is nonetheless providing the requisite notice under 28 U.S.C. § 2403(a) and Federal Rule of Civil Procedure 5.1. Should the United States invoke this statutory right to intervene, however, its participation must be limited to evidence and argument "on the question of constitutionality." 28 U.S.C. § 2403(a); *see also id.* ("The United States shall … have all the rights of a party … *to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality*." (emphasis added)). Section 2403(a) does not give the United States license to raise any of the affirmative arguments it seeks to make in its proposed summary judgment brief. *See Blair*, 38 F.3d at 1522 (affirming district court decision to bar United States from joining motion that had "nothing to do with the constitutionality" of the challenged statute and thus went "vastly beyond the scope of its 'limited' right" to participate under § 2403). The United States' participation also cannot cure any jurisdictional defects in the suit, such as the lack of standing of an existing party. *See Yniguez v. State of Arizona*, 939 F.2d 727, 739 (9th Cir. 1991) ("Before the Attorney General can assert any right at all there must be a viable proceeding in which that right may be asserted."); ECF No. 132 at 5 ("Intervention presupposes the pendency of an action in a court of competent jurisdiction and cannot create jurisdiction if none existed before." (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1917 (3d ed. 2008))).

---

[1] California has also made these arguments as a plaintiff, alongside several other States, in *California v. United States*, No. 3:25-cv-04966-HSG (N.D. Cal. filed June 12, 2025). The United States moved to dismiss California's claims; its motion remains pending. *Id.*, ECF No. 234.

3

Dated:  May 27, 2026

Respectfully submitted,

*/s/ Cecilia D. Segal*
CECILIA D. SEGAL
Deputy Attorney General

*Attorneys for Defendant*

4