ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
DAVID M. MEEKER, State Bar No. 273814
JONATHAN A. WIENER, State Bar No. 265006
CECILIA D. SEGAL, State Bar No. 310935
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102
 Telephone:  (415) 510-3545
 Fax:  (415) 703-5480
 E-mail:  cecilia.segal@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,**<br><br>                                        Plaintiff,<br><br>                    v.<br><br>**STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**,**<br><br>                                        Defendant. | 2:25-cv-03255-DC-AC<br><br>**DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION TO EXPEDITE RULINGS ON ITS MOTIONS TO INTERVENE AND FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 233(b), Defendant Steven S. Cliff, in his official capacity as the Executive Officer of the California Air Resources Board (hereafter Defendant Cliff), respectfully submits this opposition to Proposed Plaintiff-Intervenors United States and U.S. Environmental Protection Agency's (United States) Motion for Expedited Rulings on its Motions to Intervene and for Leave to File a Motion for Summary Judgment. ECF No. 173.

Because Defendant Cliff recently opposed the United States' Motion for Leave to File a Motion for Summary Judgment, *see* ECF Nos. 169 (motion for leave), 172 (opposition), Defendant Cliff omits discussion of the relevant facts and focuses on the following key points.

First, the United States persists in failing to explain what prejudice it might face if the Court does not promptly rule on its pending motions. The United States has already intervened as a plaintiff in *Daimler Truck N. Am. LLC v. Cal. Air. Res. Bd.*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 11, 2025), in which its pending motion for summary judgment addresses (but is not limited to) the *same claims* the United States seeks to raise here. *Compare* ECF No. 121-1 at 31-35 (first and second claims for relief), *with Daimler*, ECF No. 144-1 at 12-21 (briefing those same claims). The United States asserts only that, if this Court were to resolve the present case first, that "would necessarily have an impact on *Daimler*." Mot. 3:12-13. It does not elaborate. And its contention is demonstrably false. To take an easy example, the Court could dismiss this case on standing grounds and never reach the merits at all. *See* ECF No. 174 at 8-17 (arguing Plaintiff American Free Enterprise Chamber of Commerce (AmFree) lacks Article III standing). Regardless, the two cases are related—*a purpose of which* is to help the Court "avoid inconsistent judgments and potentially conflicting remedies." *United States v. State Water Res. Control Bd.*, No. 2:19-cv-0547-LJO-EPG, 2019 WL 1746046, at *1 (E.D. Cal. Apr. 18, 2019). The United States acknowledges that "both this case and *Daimler* are already proceeding before this Court," Mot. 3:25-26, yet ignores the relevant consequences of that fact.[1]

[1] As Defendant Cliff has consistently argued, the "availability of other forums" in which a proposed intervenor can protect its asserted interests weighs against intervention. *E.g.*, ECF No. 132 at 7-8; ECF No. 172 at 4:16-21. That principle is not limited to instances in which the proposed intervenor seeks monetary compensation. *See, e.g.*, *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) (affirming denial of intervention where proposed intervenors could protect their interest in challenging unconstitutional policing practices in another forum); (continued…)

1

Second, the United States mistakenly suggests—again—that its participation will not disrupt the current briefing schedule. *See* Mot. 2:15-20. Such disruption is unavoidable: Defendant Cliff has already filed his cross-motion for judgment on the pleadings or, in the alternative, summary judgment, and opposition to AmFree's opening motion. ECF No. 174. Even assuming this Court grants the United States' motion to intervene—and does so as early as this week—Defendant Cliff would be filing a separate response to the United States' anticipated motion for summary judgment, and would need more than the default 14-day window to do so in light of the complexity of the issues raised and the competing demands on counsel's time (including ongoing briefing in the *Daimler* case). *See* ECF No. 170 at 2, ¶ 2 (existing parties' negotiated briefing schedule expressly did not "contemplate participation by the United States"). That the United States' desired motion for summary judgment would "overlap" with its *Daimler* motion, Mot. 2:23-26, does not erase the fact that counsel will still need to spend additional time to address it. *See* ECF No. 172 at 4:6-15. Conversely, the "overlap" underscores why the United States' participation here would be unduly burdensome and duplicative. *See id.*; *supra* at 1:9-19.

Third, any urgency the United States invokes in wanting to participate in the ongoing briefing is belied by its own actions. The United States could have filed the present motion, and/or its motion for leave to move for summary judgment, *in March*, when AmFree apprised all parties of its intent to move for judgment on the pleadings on April 1. ECF No. 172-4. Instead, the United States waited until April 20 to file its motion for leave—three weeks into Defendant Cliff's response period—and until *the eve of Defendant Cliff's filing deadline* to file its motion to expedite. ECF Nos. 169, 173. Had the United States truly wanted to "participate in the ongoing summary judgment briefing" (and assuming the Court would have allowed it to so participate), Mot. 2:16-17, it should have planned accordingly, not triggered additional opposition deadlines during Defendant Cliff's window to oppose and cross-move on AmFree's dispositive motion. *See* ECF No. 132 at 9 (opposing United States intervention in part based on the "significant resources" Defendant Cliff and the Court would need to expend as a result); *see also Martin v.*

---

*Greene v. United States*, 996 F.2d 973, 976-78 (9th Cir. 1993) (same result where interest concerned tribal fishing rights); *contra* Mot. 3:4-8.

2

*Castillo*, No. 25-cv-01123-KES-CDB, 2025 WL 2698623, at *2 (E.D. Cal. Sept. 22, 2025) (citing the "tremendous judicial resource emergency experienced throughout this District" and concluding that nothing "merit[ed] expedited or favored treatment" of the plaintiffs' case "to the detriment of other cases pending on the Court's docket").

Finally, although Defendant Cliff's filed merits brief triggers the United States' statutory right to intervene under 28 U.S.C. § 2403, that right applies only "to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality" of the challenged federal statutes, *id.*; it does not bestow an unconditional right to participate in the case, *see* ECF No. 177 at 3:7-21; *contra* Mot. 3:16-19 (suggesting the United States gains a "further," unbounded "right to intervene"). The controlling case law is unequivocal. Section 2403 "confers only a *limited* right" to "make an argument on the question of constitutionality." *Yniguez v. Arizona*, 939 F.2d 727, 739 (9th Cir. 1991). On issues that have "nothing to do with" that question, the authority granted by 28 U.S.C. § 2403 holds no sway. *Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994) (affirming district court decision to bar United States from joining motion unrelated to constitutionality issues). Thus, even if the United States moves to intervene pursuant to 28 U.S.C. 2403, that would not permit it to raise the affirmative arguments it seeks to make in its proposed summary judgment brief. *See Blair*, 38 F.3d at 1522. Nor could the United States' limited participation (or any participation) cure jurisdictional defects in the suit (such as AmFree's lack of standing). *See Yniguez*, 939 F.2d at 739 ("Before the Attorney General can assert any right at all there must be a viable proceeding …."); *accord* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1917 (3d ed. 2008)).[2]

In short, Defendant Cliff continues to oppose the United States' full participation in the case, as well as its attempts to inject itself into the briefing schedule well underway. Defendant Cliff respectfully requests that the Court deny the United States' motion to expedite.

---

[2] Section 2403 does not lend any support to the United States' request that the Court act on an expedited basis, either. The corresponding rule of civil procedure "does not specify when certification should be made, other than 'before a final judgment holding the [challenged] statute unconstitutional.'" *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 600 (W.D. Wash 2013) (quoting Fed. R. Civ. P. 5.1(c)). That does not convey any sense of urgency warranting expedition.

Dated:  June 1, 2026                    Respectfully submitted,


                                        */s/ Cecilia D. Segal*
                                        CECILIA D. SEGAL
                                        Deputy Attorney General

                                        *Attorneys for Defendant*

4