ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*
JOHN K. ADAMS
DAVID D. MITCHELL
(916) 554-2821
Environment & Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-9737
robert.stander@usdoj.gov
john.adams3@usdoj.gov
david.mitchell@usdoj.gov

ERIC GRANT
*United States Attorney*
501 I Street, Suite 10-100
Sacramento, California 95814
United States Department of Justice

*Counsel for United States*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, | No. 2:25-cv-03255-DC-AC |
| Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | **Statement of Undisputed Material Facts in Support of the United States' Motion for Summary Judgment** |
| Intervenors-Plaintiffs, | |
| v. | Date: August 7, 2026 |
| STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, | Time: 1:30 p.m.<br>Location: Courtroom 10, 13th Floor<br>Judge: Hon. Dena Coggins |
| Defendant. | |

Statement of Undisputed Material Facts

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260(a), Plaintiffs-Intervenors United States of America and the U.S. Environmental Protection Agency (collectively, "United States") respectfully submit this Statement of Undisputed Material Facts in support of their motion for summary judgment. The United States further notes that many of the publicly available and undisputed material facts below are judicially noticeable. *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of government information available to the public); *Poslof v. Attchley,* 2024 WL 4800027, at *3 n.6 (E.D. Cal. Nov. 15, 2024), R&R adopted, 2024 WL 5202480 (E.D. Cal. Dec. 23, 2024) ("The Court may take judicial notice of information on official government websites.") (collecting cases).

## UNDISPUTED MATERIAL FACTS

### I.  Clean Fleets, Clean Trucks, and Omnibus (Count I)

1.    In January of 2021, the California Air Resources Board (CARB) adopted the Advanced Clean Trucks Rule (Clean Trucks), an emissions standard for heavy-duty trucks that became effective in model year 2024. *See* California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision, 88 Fed. Reg. 20688, 20689 (Apr. 6, 2023), *available at* https://perma.cc/H2DP-9DXA.

2.    In September of 2021, CARB adopted the Omnibus Low NOx Rule (Omnibus), an emissions standard for heavy-duty trucks that became effective in model year 2024. *See* California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption; Notice of Decision, 90 Fed. Reg. 643, 644 n.3 (Jan. 6, 2025) (Omnibus finalized by CARB on September 9, 2021), *available at* https://perma.cc/AA2Q-9PGU.

3.    In April of 2023, CARB adopted the Advanced Clean Fleets Rule (Clean Fleets), an emissions standard for heavy-duty trucks that became effective in model year 2024. *See* California State Motor Vehicle Pollution Control Standards; Advanced Clean Fleets Regulation; Request for

Statement of Undisputed Material Facts                                                                                    1

Waiver of Preemption and Authorization; Opportunity for Public Hearing and Public Comment, 89 Fed. Reg. 57151 (July 12, 2024), *available at* https://perma.cc/PCD3-B6WC; *see also* Ex. 2 at 11 (CARB "adopted the proposed [Clean Fleets] [r]egulation"); Ex. 3 ("order[ing]" that the Clean Fleets' code sections be "adopted" into the California Code of Regulations).

4.      CARB initially proposed that its electric-vehicle mandate for heavy-duty trucks take effect in 2040 considering the challenges associated with transforming the production of heavy-duty trucks and infrastructure. *See* Ex. 4 at 254 (rejecting proposal from environmental groups that mandate take effect in 2036).

5.      CARB additionally recognized that Clean Trucks would be necessary to effect a full transition to electric vehicles. *See* Ex. 4 at 254.

6.      In April 2023, EPA granted a waiver request for Clean Trucks. *See* Notice of Decision, Advanced Clean Trucks Waiver of Preemption, 88 Fed. Reg. 20688, 20689 (Apr. 6, 2023), *available at* https://perma.cc/UWN8-BHCH.

7.      On June 12, 2025, the President signed bipartisan legislation disapproving EPA's waiver for Clean Trucks, such that Clean Trucks is "fully and expressly preempted by the Clean Air Act and cannot be implemented." Statement on Signing Legislation Regarding Congressional Disapproval of Environmental Protection Agency Rules Relating to Vehicle Fuel Efficiency Standards in California, 2025 Daily Comp. Pres. Doc. DCPD202500684 (June 12, 2025); H.R.J. Res. 87, 119th Cong. (2025); Pub. L. No. 119-15, June 12, 2025, 139 Stat. 65.

8.      In December 2024, just before the Presidential inauguration, EPA granted a preemption waiver request for Omnibus. *See* Notice of Decision, Omnibus Low Nox Regulation Waiver of Preemption, 90 Fed. Reg. 643 (Jan. 6, 2025), *available at* https://perma.cc/ZAL7-EH2X.

9.      On June 12, 2025, the President signed legislation disapproving EPA's waiver for Omnibus, such that Omnibus is "fully and expressly preempted by the Clean Air Act and cannot be implemented." Statement on Signing Legislation Regarding Congressional Disapproval of Environmental Protection Agency Rules Relating to Vehicle Fuel Efficiency Standards in California, 2025 Daily Comp. Pres. Doc. DCPD202500684 (June 12, 2025); H.R.J. Res. 89, 119th Cong. (2025); Pub. L. No. 119-17, June 12, 2025, 139 Stat. 67.

10.     CARB requested a waiver for Clean Fleets from EPA in July 2024. *See* California State Motor Vehicle Pollution Control Standards; Advanced Clean Fleets Regulation; Request for Waiver of Preemption and Authorization; Opportunity for Public Hearing and Public Comment, 89 Fed. Reg. 57151 (July 12, 2024), *available at* https://perma.cc/W5JF-GLFE.

11.     CARB withdrew the request for an EPA preemption waiver for Clean Fleets in January 2025. *See* Ex. 5.

12.     Clean Fleets was challenged in multiple lawsuits in federal court. *See* Dkt. 142 (Third Amended Complaint); *Daimler Truck North Am. LLC, et al. v. California Air Resources Board,* No. 2:25-cv-2255, Dkt. 1 (E.D. Cal. Oct. 31, 2025), Complaint, *Nebraska v. Cliff*, No. 2:24-cv-1364 (E.D. Cal.), Dkt. 1

13.     The California defendants in *Nebraska v. Cliff*, No. 2:24-cv-1364 (E.D. Cal. May 13, 2024), are under a court order not to enforce Clean Fleets' electric-vehicle mandate unless CARB obtains a Clean Air Act preemption waiver from EPA. *See* Dkt. 95, *Nebraska v. Cliff*, No. 2:24-cv-1364 (E.D. Cal. May 13, 2024).

14.     CARB has not indicated that it will repeal the electric-vehicle sale requirement. *See Daimler*, No. 2:25-cv-2255, Dkt. 73 at 5 ("EPA has not *yet* waived preemption for [Clean Fleets], and CARB has stipulated . . . that it will not enforce this requirement *until* it has such a waiver.") (emphases added).

## II.     Clean Truck Partnership (Count II)

15.     In July 2023, CARB Executive Officer signed a document styled as the "Clean Truck Partnership" with Daimler Truck North America LLC; PACCAR, Inc; International Motors, LLC; Volvo Group North America LLC; and other truck manufacturers. *See* Ex. 1.

a.     The CTP states: the parties entering the agreement "recogniz[e] the importance of … ensuring current and future CARB regulations affecting new [heavy-duty on-highway] vehicles and engines will achieve significant reductions of air pollutants from such vehicles and engines[.]" *Id*. at 1.

b.     The CTP states: "CARB staff commits to initiate the actions set forth in

Statement of Undisputed Material Facts                                                    3

[Appendix B] …. The intent of the actions set forth in Appendix B is … to amend the Omnibus Regulation's 2027 and later model year requirements to align with the United States Environmental Protection Agency's (U.S. EPA) Clean Trucks Plan … Oxides of Nitrogen (NOx) Final Rule[.]" *Id.* ¶ 1 (iii).

        c.      The CTP states: "The OEMs commit to meet, in California, the relevant provisions of the CARB regulations set forth in Appendices A and B, and any agreed upon modifications to such regulations as set forth in this Agreement, irrespective of the outcome of any litigation challenging the waivers or authorizations for those regulations or of CARB's overall authority to implement those regulations." *Id.* ¶ 2.

        d.      The CTP states: "CARB regulations set forth" in Appendix A of the Clean Truck Partnership are amendments to Omnibus Legacy Provisions in California Code of Regulations, title 13, section 1956.8. *Id.* App. A.

        e.      The CTP states: "CARB regulations set forth" in Appendix B of the Clean Truck Partnership are Omnibus Low NOx, Advanced Clean Trucks, "the 100 percent [zero-emission vehicle] sales requirement set forth in Cal. Code Regs[.] title 13, section 2016," the Zero Emission Airport Shuttle regulation, the Zero Emission Powertrain Certification Procedure, and the 2018 Heavy-Duty Warranty Amendments. *Id.* App. B at i–ii ¶¶ 1–5.

        f.      The CTP states: "California will maintain its certification program. That is, manufacturers will still be required to submit applications for certification including test data, certification documents, etc. to demonstrate compliance with applicable California requirements. CARB will independently evaluate whether to issue Executive Orders." *Id.* at App. B at i ¶ 1.

**III.    August 2025 Manufacturers Advisory Correspondence**

16.     In August 2025, CARB issued a Manufacturers Advisory Correspondence (MAC) ECCD-2025-08 (August 25, 2025) in response to this lawsuit. *See* Ex. 6.

        a.      The August 2025 MAC states: "Manufacturers who seek and obtain certification through either" the Clean Truck Partnership or "the regulations covered by the waivers that were targeted by the congressional resolutions . . . will have confidence that they are in compliance

Statement of Undisputed Material Facts              4

with their obligations under CARB's regulations (or under the Clean Truck Partnership, as applicable)." *Id*. at 2.

        b.      The August 25, 2025 MAC states: "Manufacturers who are parties to the [CTP] may also continue to seek, and CARB will continue to process[] applications for[,] CARB certification on the terms provided for in that agreement." *Id*. at 2.

        c.      The August 2025 MAC contains "alternative pathways" for manufacturers to seek CARB certification. *Id*. at 2–3.

        d.      The August 2025 MAC states: "Manufacturers choosing these pathways should be advised, however, that CARB reserves its right to enforce the regulations covered by the waivers targeted by the congressional resolutions in the event a court of law holds those resolutions invalid, including with respect to model years that such manufacturers ask CARB to certify under these alternative pathways." *Id*. at 3.

## IV.      CARB's State Court Action

17.     On October 27, 2025, CARB sued the truck manufacturers involved in this litigation—Daimler Truck North America LLC; International Motors, LLC; PACCAR Inc.; and Volvo Group North America LLC—in the Superior Court of California, County of Alameda. *See Daimler*, No. 2:25-cv-2255, Dkt. 85-1 (state court complaint). CARB did not sue other truck manufacturers who signed the Clean Truck Partnership.

18.     On December 2, 2025, CARB tried to serve Daimler Truck North America LLC; International Motors, LLC; PACCAR Inc.; and Volvo Group North America LLC its state court complaint. Ex. 11.

19.     CARB obtained an order from the state court in March 2026 staying the case until February 2027, even though CARB has not served its complaint. *See* Exs. 12 at 2 ("CARB has not served the Summons and Complaint on the Manufacturers in this case."), 13 (order staying case).

Statement of Undisputed Material Facts          5

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

Dated: June 22, 2026    /s/ David Mitchell
           JOHN K. ADAMS
ERIC GRANT      DAVID D. MITCHELL
*United States Attorney*  United States Department of Justice
501 I Street, Suite 10-100 Environment & Natural Resources Div.
Sacramento, California 95814 P.O. Box 7611
(916) 554-2821    Washington, D.C. 20044-7611
           (202) 598-9737
           robert.stander@usdoj.gov
           john.adams3@usdoj.gov
           david.mitchell@usdoj.gov

           *Counsel for United States*

Statement of Undisputed Material Facts            6