# Exhibit 10



## ASSISTANT ADMINISTRATOR FOR AIR AND RADIATION

### WASHINGTON, D.C. 20460

March 11, 2025

Steven S. Cliff, Ph.D.
Executive Officer
California Air Resources Board

**Submitted electronically to:** staff@oal.ca.gov.

**SUBJECT:   U.S. ENVIRONMENTAL PROTECTION AGENCY'S COMMENT ON CALIFORNIA AIR RESOURCES BOARD'S EXTENSION OF THE EMERGENCY AMENDMENT AND ADOPTION OF VEHICLE EMISSIONS REGULATION**

Dear Dr. Cliff:

I write on behalf of the U.S. Environmental Protection Agency (EPA or "the Agency") in response to California Air Resource Board's (CARB) proposed extension to the "emergency amendment" and adoption of vehicle emissions regulations ("Emergency Vehicle Emissions Regulation"). During our initial comment on the Emergency Vehicle Emissions Regulation, we raised significant legal concerns regarding CARB's ability to adopt and implement the Emergency Vehicle Emissions Regulation absent further engagement with EPA. Unfortunately, CARB appears to have maintained its flawed position and is now proposing to extend that action.

We once again strongly object to CARB's approach on the ground that Clean Air Act (CAA) section 209(a) broadly preempts any State or political subdivision thereof from adopting to attempting to enforce emission standards for new motor vehicles and engines absent a valid waiver of preemption from EPA under CAA section 209(b).[1] This action and supporting public statements by CARB appear to be an attempt to usurp Federal law and exert control over light-, medium- and heavy-duty vehicle and engine manufacturers through a combination of express and implied threats of enforcement.

To be clear, no light-, medium-, or heavy-duty vehicle or engine manufacturer is required to meet any California regulations that implement Advanced Clean Cars II (ACC II), Advanced Clean

---

[1] To note, CARB has once again provided five calendar days to comment on this "emergency." That is plainly insufficient to solicit meaningful input from interested parties and stands in stark contrast to comments previously submitted by California on EPA proposed regulations that 45 days (9 times longer than CARB's comment period) is insufficient to allow for substantive public input.

Trucks (ACT), and "Omnibus" Low NOx regulations, nor would any manufacturer be required to comply with any California regulations that otherwise purport to regulate vehicle or engine emissions without a valid preemption waiver applicable to the particular regulation at issue. Any threat by CARB to enforce those is baseless and could itself amount to a violation of the preemptive effect of CAA section 209(a), which extends to attempts to enforce such a regulation without a valid waiver.

Because CARB did not respond or otherwise acknowledge the previous comments submitted on behalf of EPA on the prior action, we reiterate those again below. If CARB moves forward with this extension or otherwise seeks to adopt or attempt to enforce any emission standard absent a valid waiver—including any new waiver required for an "amended" or "extended" standard— EPA stands ready and will take appropriate legal action to seek immediate relief for violations of Federal law and protect the American people from unnecessary and unlawful overreach. As stated previously, the Agency submits this letter for consideration during this further emergency rulemaking voluntarily and without prejudice to any future determination, legal argument, or assertion of right.

As you know, the CAA vests EPA with exclusive authority to promulgate emission standards for new motor vehicles and engines and broadly preempts any State or political subdivision thereof from adopting or attempting to enforce its own standards. Specifically, CAA section 209(a) provides that no State or political subdivision "shall adopt or enforce any standard relating to the control of emissions from new motor vehicles or new motor vehicle engines subject to this part." 42 U.S.C. § 7543(a). Further, no State "shall require certification, inspection, or any other approval relating to the control of emissions from any new motor vehicle or new motor vehicle engine as condition precedent to the initial retail sale, titling (if any), or registration of such motor vehicle, motor vehicle engine, or equipment." *Id.*

For California to adopt or attempt to enforce any new motor vehicle or engine emission standard, therefore, it must obtain a waiver under CAA section 209(b). Specifically, CAA section 209(b) authorizes EPA to waive preemption if California determines that the relevant standard "will be, in the aggregate, at least as protective of public health and welfare as applicable Federal standards." 42 U.S.C. § 7543(b)(1). For EPA to issue a waiver, the Administrator must find, after notice and an opportunity for a public hearing, that California's determination is not "arbitrary and capricious," that California needs such standard "to meet compelling and extraordinary conditions," and that the standard and its enforcement procedures are "consistent with" CAA section 202(a). *Id.* § 7543(b)(1)(A)-(C).

Consistent with the express requirements of CAA section 209, EPA expects that CARB will submit any presumptively final regulation resulting from this emergency rulemaking to the Agency before adopting or attempting to enforce any new or amended standard applicable to new motor vehicles or engines. Until and unless EPA waives preemption for any such new or amended standard under CAA section 209(b), no such standard may have legal force or effect.

EPA is deeply troubled by statements from CARB, including in the Emergency Vehicle Emissions Regulation and proposed extension, that there is "uncertainty" regarding the status of CARB's ACC II, ACT, and "Omnibus" Low NOx regulations. There is no uncertainty that, as a consequence of bipartisan Congressional Review Act (CRA) resolutions enacted into law on June 10, 2025, EPA's prior waivers for these provisions have no force and effect and the provisions are therefore preempted by CAA section 209(a).[2] Nor is there uncertainty that, as a further consequence of the bipartisan CRA resolutions, EPA is barred from waiving preemption for any standard that is "substantially the same" as those in the ACC II, ACT, or Omnibus Low NOx regulations. 5 U.S.C. § 801(b)(2).

Thus, CARB may not continue to enforce or require certification of preexisting regulations, including Advanced Clear Cars I (ACC I), unless the standards therein were submitted to EPA and are the subject of an extant EPA waiver rule under CAA section 209(b). Further, even if a preexisting regulation previously obtained a waiver, such waiver is no longer extant if the regulation became ineffective at any time, whether through the passage of time, repeal, or by any other means.

If CARB wishes to adopt new or amended standards in this rulemaking that differ in any way from provisions already subject to an extant preemption waiver, CARB must submit a new waiver request and receive a waiver from EPA under CAA section 209(b) before CARB can adopt or attempt to enforce any such standard. This includes adding standards in any new sections of the California Code of Regulations, or combining standards in regulations that were previously separate, or applying standards to different model years. Any such regulation cannot be finalized or enforced, including by requiring certification, until after submission to and review by EPA. Among other issues, EPA will assess whether such standard meets the requirements of CAA section 209(b) and whether such standard reinstates any provisions from the ACC II, ACT, or Omnibus Low NOx regulations.

If you have questions, you are welcome to contact me, or your staff may contact Alexander Dominguez, Deputy Assistant Administrator for Mobile Sources at Dominguez.Alexander@EPA.gov.

Sincerely,

Aaron Szabo
Assistant Administrator

cc:    Nina Tantraphol (Nina.Tantraphol@slc.ca.gov)
       cotb@arb.ca.gov
       Alexander Dominguez (Dominguez.Alexander@EPA.gov)

---

[2] H.J. Res. 87, Pub. L. No. 119-15; H.J. Res. 88, Pub. L. No. 119-16; H.J. Res. 89, Pub L. No. 119-17.