# Exhibit 12

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT (SBN 344239)
MICHAEL S. DORSI (SBN 281865)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3802
  Fax:  (415) 703-1107
  E-mail:  Michael.Dorsi@doj.ca.gov
*Attorneys for Plaintiff*
*California Air Resources Board*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
02/19/2026 at 04:04:43 PM
By: Michael Moore Jr.,
Deputy Clerk

EXEMPT FROM FILING FEES
PURSUANT TO GOVERNMENT
CODE SECTION 6103

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| **CALIFORNIA AIR RESOURCES BOARD,** | Case No. 25CV151420 |
| Plaintiff, | |
| v. | **CASE MANAGEMENT CONFERENCE STATEMENT** |
| **DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC., & VOLVO GROUP NORTH AMERICA LLC, AND DOES 1-100, INCLUSIVE,** | Date:         March 2, 2026<br>Time:         2:30 p.m.<br>Dept:         21<br>Judge:       Hon. Somnath Raj Chatterjee |
| Defendants. | Trial Date:   Not Set<br>Action Filed: Oct. 27, 2025 |

1

## INTRODUCTION

Plaintiff California Air Resources Board (CARB) filed this case to seek remedies under state contract law against Defendants Daimler Truck North America LLC, International Motors, LLC, PACCAR Inc., and Volvo Group North America LLC ("Manufacturers"). The allegations in the Complaint arise out of an agreement referred to as the Clean Truck Partnership (CTP). The Manufacturers made commitments under the CTP to reduce emissions from diesel truck engines. When CARB filed this case, the Manufacturers had already challenged the CTP in federal court and were joined by the United States federal government as Plaintiff-Intervenor. Shortly after CARB filed this case, the United States obtained a partial injunction that, *inter alia*, "enjoin[ed] CARB from enforcing the Clean Truck Partnership by seeking specific performance as a remedy in [this] lawsuit." (Order at p. 34, fn. 22, attached to previously-filed Declaration of Michael S. Dorsi as Exhibit 1.)

Consistent with the preliminary injunction and considering the positions taken by counsel for the Manufacturers and the United States in the related federal case, CARB has not served the Summons and Complaint on the Manufacturers in this case. Because no other party has been served or made a general appearance, CARB submits this Case Management Conference Statement only on its own behalf.

CARB and the Manufacturers disagree about the extent of the federal court's injunction, complicating these proceedings. However, even on the understanding of the injunction most favorable to CARB—that CARB may move forward with causes of action other than specific performance—it would be challenging to move this case forward on the other causes of action while the injunction remains in place. Accordingly, CARB recommends that the Court enter an order staying this case, with the stay to be revisited at a case management conference in February 2027. In the alternative, CARB would propose that the Court enter an order extending the time to serve the Summons and Complaint by one year.

## BACKGROUND

Plaintiff CARB entered into the CTP with Defendants Daimler Truck North America LLC, International Motors, LLC, PACCAR Inc., and Volvo Group North America LLC, along with

other truck and engine manufacturers and their trade association.[1] The agreement was executed on July 5, 2023. CARB fulfilled its commitments under the CTP.[2] The Manufacturers and their trade association, however, announced on August 10 and 11, 2025 in identically-worded letters that they would no longer honor the agreement: specifically, that they would "make decisions about the type and quantity of vehicles [they sell] without regard to whether those decisions are compliant with any restrictive terms of the CTP."[3] Also on August 11, 2025, the Manufacturers sued CARB in the United States District Court for the Eastern District of California. (Complaint, *Daimler Truck N. Am. LLC v. Cal. Air Res. Bd.*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 11, 2025), ECF No. 1.) The Manufacturers sought—as did the United States upon subsequently intervening—a preliminary injunction restraining CARB from a number of actions, including enforcing the CTP. (*Id.* at ECF Nos. 23, 57, 74.)

On Monday, October 27, 2025, CARB filed its Complaint in this case in Alameda County Superior Court.[4] CARB promptly notified the Manufacturers and the federal District Court of this case. On the following Friday, October 31, 2025, before CARB was able to serve the Complaint in this case, the federal District Court heard argument on the requests for a preliminary injunction presented by the Manufacturers and the United States. Later that same day, after taking the matter under submission, the District Court issued an order denying most of the requested relief, but

---

[1] CARB provided a more thorough explanation of this background in *Daimler Truck N. Am. LLC v. Cal. Air Res. Bd.*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 11, 2025), at ECF Nos. 73 (Opposition to Preliminary Injunction) and 73-34 (Declaration of Kimberly Heroy-Rogalski). All ECF citations in this Memorandum are to the *Daimler* case in the federal District Court. These documents are available on PACER and CARB can provide copies upon request.

[2] *Clean Truck Partnership Commitments – Status and Outcome*, https://ww2.arb.ca.gov/clean-truck-partnership  [last updated Dec. 6, 2024].

[3] E.g., Letter (Aug. 10, 2025), https://www.ftc.gov/system/files/ftc_gov/pdf/Daimler-Truck-Letter-of-Commitment-081025.pdf.

[4] Although all four Defendants are not residents of California, the federal District Court does not have jurisdiction over this case because (1) CARB, as an agency of the State of California, is not a resident of California for purposes of federal court diversity jurisdiction, and (2) there is no federal question jurisdiction because CARB's claims arise under state law. (See *Moor v. County of Alameda* (1973) 411 U.S. 693, 717.) State-law claims asserted by the four Defendants, as plaintiffs in the District Court, cannot be asserted under supplemental jurisdiction because they are barred by the Eleventh Amendment. (See *Pennhurst State School & Hosp. v. Halderman* (1984) 465 U.S. 89, 99.) This Court has jurisdiction to hear contract disputes arising from a contract entered into in California, and Alameda County is a permissible venue under California Code of Civil Procedure section 395, subdivision (a). In addition to Alameda County being a permissible venue, CARB believes that, unlike most counties in California, Alameda County is home to dealerships that sell trucks with engines made by all four of the Defendants.

3

enjoining enforcement of the CTP. The District Court explained the application of its injunction to this case as follows:

> At the October 31, 2025 hearing, Plaintiffs-Intervenors [the United States[5]] requested the court enjoin CARB from pursuing the breach-of-contract lawsuit it filed against OEM Plaintiffs in Alameda County Superior Court. The court clarifies that this injunction includes enjoining CARB from enforcing the Clean Truck Partnership by seeking specific performance as a remedy in that lawsuit.

(Order at p. 34, fn. 22, attached to previously-filed Declaration of Michael S. Dorsi as Exhibit 1.)

CARB understood—and, to this day, understands—that the District Court enjoined CARB from seeking specific performance of the CTP, but did not enjoin other components of CARB's Complaint in this case. Indeed, only CARB's First Cause of Action seeks specific performance. The Complaint's Second, Third, and Fourth Causes of Action seek compensation under theories of breach of contract (for reliance damages—i.e., the cost CARB incurred to comply with the CTP), rescission, and breach of the implied covenant of good faith and fair dealing.

On December 2, 2025, counsel for CARB contacted counsel for the Manufacturers. No defendant agreed to accept service, and counsel for some of the Manufacturers indicated their view that it would violate the District Court's injunction to serve the Summons and Complaint. Counsel at the United States Department of Justice, representing the United States as a Plaintiff-Intervenor in the federal District Court, also asserted that service of the Complaint would violate the preliminary injunction. CARB's counsel then offered to seek a stay of this entire case while the preliminary injunction remained in place. As the deadline for service approached, the Manufacturers did not respond to CARB's further inquiries.

On December 23, 2025, CARB applied, *ex parte*, for an order extending time to serve the Summons and Complaint. This Court granted the request, issuing the Order on December 24, 2025. CARB provided a copy to Manufacturers' counsel in the federal case by email.

As to the management of this case, counsel for Daimler stated their preference for a dismissal of this case, but offered no authority for the proposition that a preliminary injunction (or

---

[5] The Manufacturers—Plaintiffs in the District Court and Defendants in this case—could not have obtained an injunction against a pending suit in state court due to the prohibition on such remedies in the Anti-Injunction Act. (28 U.S.C. § 2283.) However, the Anti-Injunction Act "does not apply to injunctions issued at the request of the United States." (*SEC v. Wencke* (9th Cir. 1978) 577 F.2d 619, 623, citing *Leiter Minerals, Inc. v. United States* (1957) 352 U.S. 220.)

4

more specifically, a partial grant of a preliminary injunction) in one case can compel dismissal of a different case. The conventional remedy in an injunction against suit is a stay, not a dismissal.

## CASE MANAGEMENT RECOMMENDATION

The current partial grant of preliminary injunction from the federal District Court makes it difficult to manage this case in a way that moves it toward final disposition. Even adopting CARB's view of the injunction, which would permit CARB to move forward with three of its causes of action, such an approach may not be administrable. CARB's three causes of action that are not enjoined operate in the alternative to the cause of action for specific performance. And because the causes of action turn on overlapping issues, the Court should not attempt to move only part of this case forward.

### Recommendation: Stay of Entire Case

Plaintiff CARB recommends that this Court issue an order staying this entire case while the preliminary injunction is in place, with a provision that, in the event of a change to the injunction in the federal case, any party may make a noticed motion—or, if and only if time is of the essence, an *ex parte* application—to lift the stay.

A stay would provide scheduling predictability to the parties and the Court. A trial court has the power to stay proceedings. (See *Bailey v. Fosca Oil Co.* (1963) 216 Cal.App.2d 813, 817.) Courts often employ stays when multiple cases address related issues, enabling the court's management of the multiple cases. (See, e.g., *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 302.) A stay of the state court case is the remedy contemplated in the Anti-Injunction Act. (See 28 U.S.C. § 2283 ["A court of the United States may not grant an injunction to stay proceedings in a State court except . . . ."].) The United States' exemption from that Act, see *SEC v. Wencke* (9th Cir. 1978) 577 F.2d 619, 623, is the reason the preliminary injunction could issue here. In staying the case, the Court should also specify that CARB's time to serve the Summons and Complaint are tolled during the stay.

If the Court is inclined against imposing a stay, CARB proposes alternatively that the Court issue an order extending the time to serve the Summons and Complaint by one year. Per the terms of such order, CARB would not serve the Manufacturers until the disputes related to the

5

preliminary injunction are addressed by the federal District Court. This Court has the power to extend CARB's time to serve. (See, e.g., Cal. Rules of Court, Rule 3.110(e).)

In either case, CARB proposes that the Court then set another case management conference on a date convenient for the Court in or after February 2027. If the Court does not act, CARB would be required by state law to serve the Summons and Complaint. (See Gov. Code, § 68616, subd. (a).)

## CONCLUSION

Given the practical difficulties of having parts of this case proceed while the federal District Court's preliminary injunction is in effect, this Court should impose a stay of this entire case until the preliminary injunction is lifted, or in the alternative, issue a one-year extension of the time to serve the Summons and Complaint.

Dated:  February 19, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

MICHAEL S. DORSI
Deputy Attorney General
*Attorneys for Plaintiff*
*California Air Resources Board*

SF2025402510
44969210

6

Plaintiff CARB's Case Management Conference Statement (25CV151420)