Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, | ) No. 2:25-cv-03255-DC-AC ) |
| Plaintiff, | ) ) **PLAINTIFF'S OBJECTIONS TO** |
| v. | ) **DEFENDANT'S REQUEST FOR** ) **JUDICIAL NOTICE IN SUPPORT OF** |
| STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, | ) **DEFENDANT'S CROSS-MOTION FOR** ) **JUDGMENT ON THE PLEADINGS OR,** ) **IN THE ALTERNATIVE, SUMMARY** ) **JUDGMENT** |
| Defendant. | ) ) |
| | ) **Date: August 7, 2026** ) **Time: 1:30 PM** ) **Place: Courtroom 10, 13th Floor** ) **Judge: Hon. Dena Coggins** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ......................................................................................................... 1

I.      Cliff Fails to Identify Any Fact in Any Exhibit That Is Fit for Judicial
        Notice ................................................................................................................ 2

II.     Nearly All the Exhibits Are Irrelevant ............................................................ 3

III.    Many of the Exhibits Contain Disputed Facts or Legal Conclusions ................ 5

CONCLUSION .............................................................................................................. 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bird v. Globus Med., Inc.*,
No. 19-cv-1024, 2020 WL 5366300 (E.D. Cal. Sept. 8, 2020)...................................................5

*Daimler Truck N. Am. LLC v. CARB*,
No. 2:25-CV-02255-DC-AC, 2025 WL 3049944 (E.D. Cal. Oct. 31, 2025)............................ 4

*DalPoggetto v. Wirecard AG*,
No. CV 19-0986 FMO (SKx), 2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) ......................... 2

*Flick v. Liberty Mut. Fire Ins. Co.*,
205 F.3d 386 (9th Cir. 2000).......................................................................................................3

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ..................................................................................................................... 4

*Fuller v. Warden*,
No. 2:25-CV-00781-DC-CKD (HC), 2026 WL 29971 (E.D. Cal. Jan. 5, 2026).......................3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ...................................................................................................2, 5

*Milne v. Stephen Slesinger, Inc.*,
156 F. App'x 960 (9th Cir. 2005)............................................................................................5, 7

*In re PG&E Corp. Sec. Litig.*,
806 F. Supp. 3d 962 (N.D. Cal. 2025) .......................................................................................5

*Ruiz v. City of Santa Maria*,
160 F.3d 543 (9th Cir. 1998).......................................................................................................3

*Santa Monica Food Not Bombs v. City of Santa Monica*,
450 F.3d 1022 (9th Cir. 2006).....................................................................................................3

*Sinatro v. Barilla Am., Inc.*,
635 F. Supp. 3d 858 (N.D. Cal. 2022)....................................................................................... 2

*Stamas v. County of Madera*,
795 F. Supp. 2d 1047 (E.D. Cal. 2011) ..................................................................................... 2

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003).......................................................................................................5

*Weeks v. Home Depot U.S.A., Inc.*,
  No. CV 19-6780 FMO (ASx), 2020 WL 1652539 (C.D. Cal. Jan. 21, 2020) ........................2, 3

**Statutes**

42 U.S.C. § 7543(a) .................................................................................................................4, 5

**Regulations**

88 Fed. Reg. 4,296 (Jan. 24, 2023) ........................................................................................ 6

**Other Authorities**

CARB, *Draft Truck v. Train Emission Analysis* (Sept. 23, 2020),
  https://perma.cc/G2M9-9VK2 ........................................................................................ 6

Fed. R. Evid. 201(b) .................................................................................................................5

Fed. R. Evid. 401 .....................................................................................................................3

U.N. Econ. & Soc. Comm'n for Asia & the Pacific, *Uncertainty in Climate Change
  and Climate Action* (July 2, 2025), https://perma.cc/SG3D-377R .......................................... 6

## INTRODUCTION

Defendant Steven S. Cliff ("Cliff") requests judicial notice under Federal Rule of Evidence 201 of "[t]he existence and contents of" 61 exhibits in support of his Opposition to Plaintiff American Free Enterprise Chamber of Commerce ("AmFree")'s Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment and in support of Cliff's Cross-Motion for the same. Defendant's Request for Judicial Notice ("Def.'s RJN"), ECF No. 176; *see also* Def.'s Mem. in Opp. to Pl.'s Mot. for Summ. J. on the Pleadings or, in the Alternative, Summ. J. and in Support of Def.'s Cross-Mot. for J. on the Pleadings or, in the Alternative, Summ. J. ("Def.'s Mem."), ECF Nos. 174, 175.[1] For the following reasons, AmFree respectfully objects to Cliff's requests.

## ARGUMENT

AmFree objects to Cliff's request on multiple grounds. First, Cliff fails to identify which facts within the 61 exhibits, spanning 875 pages, he seeks judicial notice for, which is disqualifying. Second, nearly all Cliff's exhibits are unfit for judicial notice because they are irrelevant to the sole question before this Court: whether the California Air Resources Board ("CARB")'s "Clean Truck Partnership" ("Partnership") agreement with heavy-duty truck manufacturers is an illegal attempt to enforce state emissions standards that are preempted under the Clean Air Act. Third, many of the assertions in the exhibits are subject to reasonable dispute or are more appropriately characterized as legal conclusions, neither of which are proper subjects for judicial notice. This Court should therefore decline to judicially notice the contents of all exhibits except Exhibits 6 and 12[2] and the existence of the irrelevant exhibits (Exhibits 1–5, 11, 13, 15–47, and 49–61[3]). AmFree does not object to judicial notice of the existence of Exhibits 7–10, 14, and 48, which document

---

[1] The memoranda filed as ECF Nos. 174 and 175 are identical, so these Objections reference ECF No. 174, only.

[2] AmFree does not object to judicial notice of the existence and contents of Exhibits 6 and 12 because AmFree explains their relevance in its own Request for Judicial Notice, in which they are exhibits 8 and 15, respectively. AmFree filed that Request simultaneously with these objections.

[3] Cliff does not even request judicial notice of Exhibit 56. *See* Def.'s RJN ¶¶ 55–56.

Pl.'s Objections to Def.'s Req. for Jud. Not.                                    Page 1

Cliff's efforts to coerce compliance with the Partnership. But judicial notice of the contents of those exhibits is inappropriate under Cliff's request because the exhibits contain irrelevant material, disputed factual assertions, and legal conclusions—none of which is fit for judicial notice—and Cliff makes no attempt to winnow the wheat from the chaff.

**I.    Cliff Fails to Identify Any Fact in Any Exhibit That Is Fit for Judicial Notice**

"Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019). Therefore, when a requester "fails to point out which facts in each exhibit are susceptible to judicial notice," that requester seeks "'overuse and improper application of judicial notice[.]'" *Weeks v. Home Depot U.S.A., Inc.*, No. CV 19-6780 FMO (ASx), 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020) (quoting *Khoja*, 899 F.3d at 998); *see also, e.g.*, *Stamas v. County of Madera*, 795 F. Supp. 2d 1047, 1061 (E.D. Cal. 2011) (declining judicial notice of a map because "[t]here is no … indication of [the] portion of the map that may be relevant to this proceeding"); *Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858, 871 (N.D. Cal. 2022) (declining judicial notice where defendant "does not explain the significance or relevance of these materials in its RJN or how they bear on Plaintiffs' claims"); *DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKx), 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (declining judicial notice "[b]ecause defendants do not identify which facts within the exhibits they ask the court to judicially notice nor do they explain why the court can judicially notice those facts").

Cliff requests judicial notice of both "[t]he existence and contents of" 61 documents, spanning hundreds of pages, but argues only that each is the general type of document susceptible to judicial notice. Def.'s RJN at 12:16–18 ("documents … publicly available from governments"); *id.* at 13:1–6 ("[p]ress releases"); *id.* at 14:7–8 ("webpages and social media posts"); *id.* at 13:21–23 ("adjudicative facts appearing in newspapers"); *id.* at 14:2–4 ("court filings"). Cliff identifies no particular fact within those exhibits for which he seeks notice, makes no individualized argument that any fact is judicially noticeable, and does not attempt to show that any fact is true. *Id.* at 13:9–15:5. This makes it practically impossible for AmFree or this Court to assess Cliff's

request. Because Cliff's request is an "overuse and improper application" of judicial notice, AmFree objects to notice of the contents of all exhibits except Exhibits 6 and 12. *Weeks*, 2020 WL 1652539, at *1 (quoting *Khoja*, 899 F.3d at 998).

## II.    Nearly All the Exhibits Are Irrelevant

Moreover, most of Cliff's exhibits are not proper subjects for judicial notice because they "are not relevant to the resolution of" the issues before the Court. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining judicial notice of irrelevant documents); *accord, e.g.*, *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998). This Court has previously declined to judicially notice irrelevant materials, *Fuller v. Warden*, No. 2:25-CV-00781-DC-CKD (HC), 2026 WL 29971, at *1 n.1 (E.D. Cal. Jan. 5, 2026) (Coggins, J.), and should do so here, too.

Most of Cliff's exhibits are irrelevant because they do not have a "tendency to make a fact" that "is of consequence in determining the action" either "more or less probable than it would be without the evidence." Fed. R. Evid. 401. This case presents no questions of fact and only a single question of law: whether the Partnership, which requires the manufacturers to meet California's Omnibus, Advanced Clean Trucks ("ACT"), and Advanced Clean Fleets ("ACF") emissions standards, is an illegal "attempt to enforce" those emissions standards that are preempted under Section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a). *See* Pl.'s Mem. in Supp. of Mot. for J. on the Pleadings or, in the Alternative, Summ. J., ECF No. 166-1.[4]

Specifically, Cliff's exhibits concerning the process by which Congress enacted Resolutions disapproving waivers of Clean Air Act preemption for California's Omnibus and ACT standards (Exhibits 2, 5, 27–46, 59–61) are irrelevant to the legality of the Partnership. The Resolutions do

---

[4] Cliff attempts to relitigate whether AmFree has standing, Def.'s Mem. at 8–17, but that has already been resolved in AmFree's favor, and is therefore not at issue before this Court, Mem. Op. & Order at 3–5, ECF No. 145. Regardless, the wide-ranging exhibits Cliff references in his challenge to standing, Def.'s Mem. at 11–15, do not undermine AmFree's declarants' verified statements that they have been and are being harmed by the Partnership, and so are not relevant to that question.

not affect California's ACF model year 2036 zero-emissions sales requirement, which the Partnership also attempts to enforce, and which renders the entire Partnership unlawful, regardless of the status of the Omnibus and ACT waivers. *See Daimler Truck N. Am. LLC v. CARB*, No. 2:25-CV-02255-DC-AC, 2025 WL 3049944, at *17 (E.D. Cal. Oct. 31, 2025) (enjoining enforcement of entire Partnership). And this Court lacks jurisdiction to consider Cliff's arguments that the Resolutions related to the Omnibus and ACT standards are unlawful, Def.'s Mem. at 26–34. *See* Pl.'s Reply. in Supp. of Mot. and Opp'n to Def.'s Cross-Mot. ("Pl.'s Reply"), Part III.B.[5]

Nor are Cliff's exhibits concerning the alleged feasibility of the Omnibus, ACT, and ACF standards, and whether manufacturers intend to comply with the Partnership in the future, (Exhibits 11, 13, 15–20, 22–26, 47, 49–58) relevant. These exhibits run the gamut, from a graph from the Federal Reserve Bank of St. Louis (Exhibit 16) to an article about electric school buses (Exhibit 52). But whether the Partnership is feasible and whether manufacturers will comply do not bear on the wholly legal question of whether the Partnership is an "attempt to enforce" California's preempted standards. 42 U.S.C. § 7543(a). Exhibit 3, a stipulation that CARB filed in other litigation saying that it will not enforce the ACF 2036 zero-emissions sales requirement unless it first obtains a waiver of Clean Air Act preemption, is also irrelevant to the Partnership's legality. That stipulation does no more than acknowledge the supremacy of federal law, which prohibits California from directly enforcing ACF without a waiver. 42 U.S.C. § 7543(a). The stipulation does not disclaim California's authority or intent to enforce the requirement as part of the Partnership, which purports to commit the manufacturers to compliance "irrespective … of CARB's overall authority."[6] Partnership Agreement at 3, ECF No. 142-2. This Court should therefore decline to take judicial notice of both the existence and contents of Exhibits 1, 2, 15–20, 22–26, 47, and 49–58.

---

[5] AmFree filed its Reply simultaneously with these Objections.

[6] These exhibits are also irrelevant to AmFree's standing—assessed at the time it filed suit, *see Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)—which doesn't depend on the feasibility of the standards, any manufacturer's future compliance, or any decision by Cliff to disclaim future enforcement. At most, future compliance and enforcement of the Partnership would speak to mootness, which Cliff has not argued. *See* Pl.'s Reply, Part I.C.1.

Similarly, Exhibit 4, a CARB publicity statement describing the Partnership as a "collaboration," is irrelevant to the Partnership's legality. CARB's characterization of the Partnership in a press release cannot trump the Partnership's terms, and, in any event, states may not "attempt to enforce" preempted standards even if the regulated parties agree with the attempt. 42 U.S.C. § 7543(a); *see* Pl.'s Reply, Part II.A. Exhibits 11 and 13, which concern the Federal Trade Commission's investigation of the Partnership and related antitrust litigation are likewise irrelevant because no question of antitrust law is before this Court in this case. And Exhibit 21, a list on CARB's website of ACF meetings and events, similarly has no bearing on the Partnership's legality under federal law. Indeed, Cliff never even cites Exhibit 21 in his opposition and cross-motion.

In sum, because they are irrelevant to the sole legal question at issue in this case, this Court should decline to judicially notice both the existence and contents of exhibits 1–5, 11, 13, 15–47, and 49–61.[7]

**III.    Many of the Exhibits Contain Disputed Facts or Legal Conclusions**

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact" only "if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (same); *In re PG&E Corp. Sec. Litig.*, 806 F. Supp. 3d 962, 985 (N.D. Cal. 2025) ("courts may take judicial notice of the existence and contents of a public record but may not take notice of the truth of any disputed facts within that record"). Moreover, legal conclusions are not appropriate for judicial notice. Fed. R. Evid. 201(b) (permitting judicial notice of "fact[s]"); *Milne v. Stephen Slesinger, Inc.*, 156 F. App'x 960, 961 (9th Cir. 2005) ("legal conclusions" are "improper for judicial notice"); *accord Bird v. Globus Med., Inc.*, No. 19-cv-1024, 2020 WL 5366300, at *1 (E.D. Cal. Sept. 8, 2020) ("declin[ing] to take judicial notice of anything in the exhibits that may be construed as a legal conclusion"). Cliff's

---

[7] AmFree concedes that portions of Exhibits 7–10, 14, and 48 may be relevant because they pertain to Cliff's efforts to coerce compliance with the Partnership and the Federal Trade Commission's assessment of those efforts. But because Cliff makes no effort to sort relevant facts from irrelevant material, contested factual assertions, and legal conclusions, for purposes of Cliff's request, this Court should decline to judicially notice the contents of these exhibits. *See supra*, Part I.

exhibits are rife with reasonably disputed facts and legal conclusions, which are inappropriate for judicial notice.

Because Cliff never identifies the statements for which he seeks notice, *see supra*, Part I, AmFree cannot specifically object to every assertion that is subject to reasonable dispute or a legal conclusion. Nevertheless, AmFree, at the least, objects to the following assertions in Cliff's exhibits. By specifically objecting to judicial notice of these assertions, AmFree does not waive or forfeit its right to object to judicial notice of other asserted facts in Cliff's exhibits.

AmFree objects to any factual assertions about the effects of climate change; the extent to which heavy-duty vehicles in California contribute to climate change or California's air quality; and the extent to which the Omnibus, ACT, and ACF standards may affect California's climate or air quality. *See, e.g.*, Ex. 1. There is significant disagreement among the scientific community regarding the future effects of climate change. *E.g.*, U.N. Econ. & Soc. Comm'n for Asia & the Pacific, *Uncertainty in Climate Change and Climate Action* (July 2, 2025), https://perma.cc/SG3D-377R (describing global temperature and sea-level rise predictions as a "world of uncertainty" in which "[d]isagreement is rife, and consensus is rare"). And assertions related to the current and future effects of heavy-duty vehicles on California's climate or local air quality are at least contestable because smog-forming pollutants and particulate matter emissions from heavy-duty vehicles have been reduced by roughly 99 percent since Congress enacted section 209's waiver program, and EPA projects that its most recent standards will cut NOx emissions from new heavy-duty vehicles by another "80 to 90 percent, or more," and reduce direct particulate-matter emissions by 50 percent. 88 Fed. Reg. 4,296, 4,333 (Jan. 24, 2023). Even now, CARB itself reports that 260 freight trucks are cleaner than a single train carrying the same cargo. CARB, *Draft Truck v. Train Emission Analysis* (Sept. 23, 2020), https://perma.cc/G2M9-9VK2.

AmFree also objects to any assertion that electric heavy-duty vehicles are a feasible substitute for internal-combustion-engine vehicles in the roles for which AmFree's members use or sell heavy-duty vehicles. *See, e.g.*, Exs. 52–55. AmFree's members have reasonably determined otherwise. *See* Meiborg Decl. ¶ 4, ECF No. 142-3; Riggan Decl. ¶ 4, ECF No. 142-4; DeMartini Decl. ¶ 13, ECF No. 143-5; Suppl. DeMartini Decl., ¶¶ 12–15. AmFree also objects to assertions

that electric trucks are or will be affordable, *see, e.g.*, Exs. 15, 17, or available in sufficient quantities, *see, e.g.*, Exs. 4, 23–26, within the relevant timeframe. Again, AmFree's members' experience is inconsistent with such assertions. *See* Meiborg Decl., ¶¶ 4–5, 8; Riggan Decl., ¶¶ 4–5, 8; DeMartini Decl., ¶¶ 13–17; Suppl. DeMartini Decl., ¶¶ 12–15.

AmFree also objects to judicial notice of any legal conclusions in Cliff's exhibits. For example, several of the exhibits suggest that a waiver of Clean Air Act preemption is not a "rule" for purposes of the Congressional Review Act. *See, e.g.*, Exs. 7–10, 14, 27–29, 32, 36–40, and 43–44. Such legal conclusions are improper for judicial notice. *Milne*, 156 F. App'x at 961.

## CONCLUSION

For these reasons, AmFree respectfully objects to Cliff's request for judicial notice and asks that this Court deny that request, except as to Exhibits 6 and 12 and the existence only (not the contents) of Exhibits 7–10, 14, and 48.

Dated: June 24, 2026

Respectfully submitted,

*/s/ James R. Conde*

Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW
 Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that counsel of record were served a copy of this document via the Court's CM/ECF system this 24th day of June, 2026.

/s/ *James R. Conde*
James R. Conde