Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, | ) No. 2:25-cv-03255-DC-AC |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT** |
| STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, | ) |
| Defendant. | ) |
| | ) **Date: August 7, 2026** |
| | ) **Time: 1:30 PM** |
| | ) **Place: Courtroom 10, 13th Floor** |
| | ) **Judge: Hon. Dena Coggins** |

In support of its Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment, and in Opposition to Defendant's Cross-Motion for the same relief, Plaintiff American Free Enterprise Chamber of Commerce ("AmFree") requests that the Court take judicial notice of the documents identified below. Under Federal Rule of Evidence 201, courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice "of court filings and other matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), including "documents available from reliable sources on the Internet, such as websites run by governmental agencies," *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1057 (E.D. Cal. 2021) (internal quotation marks omitted). The party requesting judicial notice of a document must explain its relevance. *See Stamas v. County of Madera*, 795 F. Supp. 2d 1047, 1061 (E.D. Cal. 2011) (declining judicial notice of a map because "[t]here is no … indication of [the] portion of the map that may be relevant to this proceeding").

The documents that Plaintiff seeks to admit through this Request for Judicial Notice are attached, and may be described as follows:

1. The existence and contents of the Manufacturers Advisory Correspondence ECCD-2026 issued by the California Air Resources Board ("CARB") on April 30, 2026, a true and correct copy of which is attached hereto as **Exhibit 1**. Defendant Steven S. Cliff ("Cliff") agrees that the Court should take judicial notice of the existence and contents of this document. Defendant's Request for Judicial Notice ("Def.'s RJN"), ECF No. 176, ¶ 14. Its contents are relevant because it shows that Cliff is threatening retaliatory retroactive enforcement of regulations if truck manufacturers who signed the so-called "Clean Truck Partnership" ("Partnership") don't comply with it. This bears on the legal question of whether the Partnership is an attempt to enforce preempted state vehicle emissions standards.

2. The existence and contents of the memorandum from Cliff to CARB dated September 25, 2024, and entitled "California Truck Availability Analysis," a true and correct copy of which is attached hereto as **Exhibit 2**. The contents of this document are relevant to the legal

question of whether AmFree's members show an injury-in-fact based on manufacturers rationing heavy-duty vehicle chassis in California because it admits CARB received reports that manufacturers were rationing chassis to meet the requirements of regulations embedded in the Partnership.

3.    The existence of the CARB-issued document dated June 23, 2020 and entitled "Initial Statement of Reasons for Rulemaking: Omnibus Regulation and Associated Amendments," a true and correct copy of which is attached hereto as **Exhibit 3**, and the contents of table IX-35 on page IX-51. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on increased prices for heavy-duty vehicles because in it, CARB estimates that the Omnibus regulation embedded in the Partnership will increase purchase prices for model year 2027 to 2030 internal-combustion vehicles by up to $7,423, averaging $5,437 across all classes of covered vehicles.

4.    The existence and contents of the sworn declaration of Michael Noonan filed on behalf of International Motors, LLC in *Daimler Truck N. Am. LLC v. CARB*, No. 2:25-cv-2255 (E.D. Cal.), a true and correct copy of which is attached hereto as **Exhibit 4**. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on increased prices for heavy-duty vehicles because it attests that the Partnership will necessarily impact pricing.

5.    The existence and contents of the sworn declaration of Carl Hergart filed on behalf of PACCAR, Inc. in *Daimler Truck N. Am. LLC v. CARB*, No. 2:25-cv-2255 (E.D. Cal.), a true and correct copy of which is attached hereto as **Exhibit 5**. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on increased prices for heavy-duty vehicles because it attests that attempts to enforce the preempted regulations in the Partnership will cause downstream harm to dealers, customers, and the public.

6.    The existence and contents of the sworn declaration of Andrea Brown filed on behalf of Volvo Group North America, LLC in *Daimler Truck N. Am. LLC v. CARB*, No. 2:25-cv-2255 (E.D. Cal.), a true and correct copy of which is attached hereto as **Exhibit 6**. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on

increased prices for heavy-duty vehicles because it attests to the many costs of complying with the preempted regulations.

7. The existence and contents of the page on CARB's official website entitled "States that have Adopted California's Vehicle Regulations" as it appeared on June 21, 2026, a true and correct copy of which is attached hereto as **Exhibit 7**. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on increased prices for heavy-duty vehicles because it indicates prices will increase outside of California by showing that the Partnership's regulations apply in at least nine other states.

8. The existence and contents of California Executive Order N-27-25 issued by Gavin Newsom on June 12, 2025, a true and correct copy of which is attached hereto as **Exhibit 8**. Cliff agrees that the Court should take judicial notice of the existence and contents of this document. Def.'s RJN, ¶ 6. It is relevant to the legal question of whether AmFree members show an injury-in-fact based on increased prices for heavy-duty vehicles because it shows that Partnership signatories account for more than 90% of California's truck market, meaning they have market power to increase prices.

9. The existence and contents of the report issued by the National Auto Dealers Association, American Truck Dealers entitled "2025 Annual Financial Profile of America's Franchised New-Truck Dealerships," a true and correct copy of which is attached hereto as **Exhibit 9**. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on decreased California sales of heavy-duty vehicles because it shows that sales remained steady outside of California, demonstrating that decreased California sales are not the result of nationwide effects.

10. If the Court judicially notices Cliff's exhibits concerning Congress's use of the Congressional Review Act ("CRA") to disapprove the waivers of Clean Air Act preemption for California's Omnibus and Advanced Clean Trucks ("ACT") standards (Def.'s RJN, Exs. 2, 5, 27–

46, 59–61),[1] then the Court should also judicially notice the existence of the report of the July 9 and 10, 1997 joint hearings before the Senate Committee on Energy and Natural Resources and House Committee on Resources on Tongass Land Management, a true and correct copy of which is attached hereto as **Exhibit 10**, and the contents of page 20. This document is relevant to the legal question of whether waivers are "rules" under the CRA. because it contains testimony of the Government Accountability Office ("GAO")'s general counsel saying that GAO has no special role in determining whether an agency action is a "rule."

11.    If the Court judicially notices Cliff's exhibits concerning Congress's use of the CRA, then the Court should also judicially notice the existence and contents of the letter issued by GAO on May 29, 2014, entitled "GAO's Role and Responsibilities Under the Congressional Review Act," a true and correct copy of which is attached hereto as **Exhibit 11**. This document is relevant to the legal question of whether Congress properly used the CRA's fast-track procedure to disapprove the waivers of Clean Air Act preemption for the Omnibus and ACT regulations because it states that the CRA ultimately leaves it to Congress to decide whether the CRA will apply.

12.    If the Court judicially notices Cliff's exhibits concerning Congress's use of the CRA, then the Court should also judicially notice the existence and contents of Congressional Record entries from February 24, February 26, March 6, March 26, and May 21, 2025, a true and correct copy of which is attached hereto as **Exhibit 12**. This document is relevant to the legal question of whether waivers of Clean Air Act preemption for California emissions standards are "rules" under the CRA because it shows that the Environmental Protection Agency concluded that they are "rules" and so transmitted them to Congress as the CRA requires, and that the procedural issue before the Senate was simply whether GAO staff should be able to block resolutions of disapproval against Agency-submitted rules.

---

[1] AmFree contends that these exhibits are irrelevant because the CRA bars judicial review of Congress's use of the CRA, and, regardless, the legality of those actions is irrelevant to the legality of the Partnership because it incorporates California's Advanced Clean Fleets standard, which never received a waiver. Pl.'s Obj. to Def.'s RJN at 3:20–4:6; Def.'s Resp. to Pl.'s Stmt. of Undisp. Facts, ECF No. 175-5, ¶ 11. They are therefore unfit for judicial notice. Pl.'s Obj. to Def.'s RJN at 3:20–4:6. But if the Court disagrees and judicially notices Cliff's exhibits on this issue, then it should also judicially notice AmFree's Exhibits 10–12, which address this issue.

13.    The existence and contents of a graph from the Federal Reserve Economic Data, Federal Reserve Bank of St. Louis website showing annual nationwide sales of heavy weight trucks (over 14,000 pounds gross vehicle weight) for 2023 and 2024 as reported by the U.S. Bureau of Economic Analysis, a true and correct copy of which is attached hereto as **Exhibit 13**. This document is relevant to the legal question of whether AmFree members show an injury-in-fact based on decreased California sales of heavy-duty vehicles because it shows that nationwide sales decreased only 5.5% from 2023 to 2024, indicating that the sharp decrease in California sales over that time period was not the result of nationwide effects.

14.    The existence and contents of Spartan RV's 2019 Product Lineup brochure, a true and correct copy of which is attached hereto as **Exhibit 14**. This document is relevant to the legal question of standing because it supports AmFree's contention that non-signatory manufacturers will not prevent the Partnership from restricting supply and thus raising prices. *See* Pl.'s Reply in Supp. of Mot. and Opp'n to Def.'s Cross-Motion, Part I.C.[2] The document supports this contention by showing that Spartan RV, a non-signatory that Cliff attempts to make much of, Def.'s Stmt. of Undisp. Facts, ECF No. 174-1, ¶¶ 20–22, is not independent of the Partnership because all of its products use engines manufactured by signatory Cummins.

15.    The existence and contents of the Federal Trade Commission's August 12, 2025 Statement Regarding the Clean Truck Partnership Investigation, a true and correct copy of which is attached hereto as **Exhibit 15**. This document is relevant to the legal question of standing because it affirms that limiting the market share of internal-combustion vehicles (and eventually banning them), as the Partnership purports to do, limits competition by constraining output, causing harm to dealers and consumers like AmFree's members.

16.    If the Court overrules AmFree's objection that the purported facts in paragraphs 75 and 76 of Cliff's Statement of Undisputed Facts are irrelevant, Pl.'s Resp. to Def.'s SOF ¶¶ 75–76, then it should take judicial notice of the existence and contents of the United States Senate's roll-call vote on the Resolutions rescinding the Omnibus and ACT waivers as recorded on the

[2] AmFree filed its Reply simultaneously with this Request for Judicial Notice.

Senate website, a true and correct copy of which is attached hereto as **Exhibit 16**. This document is relevant to refuting Cliff's contention that Senator Mike Lee did not believe that those waivers are "rules" under the CRA. Def.'s Stmt. of Undisp. Facts ("Def.'s SOF"), ECF No. 174-1 & 175-1, ¶ 76.[3]

17.     If the Court overrules AmFree's objection that the purported facts in paragraphs 77 and 78 of Cliff's Statement of Undisputed Facts are irrelevant, Pl.'s Resp. to Def.'s SOF ¶¶ 77–78, then it should take judicial notice of the existence and contents of the United States House of Representatives' roll-call vote on the Resolutions rescinding the Omnibus and ACT waivers as recorded on the House Clerk website, a true and correct copy of which is attached hereto as **Exhibit 17**. This document is relevant to refuting Cliff's contention that Representative Troy Nehls did not believe that those waivers are "rules" under the CRA. Def.'s SOF ¶ 78.

Exhibits 1–3, 8, 10–12, and 15–17 consist of government records, reports, or other publications. Because government publications are matters of public record and can be easily verified, they are proper subjects of judicial notice. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007); *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of public records that "can be accessed at Santa Monica's official website").

Exhibits 4–6 consist of records in other related court cases that are fit for judicial notice. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Exhibits 7 and 13 consist of information publicly available from government websites, which is regularly judicially noticed. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *Culinary Studios, Inc.*, 517 F. Supp. 3d at 1057 (E.D. Cal. 2021); *Martinez v. Mead Johnson & Co.*, No. 5:22-cv-00213-JWH-SHK, 2022 WL 15053334, at *4 (C.D. Cal. Oct. 22, 2022)

---

[3] The documents Cliff filed as ECF Nos. 174-1 and 175-1 are identical, so this Request refers to ECF No. 174-1 only.

(finding that FDA guidance was judicially noticeable because it was "publicly available and it was disseminated by a government agency").

Exhibit 9 consists of numerical information from the website of the National Automobile Dealers Association, whose work compiles data from and is relied upon by more than 16,000 member dealers. *About NADA*, NADA, https://perma.cc/H6J9-N5NK (last visited June 21, 2026). Therefore, that information is not subject to reasonable dispute. Publicly available webpages may be judicially noticed. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (explaining that "websites and their contents may be judicially noticed" and collecting cases). And where the "contents are not subject to reasonable dispute," courts regularly take notice of webpage content itself, such as website terms of service. *Zhang v. Twitter Inc.*, No. 23-cv-00980-JSC, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023), *aff'd*, No. 23-16125, 2025 WL 66050 (9th Cir. Jan. 10, 2025). The contents of Exhibit 9 are therefore fit for judicial notice.

Likewise, the information in Exhibit 14 is not subject to reasonable dispute because it is in a publicly available document produced by a business that has no incentive to misrepresent what engines it places in its products. Its existence and contents are therefore fit for judicial notice. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1187 (C.D. Cal. 2011) (taking judicial notice of 2010 Toyota Corolla advertising brochure); *Threshold Enters. Ltd.*, 445 F. Supp. 3d at 146; *Zhang*, 2023 WL 5493823, at *3.

Dated: June 24, 2026

Respectfully submitted,

*/s/ James R. Conde*

Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW
 Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I certify that counsel of record were served a copy of this document via the Court's CM/ECF system this 24th day of June, 2026.

/s/ *James R. Conde*
James R. Conde