# Exhibit 6

## (Decl. for Volvo Group North America, LLC)

TROUTMAN PEPPER LOCKE LLP
Jeffrey M. Goldman (SBN 233840)
jeffrey.goldman@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:     213.928.9800
Facsimile:     213.928.9850

T. Scott Mills (SBN 313554)
scott.mills@troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Telephone:     404.885.3000
Facsimile:     404.885.3900

Jeremy D. Heep (*pro hac vice* forthcoming)
jeremy.heep@troutman.com
Daniel J. Boland (*pro hac vice* forthcoming)
daniel.boland@troutman.com
3000 Two Logan Square, Eighteenth & Arch Streets
Philadelphia, Pennsylvania 19103
Telephone:     215.981.4000
Facsimile:     215.981.4750

*Attorneys for Plaintiff Volvo Group North America LLC*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC, Plaintiffs, v. CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California, Defendants. | Civil Action No. 2:25-CV-02255-DC **DECLARATION OF ANDREA BROWN IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Declaration of Andrea Brown

I, Andrea Brown, pursuant to 28 U.S.C. § 1746, state and declare as follows:

1.    I am over eighteen years of age.  If called to testify in this matter, I can and will competently testify to the following facts, of which I have personal knowledge and/or personal experience.

2.    I have worked at Volvo Group North America, LLC or a parent company or affiliate, including for the brands Volvo Trucks and Mack Trucks, (collectively, "Volvo") since 2005.  My job title is Director of Product Management – Propulsion/VGNA Regulatory.  I have held this position since 2019.

3.    Volvo is one of the leading heavy truck and engine manufacturers in the world and manufactures a broad line of Class 6, Class 7, and Class 8 vehicles (collectively known as, Medium- and Heavy-Duty Vehicles ("MHDV")).

4.    The United States Environmental Protection Agency ("EPA") issues and enforces regulations governing emissions by MHDVs.  Pursuant to the Clean Air Act, under certain circumstances, California also can issue and enforce emissions regulations that are stricter than EPA's emissions regulations.  Additionally, under certain circumstances, other states can adopt, issue, and enforce emissions regulations identical to California's emissions regulations.

5.    Under the Clean Air Act, California must seek and obtain a waiver from EPA to issue and enforce emissions regulations that are stricter than the emissions regulations issued and enforced by EPA.  When California receives such a waiver, Volvo—like other MHDV manufacturers—must comply with California's emissions regulations for MHDVs sold in California.

6.    Specifically, to sell its vehicles and engines in California, Volvo must obtain certifications from the California Air Resources Board ("CARB") each year for each of Volvo's vehicles and engines.  CARB certifications are valid for one model year.  The model year for vehicles and engines includes January 1 of the calendar year for which the model is named.

7.    In June and July 2023, Volvo, certain other vehicle and engine manufacturers, an industry trade association called the Truck and Engine Manufacturers Association ("EMA"), and CARB signed the Clean Truck Partnership.  Among other things, the Clean Truck Partnership was

intended to memorialize changes to certain California MHDV emissions regulations to make them more consistent with federal emissions regulations, as well as clarifying other California regulations relating to MHDVs.  The Clean Truck Partnership also limited the manufacturers' and EMA's ability to petition in other states against emissions regulations similar to California's emissions regulations.

8.     On June 12, 2025, the President of the United States signed legislation preempting CARB's MHDV emissions regulations under the Clean Air Act, and invalidating EPA's prior waiver determinations for certain CARB MHDV emissions regulations (collectively, the "Preempted Emissions Regulations").

9.     Notwithstanding the recent legislation preempting CARB's MHDV emissions regulations, CARB and the Governor of California have stated that CARB intends to continue to enforce the Preempted Emissions Regulations.  For example, on May 23, 2025, CARB issued a Manufacturers Advisory Correspondence ("MAC") that stated "CARB will continue to accept and process certification applications for model year 2026" to "ensure the requirements of certification are met to enable lawful vehicle sales in California[.]"[1]  Likewise, on June 12, 2025, Governor Newsom issued Executive Order N-27-25, which directs CARB to continue enforcing the Preempted Emissions Regulations, stated that manufacturers that continue to comply with California's Preempted Emissions Regulations will be "prioritize[d] . . . in government vehicle procurement decisions," and directed CARB to identify other "opportunities for special considerations and flexibilities for" certifying manufacturers when crafting future regulations.[2]

10.     On August 7, 2025, Volvo received a cease-and-desist letter from the United States Department of Justice ("DOJ").  A true and correct copy of that letter is attached hereto as **Exhibit A**.  DOJ explained that "because CARB's regulations are preempted, the Clean Truck Partnership

---

[1] Manufacturers Advisory Correspondence ECCD-2025-3, CARB (May 23, 2025) (*available at* https://ww2.arb.ca.gov/sites/default/files/classic/msprog/nvepb/macs/_MACs/mac202503/MAC%20ECCD-2025-03_SSC%20Signed%205.23.25_ADA.pdf).

[2] Exec. Order No. N-27-25 (June 12, 2025) (*available at* https://www.gov.ca.gov/wp-content/uploads/2025/06/CRA-Response-EO-N-27-25_-ATTESTED.pdf).

is preempted and unlawful."  Additionally, DOJ instructed Volvo to "immediately cease and desist [its] compliance with both the Clean Truck Partnership and [the Clean Truck Partnership's] preempted state vehicle emissions regulations."

11. It is very burdensome for Volvo to comply with CARB's emissions certification processes.  To receive a certification from CARB, Volvo must conduct significant testing of Volvo's MHDVs and engines.  This process takes months of preparation, testing, and analysis. Volvo also is required to prepare and submit burdensome applications and costly fees to receive the required certification.

12. If Volvo violates or fails to comply with CARB's emissions regulations, then CARB can fine Volvo for each violation.  CARB takes the position that every sale of an uncertified MHDV is a separate violation of CARB's emissions regulations.

13. Volvo invests a substantial amount of resources in research and development to manufacture MHDVs and engines.  This research and development process is both expensive and time consuming.  For example, Volvo typically designs MHDVs and engines several years in advance of those vehicles and engines reaching the market.  Then, long after the design process is complete, Volvo's customers order MHDVs several months in advance of the model year the customers are ordering.  For calendar year 2026 vehicles, Volvo needs to open its ordering process for MHDVs in the next few weeks.  To do so, Volvo needs to know which MHDVs it can offer customers based on applicable emissions regulations.  Without this certainty, Volvo is unable to engage in meaningful product planning, reducing its ability to deliver to customers the products they need and want.

14. Similarly, different MHDVs and engines require different parts and components, some of which Volvo purchases from third party suppliers.  Volvo needs to know which MHDVs and engines it can sell so that it can accurately plan for and purchase the appropriate volume of those parts and components.

15. For some of its MHDVs, Volvo also relies on third party suppliers for engines. Uncertainty regarding applicable emissions regulations will impact the availability of engines that Volvo will be able to receive from its engine suppliers.

- 4 -
Declaration of Andrea Brown

16.     Forcing Volvo to comply with CARB's MHDV emissions regulations that the DOJ has asserted are preempted by federal law, and the associated regulatory uncertainty, would cause significant harms to Volvo.

17.     First, the DOJ has demanded that Volvo cease and desist compliance with the Clean Truck Partnership and California's Preempted Emissions Regulations.

18.     Second, CARB's attempts to enforce the Preempted Emissions Regulations create a significant risk of harm to Volvo because Volvo needs to know (i) what MHDVs and engines it will be able to sell in California in 2026 to facilitate necessary product planning and (ii) whether Volvo needs to make the substantial investments now to develop, certify, and build vehicles and engines that will comply with CARB's Preempted Emissions Regulations for future model year vehicles and engines.  As described above, Volvo receives orders for MHDVs several months in advance of the model year the customers are ordering.  That means Volvo must know in the very near term whether it will be able to certify and sell certain 2026 model year vehicles in California.  Likewise, Volvo currently is making significant investments of time and money to develop, certify, and build future model year vehicles and engines, and Volvo needs to know whether those model year vehicles and engines will be subject to CARB's Preempted Emissions Regulations.

19.     Additionally, the lack of regulatory clarity harms Volvo's ability to compete on a level playing field against other MHDV manufacturers.  Whatever regulations are ultimately determined to be valid will impact customer demand.  For Volvo to develop, certify, and build products to meet customer demand, Volvo needs regulatory certainty now.  Without that certainty, Volvo may choose to proceed to develop, certify, and build products that comply with a regulatory scheme that does not ultimately reflect the realities of the market.  Volvo then would be in a position where it is unable to meet customer demand and at significant risk of losing its customer base to other manufacturers, irreparably harming Volvo's business.

20.     The market for MHDVs and engines is highly competitive.  Volvo's competitors include multinational corporations like Daimler Truck North America, International Motors, and PACCAR.  If Volvo must decide between two incompatible regulatory schemes, there would be a risk of randomly undermining the competitive nature of the market.

- 5 -
Declaration of Andrea Brown

21.     Finally, if CARB determines that Volvo's MHDV and engine sales in California do not comply with CARB's Preempted Emissions Regulations, then CARB could seek to impose significant fines for each vehicle or engine, or CARB could take other enforcement action against Volvo that would harm its business.

22.     As a result of the Clean Truck Partnership, Volvo, both individually and through its membership in EMA, has not engaged in advocacy regarding the adoption by other states of emissions regulations like California's regulations.  If not for the Clean Truck Partnership and CARB's potential enforcement of the Clean Truck Partnership, Volvo would have taken certain advocacy positions regarding emissions regulations in other states.

23.     Volvo is committed to environmental care and reducing the emission of air pollutants from its MHDVs, including through the transition to zero-emissions vehicles. However, to pursue these commitments and satisfy customer demand, Volvo needs regulatory clarity so that Volvo can design and build vehicles and engines that are legal and competitive in the industry for MHDVs.

24.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

- 6 -

Declaration of Andrea Brown

Executed on August 10, 2025 at Greensboro, North Carolina.

Andrea Brown

Andrea Brown

Declaration of Andrea Brown