# Exhibit 12

## (Congressional Record Entries)

Case 2:25-cv-03255-DC-AC Document 183-12 Filed 06/24/26 Page 2 of 10

Requirement of a Tolerance'' (FRL–12526–01–OCSPP) received in the Office of the President of the Senate on February 20, 2025; to the Committee on Agriculture, Nutrition, and Forestry.

EC–423. A communication from the Acting Assistant Secretary, Legislative Affairs, Department of State, transmitting, pursuant to law, a notification entitled ''Support for United States Nationals Unlawfully or Wrongfully Detained Abroad and Their Family Members'' received in the Office of the President pro tempore; to the Committees on Appropriations; and Foreign Relations.

EC–424. A communication from the Secretary of the Treasury, transmitting, pursuant to law, a six-month periodic report on the national emergency that was declared in Executive Order 12957 with respect to Iran; to the Committee on Banking, Housing, and Urban Affairs.

EC–425. A communication from the Director of Congressional Affairs, Office of Nuclear Regulatory Research, Nuclear Regulatory Commission, transmitting, pursuant to law, the report of a rule entitled ''Regulatory Guide (RG) 3.78 Rev 0, 'Acceptable ASME Section XI Inservice Inspection Code Cases for 10 CFR Part 72''' received in the Office of the President of the Senate on February 24, 2025; to the Committee on Environment and Public Works.

EC–426. A communication from the Associate Director of Congressional Affairs, Office of Nuclear Regulatory Research, Nuclear Regulatory Commission, transmitting, pursuant to law, the report of a rule entitled ''Regulatory Guide (RG) 1.238 Rev 0, 'Criteria for The Production of Safety-Related (Class 1E) Power Systems and Equipment for Production and Utilization Facilities''' received in the Office of the President of the Senate on February 24, 2025; to the Committee on Environment and Public Works.

EC–427. A communication from the Associate Director of Congressional Affairs, Office of Nuclear Regulatory Research, Nuclear Regulatory Commission, transmitting, pursuant to law, the report of a rule entitled ''Regulatory Guide (RG) 1.32 Rev 4, 'Criteria for Power Systems for Nuclear Power Plants''' received in the Office of the President of the Senate on February 24, 2025; to the Committee on Environment and Public Works.

EC–428. A communication from the Associate Director of Congressional Affairs, Office of Nuclear Regulatory Research, Nuclear Regulatory Commission, transmitting, pursuant to law, the report of a rule entitled ''Withdrawal of Regulatory Guide (RG) 1.41, 'Preoperational Testing of Redundant On-Site Electric Power Systems To Verify Proper Load Group Assignments Change Revision Number to ''W'''' received in the Office of the President of the Senate on February 24, 2025; to the Committee on Environment and Public Works.

EC–429. A communication from the Acting Division Chief, National Marine Fisheries Service, Department of Commerce, transmitting, pursuant to law, the report of a rule entitled ''Endangered and Threatened Wildlife and Plants; Reclassification of Pillar Coral (Dendrogyra cylindrus) From Threatened to Endangered'' (RIN0648–XR126) received in the Office of the President of the Senate on February 24, 2025; to the Committee on Environment and Public Works.

EC–430. A communication from the Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of a rule entitled ''Utah: Final Authorization of State Hazardous Waste Management Program Revisions and Incorporation by Reference; Withdrawal of Direct Final Rule'' (FRL No. 12226–03–R8) received in the Office of the

President of the Senate on February 20, 2025; to the Committee on Environment and Public Works.

EC–431. A communication from the Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of a rule entitled ''West Virginia Underground Injection Control Program; Class VI Primacy'' (FRL No. 12000–02–OW) received in the Office of the President of the Senate on February 20, 2025; to the Committee on Environment and Public Works.

EC–432. A communication from the Chief of the Publications and Regulations Branch, Internal Revenue Service, Department of the Treasury, transmitting, pursuant to law, the report of a rule entitled ''Changes in accounting periods and in methods of accounting'' (Rev. Proc. 2025–6) received in the Office of the President of the Senate on February 19, 2025; to the Committee on Finance.

EC–433. A communication from the Chief of the Publications and Regulations Branch, Internal Revenue Service, Department of the Treasury, transmitting, pursuant to law, the report of a rule entitled ''Notice: Temporary Relief Under Section 1.1012–1(j)(3)(ii)'' (Notice 2025–7) received in the Office of the President of the Senate on February 19, 2025; to the Committee on Finance.

EC–434. A communication from the Acting Assistant Secretary, Legislative Affairs, Department of State, transmitting, pursuant to section 36(c) of the Arms Export Control Act, the certification of a proposed license for the export of firearms, parts, and components controlled under Category I of the U.S. Munitions List to the United Kingdom in the amount of $1,000,000 or more (Transmittal No. DDTC 24–096); to the Committee on Foreign Relations.

EC–435. A communication from the Acting Assistant Secretary, Legislative Affairs, Department of State, transmitting, pursuant to section 36(c) of the Arms Export Control Act, the certification of a proposed license amendment for the export of defense articles, including technical data, and defense services to the Netherlands and the United Kingdom in the amount of $100,000,000 or more (Transmittal No. DDTC 24–086); to the Committee on Foreign Relations.

EC–436. A communication from the Acting Assistant Secretary, Legislative Affairs, Department of State, transmitting, pursuant to section 36(c) of the Arms Export Control Act, the certification of a proposed license amendment for the export of defense articles, including technical data, and defense services to various countries in the amount of $100,000,000 or more (Transmittal No. DDTC 24–083); to the Committee on Foreign Relations.

EC–437. A communication from the Acting Assistant Secretary, Legislative Affairs, Department of State, transmitting, pursuant to section 36(c) of the Arms Export Control Act, the certification of a proposed agreement amendment for the export of defense articles, including technical data, and defense services to Singapore in the amount of $50,000,000 or more (Transmittal No. DDTC 24–074); to the Committee on Foreign Relations.

EC–438. A communication from the Acting Assistant Secretary, Legislative Affairs, Department of State, transmitting, pursuant to section 36(c) of the Arms Export Control Act, the certification of a proposed license amendment for the export of defense articles, including technical data, and defense services to Japan in the amount of $100,000,000 or more (Transmittal No. DDTC 24–062); to the Committee on Foreign Relations.

EC–439. A communication from the Director of the Regulatory Management Division,

Environmental Protection Agency, transmitting, pursuant to law, the report of an action entitled ''California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision'' (FRL No. 11010–02–OAR) received in the Office of the President of the Senate on February 20, 2025; to the Committee on Environment and Public Works.

EC–440. A communication from the Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of an action entitled ''California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; the 'Omnibus' Low NOX Regulations; Waiver of Preemption; Notice of Decision'' (FRL No. 9902–02–OAR) received in the Office of the President of the Senate on February 20, 2025; to the Committee on Environment and Public Works.

EC–441. A communication from the Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of an action entitled ''California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision'' (FRL No. 9900–02–OAR) received in the Office of the President of the Senate on February 20, 2025; to the Committee on Environment and Public Works.

------

## REPORTS OF COMMITTEES

The following reports of committees were submitted:

By Mr. RISCH, from the Committee on Foreign Relations, without amendment:

S. Res. 90. An original resolution authorizing expenditures by the Committee on Foreign Relations.

------

## INTRODUCTION OF BILLS AND JOINT RESOLUTIONS

The following bills and joint resolutions were introduced, read the first and second times by unanimous consent, and referred as indicated:

By Mr. PETERS (for himself and Mr. DAINES):

S. 683. A bill to amend title XVIII of the Social Security Act to expand eligibility for incentives under the Medicare health professional shortage area bonus program to practitioners furnishing mental health and substance use disorder services; to the Committee on Finance.

By Mrs. BLACKBURN (for herself and Ms. CORTEZ MASTO):

S. 684. A bill to amend the Internal Revenue Code of 1986 to extend the period of time for making S corporation elections, and for other purposes; to the Committee on Finance.

By Mr. CRUZ (for himself, Mr. SHEEHY, Mr. JOHNSON, Mr. LANKFORD, Mr. BUDD, Mr. GRASSLEY, Mr. RICKETTS, Mr. SCOTT of Florida, Mrs. CAPITO, Mr. CRAMER, Mrs. FISCHER, Mr. HAGERTY, Mr. HOEVEN, and Mrs. HYDE-SMITH):

S. 685. A bill to ensure State and local law enforcement officers are permitted to cooperate with Federal officials to protect our communities from violent criminals and suspected terrorists who are illegally present in the United States; to the Committee on the Judiciary.

By Mr. KING (for himself and Mr. MORAN):

that meant that we didn't have to worry about losing our house or what other bills that we could pay so that Olivia could survive and thrive. It meant that she could get multiple wheelchairs and use equipment like inflatable vests that kept her from getting pneumonia more than five times a year. She was able to go to public school and live for 19 years with our family.

For me, I learned that government could be a safety net for families like mine. So for the last 6 years in the Washington State legislature I worked hard to expand healthcare access for folks all across the State and all across my big rural district where hospitals are already struggling because Medicaid reimbursement rates are low, where small clinics and independent providers are shuttering their doors because they cannot afford to stay open.

So, Mr. Speaker, if you have a family with a disabled kid like my sister and you live in Neah Bay in the farthest northwest corner of the lower 48 States, then you have to drive hours and sometimes wait for a ferry that could be 2 hours delayed in order to get to a specialist in Seattle to get your kid lifesaving care.

□ 1915

What will happen if this budget resolution becomes reality and if $1 trillion is cut from Medicare programs is that we will see potentially per-capita caps. What that means is that we will decide how much the lives of children like my sister are worth. How much will we be willing to pay for the equipment and the specialists and the surgery to keep medically fragile kids alive?

It will mean that folks without disabilities, seniors and low-income children, and folks with private insurance will struggle to afford healthcare in communities like mine and communities across the country.

We are facing a real crisis in our healthcare sector already. We should not be adding to it by cutting $1 trillion from poor people and people with disabilities, from children, and from seniors who are often dual eligible for Medicare and Medicaid who are able to live in dignity until the end of their days because of this important program. It will keep long-term care programs open if we are able to maintain Medicaid funding.

I am scared. I am scared for my constituents. I am scared for my neighbors. I am scared for the healthcare providers who are just trying to do their jobs. I am also scared for the impact that we will see for years into the future if this budget resolution becomes law, if we deliver trillions of dollars of cuts for families who depend on Medicaid.

Mr. CARBAJAL. Mr. Speaker, I thank the gentlewoman from Washington (Ms. RANDALL) for her words.

Mr. Speaker, I yield to the gentleman from New York (Mr. ESPAILLAT), chair of the Congressional Hispanic Caucus and my good friend.

Mr. ESPAILLAT. Mr. Speaker, we stood here tonight to warn the American people of these massive cuts in vital programs like the Medicaid program, SNAP, and the Food Stamp program, which provides nutritional assistance to our families, as the Republican majority perpetrates a scam to provide the very wealthiest of Americans a $4.5 trillion tax cut at the expense of the health of the American people by cutting Medicaid.

Medicaid is a vital program for Americans all over the United States. It is not just urban areas, but rural areas and suburban areas from the North, the South, the East, and the West of the country.

Americans will be dramatically impacted by these cuts. This is not a Republican cut or a Democratic cut. It will impact people across the aisle. Republican Members have many constituents who are on Medicaid and Medicare and who receive SNAP benefits. Yet, the savings will go to the fat-cat executives and shareholders, the wealthiest in America.

Mr. Speaker, we are asking for the American people to be alert of the Republican budget betrayal, that it is a life-or-death matter and puts their lives in danger by denying them the basic healthcare benefits that they are entitled to.

Mr. Speaker, we stand here as one, members of the Congressional Hispanic Caucus, to say ''no'' to this plan and to tell the American people that they are not alone and that we are with them in good times and in bad times.

Mr. CARBAJAL. Mr. Speaker, I yield back the balance of my time.

## ADJOURNMENT

Mr. ESPAILLAT. Mr. Speaker, I move that the House do now adjourn.

The motion was agreed to; accordingly (at 7 o'clock and 19 minutes p.m.), under its previous order, the House adjourned until tomorrow, Thursday, February 27, 2025, at 9 a.m.

## EXECUTIVE COMMUNICATIONS, ETC.

Under clause 2 of rule XIV, executive communications were taken from the Speaker's table and referred as follows:

EC–479. A letter from the Acting Secretary, Department of Labor, transmitting the Department's biennial report on compliance of group health plans and group health insurance coverage offering in connection with such plans with the requirements of the Mental Health Parity and Addiction Equity Act of 2008, pursuant to 26 U.S.C. 9812(a)(8)(B)(iv); Public Law 116-260, Sec. 203(a)(3); (134 Stat. 2916) and 29 U.S.C. 1185a(a)(8)(B)(iv); Added by Public Law 104-204, Sec. 702 (as amended by Public Law 116-260, Sec. 203(a)(2)); (134 Stat. 2909); to the Committee on Education and Workforce.

EC–480. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's final rule — Bacillus Thuringiensis Strain EX 297512 in Pesticide Formulations; Exemption From the Requirement of a Tolerance [EPA-HQ-OPP-2019-0572; FRL-12526-01-OCSPP] received February 20, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–481. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's final rule — Bacillus Thuringiensis Cry1B.34 Protein; Exemption From the Requirement of a Tolerance [EPA-HQ-OPP-2022-0988; FRL-12514-01-OCSPP] received February 20, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–482. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's withdrawal of direct final rule — Utah: Final Authorization of State Hazardous Waste Management Program Revisions and Incorporation by Reference; Withdrawal of Direct Final Rule [EPA-R08-RCRA-2024-0408; FRL-12226-03-R8] received February 20, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–483. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's final rule — West Virginia Underground Injection Control (UIC) Program; Class VI Primacy [EPA-HQ-OW-2024-0357; FRL 12000-02-OW] received February 20, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–484. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's notice of decision — California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The ''Omnibus'' Low NOX Regulation; Waiver of Preemption; Notice of Decision [EPA-HQ-OAR-2022-0332; FRL-9902-02-OAR] received February 19, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–485. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's notice of decision — California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision [EPA-HQ-OAR-2023-0292; FRL-11010-02-OAR] received February 19, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–486. A letter from the Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's notice of decision — California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision [EPA-HQ-OAR-2022-0330, EPA-HQ-OAR-2022-0331; FRL-9900-02-OAR] received February 19, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–487. A letter from the Director, Office of Congressional Affairs, Nuclear Regulatory Commission, transmitting the Commission's issuance of regulatory guide — Acceptable ASME Section XI Inservice Inspection Code Cases for 10 CFR Part 72 (Regulatory Guide 3.78, Revision 0) received February 21, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law

Case 2:25-cv-03255-DC-AC    Document 183-12    Filed 06/24/26    Page 3 of 10

Case 2:25-cv-03255-DC-AC    Document 183-12    Filed 06/24/26    Page 4 of 10

My Administration will continue to consult with the Congress on our efforts to address the influx of illegal drugs into our communities. As described in these Executive Orders, the Secretary of Homeland Security, in coordination with the Secretary of the Treasury, the Attorney General, the Secretary of Commerce, the Assistant to the President for National Security Affairs, and the Assistant to the President for Homeland Security, are authorized to submit recurring and final reports to the Congress on this national emergency.

I am enclosing copies of the Executive Orders I have issued.

DONALD J. TRUMP.
THE WHITE HOUSE, *March 5, 2025.*

---

## JOINT RESOLUTION PRESENTED TO THE PRESIDENT

Kevin F. McCumber, Clerk of the House, reported that on March 4, 2025, the following joint resolution was presented to the President of the United States for approval:

H.J. Res. 35. Providing for congressional disapproval under chapter 8 of title 5, United States Code, of the rule submitted by the Environmental Protection Agency relating to "Waste Emissions Charge for Petroleum and Natural Gas Systems: Procedures for Facilitating Compliance, Including Netting and Exemptions".

---

## ADJOURNMENT

Mr. KILEY. Mr. Speaker, I move that the House do now adjourn.

The motion was agreed to; accordingly (at 1 o'clock and 26 minutes p.m.), under its previous order, the House adjourned until Monday, March 10, 2025, at noon for morning-hour debate.

---

## EXECUTIVE COMMUNICATIONS, ETC.

Under clause 2 of rule XIV, executive communications were taken from the Speaker's table and referred as follows:

EC–516. A letter from the Director, Rulemaking Operations, National Highway Traffic Safety Administration, Department of Transportation, transmitting the Department's final rule — Federal Motor Vehicle Safety Standards; Child Restraint Systems, Child Restraint Anchorage Systems, Incorporation by Reference [Docket No. NHTSA-2024-0089] (RIN: 2127-AL20) received March 3, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–517. A letter from the Associate Director, Regulatory Management Division, Environmental Protection Agency, transmitting the Agency's final rule — Air Plan Approval; New Jersey; Permits and Certificates for Minor Facilities (and Major facilities Without an Operating Permit), and Air Emission Control and Permitting Exemptions [EPA-R02-OAR-2024-0573; FRL-12459-02-R2] received February 27, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–518. A letter from the Director, Regulatory Management Division, Office of Air and Radiation, Environmental Protection Agency, transmitting the Agency's notice of decision — California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption [EPA-HQ-OAR-2022-0330, EPA-HQ-OAR-2022-0331; FRL-9900-02-OAR] received March 5, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–519. A letter from the Director, Regulatory Management Division, Office of Air and Radiation, Environmental Protection Agency, transmitting the Agency's notice of decision — California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption [EPA-HQ-OAR-2022-0332; FRL-9902-02-OAR] received March 5, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–520. A letter from the Director, Regulatory Management Division, Office of Air and Radiation, Environmental Protection Agency, transmitting the Agency's notice of decision — California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption [EPA-HQ-OAR-2023-0292; FRL-11010-02-OAR] received March 5, 2025, pursuant to 5 U.S.C. 801(a)(1)(A); Public Law 104-121, Sec. 251; (110 Stat. 868); to the Committee on Energy and Commerce.

EC–521. A letter from the Senior Bureau Official, Bureau of Legislative Affairs, Department of State, transmitting a Report Pursuant to Section 2(8) of the Senate's Resolution of Advice and Consent to the Ratification of the Treaty Between the Government of the United States of America and the Government of Australia Concerning Defense Trade Cooperation; to the Committee on Foreign Affairs.

---

## PUBLIC BILLS AND RESOLUTIONS

Under clause 2 of rule XII, public bills and resolutions of the following titles were introduced and severally referred, as follows:

By Mr. CALVERT (for himself, Mr. COSTA, Mr. LAMALFA, Mr. McCLINTOCK, and Mr. ISSA):

H.R. 1894. A bill to amend the Endangered Species Act of 1973 to vest in the Secretary of the Interior functions under that Act with respect to species of fish that spawn in fresh or estuarine waters and migrate to ocean waters and species of fish that spawn in ocean waters and migrate to fresh or estuarine waters, and for other purposes; to the Committee on Natural Resources.

By Mrs. SPARTZ (for herself, Mr. TURNER of Ohio, Mr. RULLI, Mr. AUSTIN SCOTT of Georgia, Mr. LANGWORTHY, Mr. THANEDAR, Ms. TLAIB, Ms. TENNEY, Mr. STUTZMAN, Mr. LAMALFA, Mr. WILSON of South Carolina, Mr. HAMADEH of Arizona, Ms. KAPTUR, and Mr. CARSON):

H.R. 1895. A bill to increase the benefits guaranteed in connection with certain pension plans, and for other purposes; to the Committee on Education and Workforce, and in addition to the Committee on Ways and Means, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mrs. MILLER-MEEKS (for herself, Mr. GARAMENDI, Mr. FLOOD, Mr. GIMENEZ, Mrs. FISCHBACH, Ms. BUDZINSKI, Mr. SORENSEN, and Ms. DAVIDS of Kansas):

H.R. 1896. A bill to amend the Clean Air Act to include fuel for ocean-going vessels as additional renewable fuel for which credits may be generated under the renewable fuel program; to the Committee on Energy and Commerce.

By Mr. WESTERMAN (for himself, Ms. HAGEMAN, Mr. STAUBER, Mr. TIFFANY, Mr. GOSAR, Mr. HURD of Colorado, Mr. NEWHOUSE, Mr. BENTZ, Mr. FULCHER, Mr. BEGICH, Mr. EZELL, Mr. AMODEI of Nevada, Mr. HUNT, Ms. MALOY, Mr. BIGGS of Arizona, and Mr. LAMALFA):

H.R. 1897. A bill to amend the Endangered Species Act of 1973 to optimize conservation through resource prioritization, incentivize wildlife conservation on private lands, provide for greater incentives to recover listed species, create greater transparency and accountability in recovering listed species, streamline the permitting process, eliminate barriers to conservation, and restore congressional intent; to the Committee on Natural Resources.

By Mr. BARRETT (for himself and Mrs. KIGGANS of Virginia):

H.R. 1898. A bill to direct the Secretary of Defense to submit to Congress reports on the feasibility of installing traffic alert and collision avoidance systems and automatic dependent surveillance-broadcast IN capabilities in all military rotary-wing aircraft, and for other purposes; to the Committee on Armed Services.

By Mr. FEENSTRA (for himself and Mr. PAPPAS):

H.R. 1899. A bill to amend title XVIII of the Social Security Act to allow for the furnishing of audio-only telehealth services; to the Committee on Energy and Commerce, and in addition to the Committee on Ways and Means, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. BARR (for himself and Mr. FITZGERALD):

H.R. 1900. A bill to specify when the record is complete on certain acquisition applications related to depository institution holding companies, and for other purposes; to the Committee on Financial Services.

By Ms. BARRAGÁN (for herself, Mr. JOHNSON of Georgia, Ms. BONAMICI, Mr. COHEN, Ms. CASTOR of Florida, Ms. SCHAKOWSKY, Mr. VARGAS, Ms. NORTON, Ms. SCHOLTEN, Mrs. WATSON COLEMAN, Ms. TITUS, Mr. MULLIN, Mr. TONKO, Mrs. TRAHAN, Ms. STRICKLAND, Ms. WATERS, Mr. SOTO, Ms. McCLELLAN, Mr. MORELLE, Mr. MFUME, Ms. ANSARI, Mrs. CHERFILUS-McCORMICK, Mrs. HAYES, Mr. ESPAILLAT, Mr. POCAN, and Mr. VASQUEZ):

H.R. 1901. A bill to amend title XXI of the Social Security Act to permanently extend the Children's Health Insurance Program, and for other purposes; to the Committee on Energy and Commerce.

By Mr. BERA (for himself, Mr. FITZPATRICK, Mr. MRVAN, Ms. NORTON, Ms. DEAN of Pennsylvania, Ms. WASSERMAN SCHULTZ, Ms. CHU, Mr. HARDER of California, Mr. POCAN, Mrs. WATSON COLEMAN, Mr. MAGAZINER, Mr. VAN DREW, Mr. HUFFMAN, Mr. LYNCH, Mr. KENNEDY of New York, Mr. CASTEN, Mr. PANETTA, Mr. BACON, Mr. LATIMER, Ms. TITUS, Mr. SMITH of Washington, Mr. THANEDAR, Ms. BROWN, and Mr. CARBAJAL):

H.R. 1902. A bill to require the Secretary of Health and Human Services to improve the

Case 2:25-cv-03255-DC-AC   Document 183-12   Filed 06/24/26   Page 5 of 10

detection, prevention, and treatment of mental health issues among public safety officers, and for other purposes; to the Committee on Energy and Commerce, and in addition to the Committee on Science, Space, and Technology, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. BEYER (for himself, Ms. DELBENE, Mr. SCHNEIDER, Mr. PANETTA, Mr. DAVIS of Illinois, and Ms. CHU):

H.R. 1903. A bill to amend the Trade Expansion Act of 1962 to impose limitations on the authority of the President to adjust imports that are determined to threaten to impair national security, and for other purposes; to the Committee on Ways and Means, and in addition to the Committee on Rules, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Ms. BROWNLEY (for herself and Ms. STANSBURY):

H.R. 1904. A bill to amend the National Agricultural Research, Extension, and Teaching Policy Act of 1977 to establish the Climate Scientific Research Advisory Committee and the Rural Climate Alliance Network, and for other purposes; to the Committee on Agriculture.

By Mr. BUCHANAN (for himself, Mr. SMITH of Nebraska, Mr. KELLY of Pennsylvania, Mrs. MILLER of West Virginia, Mr. MURPHY, Ms. TENNEY, and Ms. VAN DUYNE):

H.R. 1905. A bill to amend the Internal Revenue Code of 1986 to exclude certain students from the calculation to determine if certain private colleges and universities are subject to the excise tax on net investment income, and for other purposes; to the Committee on Ways and Means.

By Ms. BUDZINSKI (for herself, Mr. FINSTAD, Mr. DAVIS of North Carolina, and Mr. TAYLOR):

H.R. 1906. A bill to provide for the prioritization of projects that provide behavioral and mental health treatment services in selecting grantees under certain rural development programs, and extend the substance abuse disorder set-aside and priority under the programs; to the Committee on Agriculture.

By Mr. BURCHETT:

H.R. 1907. A bill to allow an individual to shoot an unmanned aircraft flying over property owned by the individual under certain circumstances, and for other purposes; to the Committee on Transportation and Infrastructure.

By Mr. BURCHETT:

H.R. 1908. A bill to prohibit stock trading and ownership by Members of Congress and their spouses and dependent children, and for other purposes; to the Committee on Financial Services, and in addition to the Committees on Agriculture, House Administration, and Ways and Means, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. CARTER of Georgia (for himself, Ms. DEGETTE, Ms. KELLY of Illinois, Mrs. CAMMACK, Ms. CASTOR of Florida, and Mr. MACKENZIE):

H.R. 1909. A bill to amend the Public Health Service Act to reauthorize support for State-based maternal mortality review committees, to direct the Secretary of Health and Human Services to disseminate best practices on maternal mortality prevention to hospitals, State-based professional societies, and perinatal quality collaboratives, and for other purposes; to the Committee on Energy and Commerce.

By Mr. CASTEN (for himself, Mr. SHERMAN, Mr. DAVID SCOTT of Georgia, Mr. GREEN of Texas, and Mr. TORRES of New York):

H.R. 1910. A bill to amend the Financial Stability Act of 2010 to require certain large banking institutions to have a Chief Risk Officer, and for other purposes; to the Committee on Financial Services.

By Mr. CONAWAY (for himself, Mr. SUOZZI, and Mr. VAN DREW):

H.R. 1911. A bill to amend the Internal Revenue Code of 1986 to provide that certain payments to foreign related parties subject to sufficient foreign tax are not treated as base erosion payments; to the Committee on Ways and Means.

By Mr. CONNOLLY (for himself, Mr. CISCOMANI, Mr. MURPHY, Mr. NUNN of Iowa, Ms. SALINAS, and Ms. TLAIB):

H.R. 1912. A bill to amend title 38, United States Code, to improve the repayment by the Secretary of Veterans Affairs of benefits misused by a fiduciary, and for other purposes; to the Committee on Veterans' Affairs.

By Mr. CRANK:

H.R. 1913. A bill to amend title 23, United States Code, to limit certain Federal funding to States that do not have a process to notify the Secretary of Homeland Security of the release from custody or detainment certain aliens under certain circumstances, and for other purposes; to the Committee on Transportation and Infrastructure.

By Ms. CROCKETT (for herself, Mr. EDWARDS, Ms. CHU, and Mr. MOSKOWITZ):

H.R. 1914. A bill to amend the Internal Revenue Code of 1986 to allow the work opportunity tax credit for hiring displaced disaster victims; to the Committee on Ways and Means.

By Mr. DAVIDSON (for himself, Mr. CLINE, Mrs. MILLER of Illinois, Mr. LAMALFA, Mr. WEBSTER of Florida, and Mr. MOORE of Alabama):

H.R. 1915. A bill to improve the collection of intelligence regarding activities by drug trafficking organizations in certain foreign countries; to the Committee on the Judiciary, and in addition to the Committees on Intelligence (Permanent Select), Foreign Affairs, Homeland Security, Oversight and Government Reform, Energy and Commerce, and Financial Services, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Ms. DE LA CRUZ (for herself, Mr. CISCOMANI, Mr. CRENSHAW, Ms. MACE, Ms. TENNEY, Mr. LUTTRELL, Ms. PEREZ, Mr. CARTER of Texas, Mr. KEAN, Mr. GOODEN, Mr. SCOTT FRANKLIN of Florida, Mr. NEWHOUSE, Ms. MALLIOTAKIS, Mr. BRESNAHAN, Mr. TONY GONZALES of Texas, Mr. GUEST, and Mr. GILL of Texas):

H.R. 1916. A bill making appropriations for the salaries and expenses of certain U.S. Customs and Border Protection employees working during a Government shutdown in fiscal year 2025, and for other purposes; to the Committee on Appropriations.

By Mrs. DINGELL (for herself, Mr. HUIZENGA, and Mr. WALBERG):

H.R. 1917. A bill to establish the Great Lakes Mass Marking Program, and for other purposes; to the Committee on Natural Resources.

By Mr. DOGGETT (for himself, Ms. BALINT, Ms. BARRAGÁN, Mr. BEYER, Ms. BONAMICI, Ms. BROWNLEY, Mr. CARSON, Mr. CARTER of Louisiana, Mr. CASAR, Mr. CASTEN, Ms. CASTOR of Florida, Ms. CHU, Ms. CLARKE of New York, Mr. CLEAVER, Mr. COHEN, Mr. CONNOLLY, Mrs. MCCLAIN DELANEY, Ms. DEXTER, Ms. ELFRETH, Mr. ESPAILLAT, Mr. EVANS of Pennsylvania, Ms. FRIEDMAN, Mr. FROST, Mr. GARAMENDI, Mr. GARCÍA of Illinois, Mr. GARCIA of California, Mr. GOLDMAN of New York, Mr. GREEN of Texas, Mr. GRIJALVA, Mr. HOYER, Mr. HUFFMAN, Ms. JACOBS, Ms. JAYAPAL, Mr. JOHNSON of Georgia, Ms. KAMLAGER-DOVE, Mr. KRISHNAMOORTHI, Mr. LATIMER, Mr. LEVIN, Mr. LIEU, Mr. MAGAZINER, Ms. MATSUI, Ms. MCCOLLUM, Mrs. CHERFILUS-MCCORMICK, Mr. MFUME, Mr. MIN, Mr. MULLIN, Mr. NADLER, Ms. NORTON, Ms. OCASIO-CORTEZ, Mr. OLSZEWSKI, Ms. PINGREE, Mr. POCAN, Ms. PRESSLEY, Mr. QUIGLEY, Mrs. RAMIREZ, Mr. RASKIN, Ms. SALINAS, Ms. SÁNCHEZ, Ms. SCANLON, Ms. SCHAKOWSKY, Mr. SMITH of Washington, Ms. STANSBURY, Mr. TAKANO, Mr. THOMPSON of California, Ms. TLAIB, Ms. TOKUDA, Mr. TORRES of New York, Mrs. TRAHAN, Mr. VARGAS, Ms. VELÁZQUEZ, Ms. WATERS, Mrs. WATSON COLEMAN, Ms. WILSON of Florida, Mr. KHANNA, and Mr. MCGOVERN):

H.R. 1918. A bill to prohibit the sale and distribution of expanded polystyrene food service ware, expanded polystyrene loose fill, and expanded polystyrene coolers, and for other purposes; to the Committee on Energy and Commerce.

By Mr. EMMER (for himself, Mr. HILL of Arkansas, Mr. MOOLENAAR, Mr. HUDSON, Mr. OGLES, Mr. BOST, Mr. SCOTT FRANKLIN of Florida, Ms. GREENE of Georgia, Mr. BIGGS of Arizona, Mr. CLOUD, Mr. FLOOD, Mr. GOSAR, Mrs. KIM, Mr. MEUSER, Mr. DAVIDSON, Mr. KILEY of California, Mr. DONALDS, Mr. FITZGERALD, Mrs. LUNA, Mr. GARBARINO, Mr. LUCAS, Mr. SESSIONS, Mr. HUIZENGA, Mrs. WAGNER, Mr. BARR, Mr. WILLIAMS of Texas, Mr. LOUDERMILK, Mr. ROSE, Mr. STEIL, Mr. TIMMONS, Mr. NORMAN, Mr. LAWLER, Ms. DE LA CRUZ, Mr. NUNN of Iowa, Ms. SALAZAR, Mr. HARIDOPOLOS, Mr. DOWNING, Mr. MOORE of North Carolina, Mr. BACON, Mr. BRECHEEN, Mr. KELLY of Pennsylvania, Mr. GROTHMAN, Ms. MACE, Mr. RESCHENTHALER, Mr. ROGERS of Alabama, Mr. ROUZER, Mr. VALADAO, Mr. VAN DREW, Mr. WEBER of Texas, Mrs. HOUCHIN, Ms. HAGEMAN, Mr. LANGWORTHY, Mr. GOODEN, Mr. FINSTAD, Mrs. FISCHBACH, Mr. BEAN of Florida, Mr. AMODEI of Nevada, Mr. GRAVES, Mrs. HARSHBARGER, Mr. CRANE, Mr. CISCOMANI, Mr. BAIRD, Mr. KELLY of Mississippi, Mrs. CAMMACK, Mr. FLEISCHMANN, Mr. MURPHY, Mrs. BICE, Mr. CARTER of Texas, Mr. JOHNSON of South Dakota, Mr. CLYDE, Mr. TIFFANY, Mr. BERGMAN, Ms. VAN DUYNE, Mr. COLLINS, Mr. LATTA, Mr. CRENSHAW, Mr. ELLZEY, Mr. ISSA, Mr. OWENS, Mr. PERRY, Mr. ZINKE, Mr. HIGGINS of Louisiana, Mrs. HINSON, Mr. BALDERSON, Mr. MCCORMICK, Mr. CAREY, Mr. WITTMAN, Mr. ROY, Mr. MCCAUL, Mr. RUTHERFORD, Mr. SMITH of Nebraska, Ms. TENNEY, Mr. CRANK, Mr. BAUMGARTNER, Mr. MACKENZIE, Mr. MCDOWELL, Mr. MESSMER, Mr. SCHMIDT, Mr. TAYLOR, Mr. GILL of Texas, and Mr. GUEST):

H.R. 1919. A bill to amend the Federal Reserve Act to prohibit the Federal reserve banks from offering certain products or services directly to an individual, to prohibit the

Case 2:25-cv-03255-DC-AC    Document 183-12    Filed 06/24/26    Page 6 of 10

use of central bank digital currency for monetary policy, and for other purposes; to the Committee on Financial Services.

By Mr. FEENSTRA (for himself, Ms. McDONALD RIVET, Mr. TAYLOR, Mr. RILEY of New York, Mrs. MILLER-MEEKS, and Mr. SORENSEN):

H.R. 1920. A bill to amend the Agricultural Foreign Investment Disclosure Act of 1978 to strengthen oversight over foreign investment in the United States agricultural industry, and for other purposes; to the Committee on Agriculture, and in addition to the Committees on Financial Services, Foreign Affairs, and Energy and Commerce, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mrs. FISCHBACH (for herself and Ms. CRAIG):

H.R. 1921. A bill to direct the Administrator of the Centers for Medicare & Medicaid Services to clarify that fully implanted active middle ear hearing devices are prosthetics and are not subject to the hearing aid coverage exclusion under the Medicare program; to the Committee on Energy and Commerce, and in addition to the Committee on Ways and Means, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. GARBARINO (for himself, Mrs. HARSHBARGER, and Mr. SUOZZI):

H.R. 1922. A bill to amend title XVIII of the Social Security Act to exempt certain drugs from the part D manufacturer discount program under the Medicare program; to the Committee on Energy and Commerce, and in addition to the Committee on Ways and Means, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. HARDER of California (for himself, Mr. SCOTT FRANKLIN of Florida, Mr. NEGUSE, and Mr. STANTON):

H.R. 1923. A bill to provide for the implementation of certain recommendations from the Report of the Wildland Fire Mitigation and Management Commission; to the Committee on Natural Resources, and in addition to the Committees on Agriculture, Education and Workforce, Oversight and Government Reform, Armed Services, Energy and Commerce, Science, Space, and Technology, Transportation and Infrastructure, and Small Business, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. HERN of Oklahoma (for himself, Mr. BOYLE of Pennsylvania, Mr. JOYCE of Pennsylvania, Mrs. MILLER of West Virginia, Mr. SMUCKER, and Ms. TENNEY):

H.R. 1924. A bill to amend title XVIII of the Social Security Act to establish a new criterion for the nonapplication of site-neutral payments to long-term care hospitals under the Medicare program; to the Committee on Ways and Means.

By Mr. HIGGINS of Louisiana (for himself and Mr. FOSTER):

H.R. 1925. A bill to require a report by the Transportation Security Administration on digital identity ecosystems, and for other purposes; to the Committee on Homeland Security.

By Mr. HUNT:

H.R. 1926. A bill to amend the Mineral Leasing Act to provide for commingling; to the Committee on Natural Resources.

By Mr. ISSA (for himself, Mr. CRANE, Mr. GOODEN, Mr. HARIDOPOLOS, and Mr. FEENSTRA):

H.R. 1927. A bill to provide for enhanced Federal, State, and local assistance in the enforcement of the immigration laws, to amend the Immigration and Nationality Act, and to authorize appropriations to carry out the State Criminal Alien Assistance Program; to the Committee on the Judiciary.

By Mr. ISSA (for himself, Mr. GILL of Texas, Mr. CRANE, Mr. GOODEN, Mr. HARIDOPOLOS, and Mr. FEENSTRA):

H.R. 1928. A bill to authorize private enforcement of immigration laws, and for other purposes; to the Committee on the Judiciary.

By Mr. JOHNSON of Georgia (for himself, Mr. RASKIN, and Mr. NADLER):

H.R. 1929. A bill to authorize additional district judges for the district courts and convert temporary judgeships; to the Committee on the Judiciary.

By Ms. JOHNSON of Texas (for herself, Mr. CASE, Mr. LEVIN, Mr. VEASEY, and Mr. STANTON):

H.R. 1930. A bill to require an assessement of CBP and ICE staffing at the southern border, and for other purposes; to the Committee on Homeland Security, and in addition to the Committee on the Judiciary, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. JOYCE of Pennsylvania (for himself and Mrs. TRAHAN):

H.R. 1931. A bill to amend title XVIII of the Social Security Act to facilitate patient access to certain pediatric technologies; to the Committee on Energy and Commerce, and in addition to the Committee on Ways and Means, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mrs. KIGGANS of Virginia:

H.R. 1932. A bill making continuing appropriations for military pay in the event of a Government shutdown; to the Committee on Appropriations.

By Mr. LAWLER (for himself and Mr. TORRES of New York):

H.R. 1933. A bill to award posthumously a congressional gold medal to James Earl Jones, an American icon, in recognition of a remarkable life in reshaping perceptions, dismantling racial barriers, and advocating for equal opportunities for people of all backgrounds in film and theatre; to the Committee on Financial Services.

By Mr. LIEU (for himself, Mr. NADLER, Mr. JOHNSON of Georgia, Ms. NORTON, Mr. KRISHNAMOORTHI, Ms. TITUS, Mr. SOTO, and Mr. HUFFMAN):

H.R. 1934. A bill to amend the Endangered Species Act of 1973 to prohibit the taking for a trophy of any endangered or threatened species of fish or wildlife in the United States and the importation of endangered and threatened species trophies into the United States, and for other purposes; to the Committee on Natural Resources.

By Mr. LUTTRELL:

H.R. 1935. A bill to amend the Immigration and Nationality Act to provide that aliens who have been convicted of or who have committed an offense related to entering military, naval, or coast guard property, are inadmissible and deportable; to the Committee on the Judiciary.

By Mr. MAGAZINER (for himself, Ms. NORTON, Mrs. McIVER, Mr. THANEDAR, Mr. BOYLE of Pennsylvania, Mr. EVANS of Pennsylvania, Ms. TITUS, Mr. SWALWELL, and Ms. JAYAPAL):

H.R. 1936. A bill to prohibit funds for the Armed Forces to engage in operations to invade or seize territory from Canada, the Republic of Panama, or the self-governing territory of Greenland; to the Committee on Foreign Affairs, and in addition to the Committee on Armed Services, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. MAST:

H.R. 1937. A bill to amend title 38, United States Code, to direct the Secretary of Veterans Affairs to recognize nurse registries for purposes of the Veterans Community Care Program, and for other purposes; to the Committee on Veterans' Affairs.

By Ms. McCLELLAN (for herself, Mrs. KIGGANS of Virginia, Mr. RYAN, Mr. LaLOTA, Mrs. FOUSHEE, Mr. LAWLER, Mr. COHEN, Mr. FITZPATRICK, Ms. TLAIB, and Mr. SCOTT of Virginia):

H.R. 1938. A bill to require the Secretary of Defense to request modifications relating to certain permits issued under the Federal Water Pollution Control Act, and for other purposes; to the Committee on Armed Services, and in addition to the Committee on Transportation and Infrastructure, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. MEEKS (for himself, Ms. JACOBS, Mr. McGOVERN, Mr. AMO, Mrs. CHERFILUS-McCORMICK, Mr. CONNOLLY, Ms. JAYAPAL, Ms. KAMLAGER-DOVE, Mr. KEATING, Ms. LEE of Pennsylvania, Ms. MENG, Mr. MORELLE, Ms. OMAR, Mr. SCHNEIDER, and Ms. TITUS):

H.R. 1939. A bill to require the imposition of sanctions with respect to conflict in Sudan, and for other purposes; to the Committee on Foreign Affairs, and in addition to the Committees on Financial Services, the Judiciary, and Oversight and Government Reform, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mrs. MILLER of West Virginia:

H.R. 1940. A bill to amend the Internal Revenue Code of 1986 to repeal the excise tax on indoor tanning services; to the Committee on Ways and Means.

By Mr. MORELLE (for himself and Mr. KEAN):

H.R. 1941. A bill to prohibit the disclosure of intimate digital depictions, and for other purposes; to the Committee on the Judiciary.

By Mr. MORELLE (for himself and Mr. FITZPATRICK):

H.R. 1942. A bill to amend the Internal Revenue Code of 1986 to increase the standard charitable mileage rate for delivery of meals to elderly, disabled, frail, and at-risk individuals; to the Committee on Ways and Means.

By Mr. NEGUSE (for himself, Mr. FITZPATRICK, Mr. HARDER of California, Mr. BERGMAN, Mr. CONNOLLY, Mr. CISCOMANI, Ms. LEE of Nevada, Mr. BACON, Mr. COSTA, Mr. VALADAO, Mr. WHITESIDES, and Mrs. KIM):

H.R. 1943. A bill to amend title 5, United States Code, to provide for special base rates of pay for wildland firefighters, and for other purposes; to the Committee on Oversight and Government Reform, and in addition to the Committees on Natural Resources, and Agriculture, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Ms. OCASIO-CORTEZ (for herself and Mrs. LUNA):

H.R. 1944. A bill to amend the Truth in Lending Act to cap credit card interest rates

Case 2:25-cv-03255-DC-AC   Document 183-12   Filed 06/24/26   Page 7 of 10

at 10 percent; to the Committee on Financial Services.

By Mr. ONDER:

H.R. 1945. A bill to designate the America's National Churchill Museum National Historic Landmark, and for other purposes; to the Committee on Natural Resources.

By Mr. PERRY (for himself and Mr. KHANNA):

H.R. 1946. A bill to amend the Internal Revenue Code of 1986 to repeal the carbon oxide sequestration credit; to the Committee on Ways and Means.

By Mr. PERRY (for himself, Mr. OGLES, Mr. GOSAR, Mr. NEHLS, Mr. CRENSHAW, Mr. MCCORMICK, Mr. FITZPATRICK, and Mr. VALADAO):

H.R. 1947. A bill to direct the Secretary of Veterans Affairs and the Secretary of Defense to furnish stellate ganglion block to veterans and members of the Armed Forces with post-traumatic stress disorder, and for other purposes; to the Committee on Armed Services, and in addition to the Committee on Veterans' Affairs, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. PETERS (for himself, Mr. VARGAS, Mr. CRENSHAW, Ms. JACOBS, Mr. VAN ORDEN, Mr. LEVIN, Mr. ELLZEY, Ms. ESCOBAR, Mr. ZINKE, and Mr. CASTRO of Texas):

H.R. 1948. A bill to authorize the International Boundary and Water Commission to accept funds for activities relating to wastewater treatment and flood control works, and for other purposes; to the Committee on Transportation and Infrastructure.

By Mr. PFLUGER (for himself, Mr. JOYCE of Pennsylvania, Ms. LETLOW, Mrs. SPARTZ, Ms. BOEBERT, Mrs. BICE, Mr. WILLIAMS of Texas, Mr. BALDERSON, Mr. GOLDMAN of Texas, Mr. CRENSHAW, Mr. WEBER of Texas, Mr. ARRINGTON, Mr. NEWHOUSE, Mr. ELLZEY, Mr. SESSIONS, Mr. BABIN, Mr. CARTER of Texas, Mr. HIGGINS of Louisiana, Mrs. MILLER of West Virginia, and Ms. HAGEMAN):

H.R. 1949. A bill to repeal restrictions on the export and import of natural gas; to the Committee on Energy and Commerce.

By Mr. POCAN (for himself, Mr. DOGGETT, and Mr. FROST):

H.R. 1950. A bill to protect benefits provided under Social Security, Medicare, and any other program of benefits administered by the Social Security Administration or the Centers for Medicare and Medicaid Services; to the Committee on Rules.

By Mr. RILEY of New York (for himself and Mr. VALADAO):

H.R. 1951. A bill to amend the Consolidated Farm and Rural Development Act to reauthorize rural cooperative development grants; to the Committee on Agriculture.

By Mr. RILEY of New York (for himself and Mr. FEENSTRA):

H.R. 1952. A bill to amend the National Agricultural Research, Extension, and Teaching Policy Act of 1977 to extend grants and fellowships for food and agricultural sciences education; to the Committee on Agriculture.

By Mr. ROY (for himself, Mr. NEHLS, Mr. OGLES, Mr. GILL of Texas, Mr. ROSE, Ms. BOEBERT, Mr. MOORE of Alabama, Mr. MASSIE, Mr. PERRY, Mr. RUTHERFORD, Mr. GOSAR, Mr. BABIN, Mr. BIGGS of Arizona, and Mr. CLOUD):

H.R. 1953. A bill to prohibit foreign assistance to countries that deny or delay accepting aliens as described in section 243 of the Immigration and Nationality Act; to the Committee on Foreign Affairs.

By Mr. SCOTT of Virginia (for himself, Mr. RASKIN, Mr. COHEN, Ms. SCANLON, Mr. PETERS, Mr. CONNOLLY, Ms. TOKUDA, Mr. KRISHNAMOORTHI, Ms. SÁNCHEZ, Ms. NORTON, Ms. SCHAKOWSKY, Mr. POCAN, Ms. STRICKLAND, Ms. TITUS, Ms. WILLIAMS of Georgia, Mrs. CHERFILUS-MCCORMICK, Mr. DELUZIO, Ms. FRIEDMAN, Mr. MFUME, Mr. HUFFMAN, Ms. JACOBS, Mr. NEAL, Ms. CHU, Mr. CLEAVER, Mr. MOULTON, Ms. GARCIA of Texas, Ms. PINGREE, Mr. DAVIS of Illinois, Mr. QUIGLEY, Mrs. TORRES of California, Mr. FOSTER, Mr. TAKANO, Ms. DELBENE, Mr. HOYER, Mrs. DINGELL, Ms. OMAR, Ms. DELAURO, Mr. MRVAN, Ms. BONAMICI, Mr. SCHNEIDER, Mr. COSTA, Mr. GOMEZ, Mr. CARSON, Mr. MOSKOWITZ, Ms. WILSON of Florida, Ms. WATERS, Mr. MAGAZINER, Mr. FIELDS, Mr. CARBAJAL, Mr. GARCIA of California, Ms. KELLY of Illinois, Mr. THOMPSON of Mississippi, Ms. DEAN of Pennsylvania, Mr. TONKO, Mr. PANETTA, Ms. ANSARI, Mr. DESAULNIER, Mr. EVANS of Pennsylvania, Mr. THANEDAR, Mr. SHERMAN, Mr. PALLONE, Mr. STANTON, Mr. KHANNA, Ms. MCCOLLUM, Ms. BROWNLEY, Ms. STANSBURY, Mr. DOGGETT, Mr. COURTNEY, Ms. DEGETTE, Mr. VEASEY, Ms. MCCLELLAN, Ms. MATSUI, Mr. TORRES of New York, Ms. BARRAGÁN, Ms. WASSERMAN SCHULTZ, Mr. NADLER, Mr. MCGARVEY, and Mr. AMO):

H.R. 1954. A bill to amend the Religious Freedom Restoration Act of 1993 to protect civil rights and otherwise prevent meaningful harm to third parties, and for other purposes; to the Committee on the Judiciary.

By Mr. SORENSEN:

H.R. 1955. A bill to require the establishment within the Department of Defense of a pilot program on arsenal workload sustainment, and for other purposes; to the Committee on Armed Services.

By Ms. STRICKLAND (for herself, Mr. BACON, Mr. BEYER, Mr. CARBAJAL, Mr. CONNOLLY, Ms. DELBENE, Mr. DELUZIO, Ms. ESCOBAR, Ms. GARCIA of Texas, Mr. GOLDEN of Maine, Ms. GOODLANDER, Ms. NORTON, Ms. JACOBS, Mr. LIEU, Mr. MOULTON, Mrs. TORRES of California, Mr. PANETTA, Mr. PETERS, Ms. PETTERSEN, Mr. QUIGLEY, Ms. SALINAS, Ms. SCHAKOWSKY, Ms. SHERRILL, Mr. SWALWELL, Ms. TOKUDA, and Mr. WITTMAN):

H.R. 1956. A bill to amend title 37, United States Code, to increase the basic allowance for housing inside the United States for members of the uniformed services; to the Committee on Armed Services.

By Mr. TAKANO (for himself, Ms. WATERS, and Mr. LEVIN):

H.R. 1957. A bill to amend title 38, United States Code, and the United States Housing Act of 1937, to make certain improvements to the supported housing program for veterans commonly known as "HUD-VASH"; to the Committee on Financial Services, and in addition to the Committee on Veterans' Affairs, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. TAYLOR (for himself, Ms. TENNEY, Mr. SCHMIDT, Ms. MACE, Mr. ONDER, Mr. MESSMER, Mr. LATTA, Mr. KENNEDY of Utah, Mrs. BIGGS of South Carolina, Mr. GILL of Texas, Mr. ROSE, Mr. HARIDOPOLOS, and Mr. FINSTAD):

H.R. 1958. A bill to amend the Immigration and Nationality to clarify that aliens who have been convicted of defrauding the United States Government or the unlawful receipt of public benefits are inadmissible and deportable; to the Committee on the Judiciary.

By Ms. TENNEY (for herself and Mr. SMUCKER):

H.R. 1959. A bill to amend the Internal Revenue Code of 1986 to protect small businesses from unemployment insurance premium increases by reason of unrepaid State advances; to the Committee on Ways and Means.

By Mr. THOMPSON of Pennsylvania (for himself, Mr. DAVIS of North Carolina, Mr. BRESNAHAN, and Mr. PANETTA):

H.R. 1960. A bill to amend title 38, United States Code, to require the Secretary of Veterans Affairs to provide guidance to applicants for grants for comprehensive service programs for homeless veterans, and for other purposes; to the Committee on Veterans' Affairs.

By Mr. TORRES of New York:

H.R. 1961. A bill to amend the Public Health Service Act to direct the Secretary of Health and Human Services to establish and implement a department-wide after-action program and a risk communication strategy, and for other purposes; to the Committee on Energy and Commerce.

By Mr. VAN DREW (for himself and Mr. TAKANO):

H.R. 1962. A bill to amend the Fair Labor Standards Act of 1938 to remove the overtime wages exemption for certain employees, and for other purposes; to the Committee on Education and Workforce.

By Ms. VAN DUYNE:

H.R. 1963. A bill to require the heads of agencies identify whether major rules of the agency are budget neutral, and for other purposes; to the Committee on the Judiciary.

By Mr. VASQUEZ:

H.R. 1964. A bill to name the Department of Veterans Affairs community-based outpatient clinic in Las Cruces, New Mexico, the "Las Cruces Bataan Memorial Clinic"; to the Committee on Veterans' Affairs.

By Mr. VASQUEZ (for himself and Mr. VALADAO):

H.R. 1965. A bill to amend title 38, United States Code, to provide for an annual increase in stipend for books, supplies, equipment, and other educational costs under Post-9/11 Educational Assistance Program of Department of Veterans Affairs; to the Committee on Veterans' Affairs.

By Ms. WATERS (for herself, Ms. UNDERWOOD, Ms. ADAMS, Mrs. BEATTY, Ms. BROWN, Mr. CARSON, Mrs. CHERFILUS-MCCORMICK, Ms. CLARKE of New York, Mr. COHEN, Mr. CONNOLLY, Ms. CROCKETT, Ms. DEAN of Pennsylvania, Mr. DOGGETT, Mr. FIELDS, Mr. FIGURES, Mr. GOTTHEIMER, Mr. GRIJALVA, Mrs. HAYES, Mr. JACKSON of Illinois, Mr. JOHNSON of Georgia, Ms. LEE of Pennsylvania, Mrs. MCIVER, Ms. NORTON, Ms. OCASIO-CORTEZ, Mrs. RAMIREZ, Ms. SEWELL, Mr. SWALWELL, Mr. THANEDAR, Mr. THOMPSON of Mississippi, Ms. TLAIB, Mr. VARGAS, Ms. VELÁZQUEZ, and Mrs. WATSON COLEMAN):

H.R. 1966. A bill to authorize the Secretary of Health and Human Services, acting through the Administrator of the Health Resources and Services Administration, to award grants to expand and improve maternal health care services, and for other purposes; to the Committee on Energy and Commerce.

By Mrs. WATSON COLEMAN (for herself, Mr. GREEN of Texas, Mr. CARSON, Mr. COHEN, Ms. BARRAGÁN, Mr. MEEKS, Mr. EVANS of Pennsylvania, Ms. NORTON, Ms. CLARKE of New York, Ms. MCCLELLAN, Mrs. MCIVER, and Ms. TLAIB):

H.R. 1967. A bill to rename the Richard B. Russell National School Lunch Act, and for

Case 2:25-cv-03255-DC-AC    Document 183-12    Filed 06/24/26    Page 8 of 10

other purposes; to the Committee on Education and Workforce.

By Mr. MEEKS (for himself, Mr. NEAL, Mr. LARSEN of Washington, Ms. DELBENE, Mr. STANTON, and Mr. CASTRO of Texas):

H.J. Res. 72. A joint resolution relating to a national emergency by the President on February 1, 2025; to the Committee on Foreign Affairs.

By Mr. MEEKS (for himself, Mr. NEAL, Mr. LARSEN of Washington, Ms. DELBENE, Mr. STANTON, and Mr. CASTRO of Texas):

H.J. Res. 73. A joint resolution relating to a national emergency by the President on February 1, 2025; to the Committee on Foreign Affairs.

By Mr. NORMAN (for himself, Mr. BARR, Mr. DONALDS, Mr. OGLES, Mr. FLOOD, Mr. FITZGERALD, Mrs. WAGNER, Mr. LUCAS, Mr. HUIZENGA, Mr. LOUDERMILK, Mr. MEUSER, Mr. WILLIAMS of Texas, Mr. DOWNING, and Mr. MOORE of North Carolina):

H.J. Res. 74. A joint resolution disapproving the rule submitted by the Bureau of Consumer Financial Protection relating to ''Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V)''; to the Committee on Financial Services.

By Mr. STEIL (for himself and Mr. MORELLE):

H. Res. 198. A resolution providing for the expenses of certain committees of the House of Representatives in the One Hundred Nineteenth Congress; to the Committee on House Administration.

By Mr. BURCHETT:

H. Res. 199. A resolution condemning woke foreign aid programs; to the Committee on Foreign Affairs.

By Mr. KHANNA:

H. Res. 200. A resolution expressing support for a comprehensive political reform plan; to the Committee on the Judiciary, and in addition to the Committee on House Administration, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned.

By Mr. OGLES:

H. Res. 201. A resolution removing certain Members from standing committees of the House of Representatives; to the Committee on Ethics.

---

## CONSTITUTIONAL AUTHORITY STATEMENT

Pursuant to clause 7 of rule XII of the Rules of the House of Representatives, the following statements are submitted regarding the specific powers granted to Congress in the Constitution to enact the accompanying bill or joint resolution.

By Mr. HUDSON:
H.R. 1870.
Congress has the power to enact this legislation pursuant to the following:
Article I, Section 8, clause 1

By Mr. CALVERT:
H.R. 1894.
Congress has the power to enact this legislation pursuant to the following:
The constitutional authority of Congress to enact this legislation is provided by Article I, Section 8 of the United States Constitution, specifically clause 1 and clause 18.

By Mrs. SPARTZ:
H.R. 1895.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mrs. MILLER-MEEKS:
H.R. 1896.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8 of the United States Constitution

By Mr. WESTERMAN:
H.R. 1897.
Congress has the power to enact this legislation pursuant to the following:
Article 1 of the U.S. Constitution

By Mr. BARRETT:
H.R. 1898.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mr. FEENSTRA:
H.R. 1899.
Congress has the power to enact this legislation pursuant to the following:
Article I Section VIII of the U.S. Constitution

By Mr. BARR:
H.R. 1900.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8 of the United States Constitution.

By Mr. BARRAGÁN:
H.R. 1901.
Congress has the power to enact this legislation pursuant to the following:
Article 1 Section 8 of the United States Constitution

By Mr. BERA:
H.R. 1902.
Congress has the power to enact this legislation pursuant to the following:
mental health

By Mr. BEYER:
H.R. 1903.
Congress has the power to enact this legislation pursuant to the following:
Article I, Section 8

By Ms. BROWNLEY:
H.R. 1904.
Congress has the power to enact this legislation pursuant to the following:
Article I, Section 8

By Mr. BUCHANAN:
H.R. 1905.
Congress has the power to enact this legislation pursuant to the following:
Article 1 Section 8

By Ms. BUDZINSKI:
H.R. 1906.
Congress has the power to enact this legislation pursuant to the following:
Article 1 Section 8

By Mr. BURCHETT:
H.R. 1907.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mr. BURCHETT:
H.R. 1908.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mr. CARTER of Georgia:
H.R. 1909.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8 of the Constitution

By Mr. CASTEN:
H.R. 1910.
Congress has the power to enact this legislation pursuant to the following:
Clause 18 of Section 8 of Article 1 of the Constitution

By Mr. CONAWAY:
H.R. 1911.
Congress has the power to enact this legislation pursuant to the following:
The General Welfare Clause found in Article I, Section 8, Clause 1 of the U.S. Constitution.

By Mr. CONNOLLY:
H.R. 1912.

Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mr. CRANK:
H.R. 1913.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8 of the United States Constitution

By Ms. CROCKETT:
H.R. 1914.
Congress has the power to enact this legislation pursuant to the following:
Article I Section 8

By Mr. DAVIDSON:
H.R. 1915.
Congress has the power to enact this legislation pursuant to the following:
Constitutional citation: Article 1, Section 8: Congress shall have the power . . . to make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof

By Ms. DE LA CRUZ:
H.R. 1916.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mrs. DINGELL:
H.R. 1917.
Congress has the power to enact this legislation pursuant to the following:
The Constitutional authority of Congress to enact this legislation is provided by Article I, Section 8 of the United States Constitution.

By Mr. DOGGETT:
H.R. 1918.
Congress has the power to enact this legislation pursuant to the following:
Clause 1 of Section 8 of Article I of the United States Constitution.

By Mr. EMMER:
H.R. 1919.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8 of the U.S. Constitution

By Mr. FEENSTRA:
H.R. 1920.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8
To amend the Agricultural Foreign Investment Disclosure Act of 1978 to strengthen oversight over foreign investment in the United States agricultural industry, and for other purposes.

By Mrs. FISCHBACH:
H.R. 1921.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8

By Mr. GARBARINO:
H.R. 1922.
Congress has the power to enact this legislation pursuant to the following:
Art. 1, Sec. 8.

By Mr. HARDER of California:
H.R. 1923.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8 of the Constitution

By Mr. HERN of Oklahoma:
H.R. 1924.
Congress has the power to enact this legislation pursuant to the following:
Article 1 Section 8

By Mr. HIGGINS of Louisiana:
H.R. 1925.
Congress has the power to enact this legislation pursuant to the following:
Article 1, Section 8, Clause 18: To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United

Case 2:25-cv-03255-DC-AC    Document 183-12    Filed 06/24/26    Page 9 of 10

of Housing and Urban Development, transmitting, pursuant to law, a report relative to a vacancy in the position of Deputy Secretary, Department of Housing and Urban Development, received in the Office of the President of the Senate on March 25, 2025; to the Committee on Banking, Housing, and Urban Affairs.

EC–653. A communication from the Secretary of the Treasury, transmitting, pursuant to law, a six-month periodic report on the national emergency that was declared in Executive Order 14115 of February 1, 2024 with respect to the situation in the West Bank; to the Committee on Banking, Housing, and Urban Affairs.

EC–654. A communication from the Secretary of the Treasury, transmitting, pursuant to law, a six-month periodic report on the national emergency that was declared in Executive Order 13536 with respect to Somalia; to the Committee on Banking, Housing, and Urban Affairs.

EC–655. A communication from the Secretary of the Treasury, transmitting, pursuant to law, a six-month periodic report on the national emergency that was declared in Executive Order 13848 with respect to the threat of foreign interference in or undermining public confidence in United States elections; to the Committee on Banking, Housing, and Urban Affairs.

EC–656. A communication from the Secretary of the Treasury, transmitting, pursuant to law, a six-month periodic report on the national emergency that was declared in Executive Order 14046 with respect to Ethiopia; to the Committee on Banking, Housing, and Urban Affairs.

EC–657. A communication from the Chair, Federal Financial Institutions Examination Council, transmitting, pursuant to law, the Council's 2024 Annual Report to Congress; to the Committee on Banking, Housing, and Urban Affairs.

EC–658. A communication from the Director, Office of Management and Budget, Executive Office of the President, transmitting, pursuant to law, a report relative to discretionary appropriations legislation within seven calendar days of enactment (excluding Saturdays, Sundays, and legal holidays); to the Committee on the Budget.

EC–659. A communication from the Associate Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of a rule entitled "Interim Final Determination to Stay and Defer Sanctions; California; Antelope Valley Air Quality Management District" (FRL No. 12601–02–R9) received in the Office of the President of the Senate on March 25, 2025; to the Committee on Environment and Public Works.

EC–660. A communication from the Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of a rule entitled "California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; the 'Omnibus' Low NOX Regulations; Waiver of Preemption; Notice of Decision" (FRL No. 9902–02–OAR) received in the Office of the President of the Senate on March 25, 2025; to the Committee on Environment and Public Works.

EC–661. A communication from the Director of the Regulatory Management Division, Environmental Protection Agency, transmitting, pursuant to law, the report of a rule entitled "California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision" (FRL No. 11010–02–OAR) received in the Office of the President of the Senate on March 25, 2025; to the Committee on Environment and Public Works.

EC–662. A communication from the Director of the Regulatory Management Division,

Environmental Protection Agency, transmitting, pursuant to law, the report of a rule entitled "California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision" (FRL No. 9902–02–OAR) received in the Office of the President of the Senate on March 25, 2025; to the Committee on Environment and Public Works.

EC–663. A communication from the Deputy General Counsel for Operations, Department of Housing and Urban Development, transmitting, pursuant to law, a report relative to a vacancy in the position of General Counsel, Department of Housing and Urban Development, received in the Office of the President of the Senate on March 25, 2025; to the Committee on Banking, Housing, and Urban Affairs.

EC–664. A communication from the Deputy General Counsel for Operations, Department of Housing and Urban Development, transmitting, pursuant to law, a report relative to a vacancy in the position of Assistant Secretary, Fair Housing and Equal Opportunity, Department of Housing and Urban Development, received in the Office of the President of the Senate on March 25, 2025; to the Committee on Banking, Housing, and Urban Affairs.

EC–665. A communication from the Regulations Coordinator, National Institutes of Health, Department of Health and Human Services, transmitting, pursuant to law, the report of a rule entitled "Privacy Act; Implementation at 45 CFR Part 5b" (RIN0925–AA69) received in the Office of the President of the Senate on March 26, 2025; to the Committee on Health, Education, Labor, and Pensions.

EC–666. A communication from the Regulations Coordinator, Food and Drug Administration, Department of Health and Human Services, transmitting, pursuant to law, the report of a rule entitled "Nonprescription Drug Product With an Additional Condition for Nonprescription Use" (RIN0910–AH62) received in the Office of the President of the Senate on March 26, 2025; to the Committee on Health, Education, Labor, and Pensions.

---

## REPORTS OF COMMITTEES

The following reports of committees were submitted:

By Mr. CRAPO, from the Committee on Finance:

Special Report entitled "Report on the Activities of the Committee on Finance During the 118th Congress" (Rept. No. 119–6).

---

## INTRODUCTION OF BILLS AND JOINT RESOLUTIONS

The following bills and joint resolutions were introduced, read the first and second times by unanimous consent, and referred as indicated:

By Mr. BUDD (for himself and Mr. LUJÁN):

S. 1132. A bill to amend the Older Americans Act of 1965 to include peer supports as a supportive service within the National Family Caregiver Support Program, to require States to consider the unique needs of caregivers whose families have been impacted by substance use disorder, including opioid use disorder, in providing services under such program, and for other purposes; to the Committee on Health, Education, Labor, and Pensions.

By Mr. GRASSLEY (for himself, Ms. KLOBUCHAR, Mr. DURBIN, Mr. BLUMENTHAL, Mr. MARKEY, and Mr. CORNYN):

S. 1133. A bill to provide for media coverage of Federal court proceedings; to the Committee on the Judiciary.

By Mr. CRAMER (for himself and Ms. ROSEN):

S. 1134. A bill to amend title 38, United States Code, to improve the Office of Patient Advocacy of the Department of Veterans Affairs; to the Committee on Veterans' Affairs.

By Mr. CURTIS (for himself and Mr. LEE):

S. 1135. A bill to amend the National Trails System Act to direct the Secretary of the Interior to conduct a study on the feasibility of designating the Bonneville Shoreline Trail; to the Committee on Energy and Natural Resources.

By Ms. HASSAN (for herself, Ms. ERNST, Mr. BANKS, and Ms. SLOTKIN):

S. 1136. A bill to authorize sentencing enhancements for certain criminal offenses directed by or coordinated with foreign governments; to the Committee on the Judiciary.

By Mr. COTTON (for himself, Mr. RISCH, Mr. GRAHAM, Mr. CRAPO, Mr. LANKFORD, Mr. CASSIDY, Mrs. CAPITO, Mrs. HYDE-SMITH, Mr. HAGERTY, and Mr. RICKETTS):

S. 1137. A bill to provide that the Federal Communications Commission may not prevent a State or Federal correctional facility from utilizing jamming equipment, and for other purposes; to the Committee on Commerce, Science, and Transportation.

By Ms. HASSAN (for herself and Mr. LANKFORD):

S. 1138. A bill to require the Secretary of Homeland Security to enhance capabilities for outbound inspections at the southern land border, and for other purposes; to the Committee on Homeland Security and Governmental Affairs.

By Mr. MORAN:

S. 1139. A bill to amend the Commander John Scott Hannon Veterans Mental Health Care Improvement Act of 2019 to modify and reauthorize the Staff Sergeant Parker Gordon Fox Suicide Prevention Grant Program of the Department of Veterans Affairs, and for other purposes; to the Committee on Veterans' Affairs.

By Mr. CASSIDY (for himself and Mr. PADILLA):

S. 1140. A bill to amend title XI of the Social Security Act to lower barriers to increase patient access to health care; to the Committee on Finance.

By Mr. CASSIDY (for himself, Mr. WARNOCK, Mr. TUBERVILLE, Mr. KING, and Mrs. BRITT):

S. 1141. A bill to amend the Internal Revenue Code of 1986 to provide a special rule for certain casualty losses of uncut timber; to the Committee on Finance.

By Mr. PADILLA:

S. 1142. A bill to adjust the boundaries of the Golden Gate National Recreation Area to include the Scarper Ridge property; to the Committee on Energy and Natural Resources.

By Mr. CASSIDY (for himself, Mrs. HYDE-SMITH, and Mrs. BLACKBURN):

S. 1143. A bill to amend title 18, United States Code, to provide for penalties for the unauthorized disclosure of confidential information by officers or employees of the Supreme Court, and for other purposes; to the Committee on the Judiciary.

By Mr. THUNE (for himself and Mr. MURPHY):

S. 1144. A bill to amend the Internal Revenue Code of 1986 to treat certain amounts paid for physical activity, fitness, and exercise as amounts paid for medical care; to the Committee on Finance.

should, in fact, be considered a rule, like I did in 2022, when GAO agreed with me that guidance from the Federal Highway Administration instructing State departments of transportation to prioritize bike and pedestrian projects over new highway capacity projects should be a rule. And I did so a year later, when GAO disagreed with my argument that a separate California waiver should have been submitted as a rule.

In all of these cases, Federal Agencies had not submitted their actions to Congress, but in this case, EPA did submit its rule approving the California EV mandate to Congress.

A GAO opinion has never been used to cut off the Senate's ability to consider a CRA resolution of disapproval when the Federal Agency actually submitted the rule to Congress. In fact, GAO has repeatedly recognized that its legal opinions are unnecessary when Agencies submit a rule to Congress.

In 2018, GAO wrote:

[The] Congressional Review Act gives agencies the primary responsibility for determining which agency actions meet the statute's definition of a rule.''

And:

Submission . . . to Congress pursuant to the Congressional Review Act obviates the need for a GAO opinion.''

Two years later, GAO concluded:

When an agency submits a document to our office under CRA, we consider that to be the agency's determination that the document is a rule under CRA. When a rule is submitted to Congress, Congress has an opportunity to review the rule and pass a joint resolution of disapproval to void the rule.

Protecting our legislative branch oversight is the basis upon which this Senate has involved GAO in the CRA process since 2008, but it does not follow that GAO should be able to halt congressional privileges when the executive branch does submit a rule. Once an Agency has submitted a rule to Congress, as EPA has done here, elected representatives should be able to decide whether to approve or disapprove of the rule. That is how the Congressional Review Act has functioned since its beginning in 1996.

I want to quickly talk about the filibuster and the Parliamentarian because this has been raised.

My Democrat colleagues argue that there will be ''profound institutional consequences'' by the Senate not allowing GAO a veto over the use of the CRA against Agency-submitted rules. I, on the other hand, disagree. Such a GAO veto has never existed before, and we must remember that the CRA is all about protecting the authority of elected representatives over unelected Agencies. Delegating to the unelected GAO staff the authority to determine if Members of Congress can use the CRA against Agency-submitted rules turns the statute completely on its head.

My Democrat colleagues say that our action today undermines the legislative filibuster, and that is simply not true. I support the legislative fili-

buster. I have supported the legislative filibuster as a Senator in the majority and as a Senator in the minority.

The Congressional Review Act, which was passed with the legislative filibuster in place, has stood since 1996, providing a narrow exception to the Senate's normal practice of extended debate. It applies only to allow for disapproval of Federal Agency rules and only during a prescribed time defined by the statute.

In deciding to retain the 30-year-old practice of allowing the use of CRA procedures against Agency-submitted rules, we are not expanding any authority to enact laws by a simple majority. We are not expanding the scope of the CRA itself but, rather, simply refusing to narrow the CRA by subjecting its use to GAO approval.

Like my colleagues in the Senate, I hold our Parliamentarians in very high regard. They perform and she performs a vital role in this institution, and her wise counsel is critical to making this Senate function.

I want to make two things crystal clear: The procedural action we have taken today is not about the filibuster and not about the Parliamentarian. Instead, the procedural issue before the Senate was simply whether GAO staff should be able to block resolutions of disapproval against Agency-submitted rules.

I have explained why my answer to that is no. I have spent significant time talking about the CRA itself and about procedure. I think that is important because I respect the Senate as an institution, and I care about how we do things.

We shouldn't lose sight of the substance of what we are doing today. We are deciding whether California, DC, and 11 other States can impose an electric vehicle mandate that will take away consumer choice, drive up prices, and eliminate jobs across the country.

West Virginians don't want California's climate policy. West Virginians don't want California's EV mandate. And I am confident that most Americans don't want these things either. That is why the House of Representatives passed this resolution of disapproval with a strong bipartisan vote that included every Republican and 35 Democrats, some from the State of California.

Today, despite the best efforts of the Biden administration and congressional Democrats to shield this EV mandate from the will of the American people, the Senate will have its say.

I urge my colleagues to vote tomorrow for the resolution of disapproval.

I yield the floor.

The PRESIDING OFFICER. The Senator from Rhode Island.

Mr. WHITEHOUSE. Mr. President, today, the Senate has done something unprecedented. Our actions and the ones that will follow from the procedural steps taken here today, over the next day or so, will change the Clean Air Act, will change the Congressional

Review Act, will change the rules of the Senate, and will do so by overruling the Parliamentarian and breaking the filibuster.

In effect, going nuclear. The Republicans can say what they like about this, but the fact of the matter is that the Parliamentarian ruled that the Congressional Review Act does not permit what we are doing.

And she did so on the basis of advice from the Government Accountability Office, which was given that role by the Senate, given that role in a bipartisan agreement years ago.

So we are de facto legislating here, amending the operation of the Clean Air Act to remove a statutory waiver for the State of California, amending the Congressional Review Act, so it is no longer the narrow provision only about rules with a short timeframe that the Senator from West Virginia described.

That may have been what the Congressional Review Act was like until today, but after today, none of that is true any longer because of this action.

It did not have to come to this. It did not have to come to this. There were many ways around the procedural shortcut of going nuclear, where a majority of the Senate shoves its view on the minority, without consideration, without cloture, without 60 votes, without negotiation, just rolling the minority in order to get what they want done. That ought to be a last recourse for a desperate majority, but instead it was the first recourse because this is the easy way to do what the fossil fuel industry wants.

Now, one way to do this would have been to go and amend the Clean Air Act and amend the Congressional Review Act through regular order, the way the laws were created, through bicameralism, with both Houses passing the bill and the President signing it. They have been amended over and over again. We know how to amend those laws. That is what we call in the Senate regular order. But regular order would have required compromise, would have required effort, would have required working with Democrats, and the fossil fuel industry didn't want to put up with any of that. They wanted the Republican Party to jam this through, and that is what happened.

So regular legislative order—not interested, not going to do it. That was one way. The second way would have been to go to EPA and have them follow an administrative process, which they had already started in the first Trump administration, to review the three predicates for the waiver administratively.

Now, the problem is that would have taken a certain amount of administrative effort out of EPA, and it also would have required EPA to meet the basic standards for Agency action, that the Agency action be rationally based and not arbitrary and capricious.

If they made a decision that had no rational basis and was arbitrary and