Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,<br><br>                Plaintiff,<br><br>        v.<br><br>STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>                Defendant. | No. 2:25-cv-03255-DC-AC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DECLARATIONS FILED IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**<br><br>**Date: August 7, 2026**<br>**Time: 1:30 PM**<br>**Place: Courtroom 10, 13th Floor**<br>**Judge: Hon. Dena Coggins** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...........................................................................................................1

ARGUMENT ..................................................................................................................1

      First Objection ..................................................................................................... 2

      Second Objection .................................................................................................3

      Third Objection................................................................................................... 4

CONCLUSION ...............................................................................................................5

Pl.'s Resp. to Def.'s Objections

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barthelemy v. Air Lines Pilots Ass'n*,
    897 F.2d 999 (9th Cir. 1990) ................................................................................. 2

*Beyene v. Coleman Sec. Servs., Inc.*,
    854 F.2d 1179 (9th Cir. 1998) ...............................................................................1

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ...............................................................................1

*Fonseca v. Sysco Food Servs. of Ariz., Inc.*,
    374 F.3d 840 (9th Cir. 2004) ..............................................................................2, 3

*Fraser v. Goodale*,
    342 F.3d 1032 (9th Cir. 2003) ............................................................................1, 4

*Holt v. Noble House Hotels & Resort, Ltd.*,
    370 F. Supp. 3d 1158 (S.D. Cal. 2019) ........................................................ 1, 2, 3, 4

*Hughes v. United States*,
    953 F.2d 531 (9th Cir. 1992) ..............................................................................3, 4

*Sernett v. Unum Grp.*,
    787 F. Supp. 3d 1034 (C.D. Cal. 2025) ..................................................................1

*Thomsen v. NaphCare, Inc.*,
    No. 3:19-cv-969, 2023 WL 8701971 (D. Or. Dec. 15, 2023) ...............................2, 3, 4

*United States v. Flores*,
    901 F.3d 1150 (9th Cir. 2018) ............................................................................3, 4

**INTRODUCTION**

Defendant Steven S. Cliff ("Cliff") objects to aspects of the declarations attached to the Third Amended Complaint, ECF No. 142, and cited by American Free Enterprise Chamber of Commerce ("AmFree") to support its Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment, ECF No. 166-1. *See* Def's. Objections to Evidence Offered For Pl.'s. Mot. For Summ. J. ("Objections"), ECF No. 174-6.[1] Because those objections are without merit, they should be overruled.

**ARGUMENT**

Cliff's "specific evidentiary objections" to the declarations of Zach Meiborg (Meiborg Decl., ECF No. 142-3), Michael Riggan (Riggan Decl., ECF No. 142-4), Tim DeMartini (DeMartini Decl., ECF No. 142-5), and Gentry Collins (Collins Decl., ECF No. 142-6) are without merit and should be overruled. *See* Objections at 1–2.

Whether the Court can consider evidence on a motion for summary judgment does not depend on "the admissibility of the evidence's form," but on whether its underlying content "could be presented in admissible form at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). "Accordingly, the Court does not consider any objections on grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack of personal knowledge." *Holt v. Noble House Hotels & Resort, Ltd.*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019). The Court also does not consider objections that evidence "constitutes an improper legal conclusion." *Id.* (quoting *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)); *see also Sernett v. Unum Grp.*, 787 F. Supp. 3d 1034, 1041 (C.D. Cal. 2025).

Because evidentiary objections to form are premature at the summary judgment stage, they are *a fortiori* premature at the even earlier stage of a motion for judgment on the pleadings, which is "functionally identical" to a Rule 12(b)(6) motion to dismiss. *Cafasso, United States ex rel. v.*

---

[1] The Objections filed as ECF Nos. 174-6 and 175-6 are identical, so this Reply references ECF No. 174-6, only.

Pl.'s Resp. to Def.'s Objections

*Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *see Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181–83 (9th Cir. 1998) (admissibility of evidence offered in support of a motion to dismiss is governed by the "same rule[s]" that apply to admitting evidence on a motion for summary judgment).

Cliff's specific objections are improper on a motion for judgment on the pleadings or summary judgment and should be overruled. Each objection is addressed in turn.

First Objection

Cliff objects to Meiborg's and Riggan's statements regarding (1) "the attributes of electric trucks" (Meiborg Decl. ¶ 4; Riggan Decl. ¶ 4) and the effects of the Clean Truck Partnership on the market for internal-combustion truck suppliers (Meiborg Decl. ¶¶ 6–10; Riggan Decl. ¶¶ 6–10) on the grounds that they are "inadmissible legal arguments and conclusions, as well as speculative and conclusory," Objections at 1; and (2) the "requirements manufacturers are supposedly imposing on their customers" (Meiborg Decl. ¶ 7; Riggan Decl. ¶ 7) on the grounds that they "must be based on hearsay," Objections at 1.

Cliff's legal conclusion, speculation, and hearsay objections are improper at the judgment on the pleadings and summary judgment stages. *See Holt*, 370 F. Supp. 3d at 1164. Moreover, they are meritless. Declarants, as owners and operators of fleets, have sufficient personal knowledge to opine about "the attributes of electric trucks" and the internal-combustion truck market without speculation. Objections at 1. And declarants are not required to "claim to purchase vehicles directly from manufacturers," *id.*, to opine on the anticompetitive effects of the Partnership, *see Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (personal knowledge requirement can be met by inference). Moreover, even if these statements were hearsay, they would be admissible because the attributes and costs of "zero-emission" trucks and the manufacturers' requirements that purchasers buy electric vehicles are facts that "could be presented in admissible form at trial." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (internal quotation marks omitted).

Pl.'s Resp. to Def.'s Objections

Finally, to the extent Meiborg and Riggan described the Partnership's requirements, they did so merely to provide context for their subsequent statements relating to the Partnership's effects. Regardless, objections based on "improper legal conclusions are moot in the summary judgment context, because they are duplicative of the summary judgment standard itself." *Thomsen v. NaphCare, Inc.*, No. 3:19-cv-969, 2023 WL 8701971, at *13 (D. Or. Dec. 15, 2023) (cleaned up). The point of the rule is to protect juries from being misled by testimony about what the law requires, a concern that's irrelevant when the finder of fact is a judge. *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) (where the factfinder is a judge rather than a jury, "there is less need for the gatekeeper to keep the gate" because the court can separate and disregard any legal conclusions). Cliff's first objection should be overruled.

Second Objection

Cliff objects to DeMartini's statements (1) explaining the contours of the RV market nationwide and in California, the RV features motorhome customers care most about, his understanding of the Partnership and its applicability to RV manufacturers, and the Partnership's negative impact on the RV industry and his RV business (DeMartini Decl. ¶¶ 2, 3, 6, 9–17) on the grounds that they are "inadmissible legal conclusions, as well as speculation and conclusory," Objections at 1; and (2) explaining his experience of RV supply chain constrictions (DeMartini Decl. ¶¶ 14–15) on the grounds that they are "hearsay," Objections at 1.

Cliff's legal conclusion, speculation, and hearsay objections are, again, improper at this stage. *See Holt*, 370 F. Supp. 3d at 1164. The objections are also meritless. To the extent DeMartini summarized his understanding of the legal requirements of the Partnership, he did so merely as an aid to understanding his subsequent statements. Regardless, as noted above, objections based on "improper legal conclusions are moot in the summary judgment context, because they are duplicative of the summary judgment standard itself," *Thomsen*, 2023 WL 8701971, at *13 (cleaned up), and irrelevant and unnecessary when the finder of fact is a judge, *Flores*, 901 F.3d at 1165.

Moreover, as an RV fleet owner in California, DeMartini has personal knowledge of the RV market and supply chain, what customers look for when purchasing a motorhome, and how

Pl.'s Resp. to Def.'s Objections

California's regulations are affecting the RV supply chain, generally, and his business, specifically. He can opine on these topics without speculation or hearsay. As with the statements by Meiborg and Riggan to which Cliff objected, these facts "could be presented in admissible form at trial," including through expert or lay testimony. *Fonseca*, 374 F.3d at 846 (internal quotation marks omitted). Because the facts asserted are "of a type that would be admissible as evidence" at trial, it does not matter if the "affidavit itself [is] not … in a form that would be admissible at trial." *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Cliff's second objection should therefore be overruled.

Third Objection

Cliff objects to Collins's statements (1) explaining who AmFree is, his understanding of the Partnership, and the economic impact of the Partnership on AmFree's members and their customers (Collins Decl. ¶¶ 3–6, 7–11) on the grounds that the statements contain "inadmissible legal conclusions, as well as speculation and conclusory statements," Objections at 2; and (2) explaining the economic impact of the Partnership on AmFree's members and their customers (Collins Decl. ¶¶ 7–10) on grounds that they are hearsay, Objections at 2.

Once more, Cliff's objections to legal conclusion, speculation, and hearsay objections are improper at the judgment on the pleadings and summary judgment stages. *See Holt*, 370 F. Supp. 3d at 1164. To the extent Collins summarized his understanding of the legal requirements of the Partnership, he did so merely as an aid to understanding his subsequent statements. Regardless, objections based on "improper legal conclusions are moot in the summary judgment context, because they are duplicative of the summary judgment standard itself." *Thomsen*, 2023 WL 8701971, at *13 (cleaned up). The point of the rule is to protect juries from being misled by testimony about what the law requires, a concern that's irrelevant when the finder of fact is a judge. *Flores*, 901 F.3d at 1165.

Moreover, the economic impacts of costly EV purchase regulations embedded in the Partnership—which require significant operational adjustments—on AmFree's member companies are undoubtedly "within [the declarant's] personal knowledge" and "could be

Pl.'s Resp. to Def.'s Objections

admitted into evidence at trial in a variety of ways." *Fraser*, 342 F.3d at 1037. Because the facts asserted are "of a type that would be admissible as evidence" at trial, it does not matter if the "affidavit itself [is] not … in a form that would be admissible at trial." *Hughes*, 953 F.2d at 543. The statements are admissible on a motion for summary judgment, and Cliff's third objection should be overruled. *Id.*

## CONCLUSION

This Court should overrule Cliff's objections.

Dated: June 24, 2026                    Respectfully submitted,

*/s/ James R. Conde*

Michael Buschbacher*
James R. Conde*
Laura B. Ruppalt*
Nicholas A. Cordova*
Boyden Gray PLLC
800 Connecticut Avenue NW
 Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

* *pro hac vice*

Counsel for Plaintiff

Pl.'s Resp. to Def.'s Objections

## CERTIFICATE OF SERVICE

I certify that counsel of record were served a copy of this document via the Court's CM/ECF system this 24th day of June, 2026.

/s/*James R. Conde*
James R. Conde

Pl.'s Resp. to Def.'s Objections