ROB BONTA
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
DAVID M. MEEKER, State Bar No. 273814
CECILIA D. SEGAL, State Bar No. 310935
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 510-3545
  Fax: (415) 703-1107
  E-mail: cecilia.segal@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE**,<br><br>Plaintiff,<br><br>**THE UNITED STATES OF AMERICA**; and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>Defendant. | 2:25-cv-03255-DC-AC<br><br>**DEFENDANT'S OBJECTIONS TO SUPPLEMENTAL EVIDENCE OFFERED IN SUPPORT OF REPLY ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**<br><br>Judge:      Hon. Dena Coggins<br>Courtroom:  10, 13th Floor<br>Date:       None Set<br>Action Filed:  December 16, 2024 |

Defendant Steven S. Cliff, in his official capacity as the Executive Officer of the California Air Resources Board (Defendant Cliff), respectfully submits the following objections to supplemental evidence submitted by Plaintiff American Free Enterprise Chamber of Commerce (AmFree) with its Reply in Support of Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment and Opposition to Defendant's Cross-Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment (ECF No. 182).

## A. Legal Standard

Courts routinely strike evidence that a party "should have presented in their opening brief." *Cal. Expanded Metal Prods. Co. v. Klein*, 426 F. Supp. 3d 730, 743 (W.D. Wash. 2019). A court may nonetheless consider evidence "submitted for the first time with a reply if it is responsive to points raised for the first time in the nonmovant's opposition." *Aguilar v. Peters*, No. CV-23-00268-TUC-SHR, 2024 WL 4870496, at *13 (D. Ariz. Nov. 22, 2024). These principles hold true in the context of cross-motions. *Stud v. Cains*, No. 15-cv-01045, 2018 WL 11352444, at *5 (D. Ariz. Apr. 20, 2018). Thus, evidence that relates to arguments in support of a plaintiff's own motion, rather than in opposition to a defendant's cross-motion, is improper. *Id.*

Courts also commonly strike "portions of declarations, as well as entire declarations[,] where the[y] contained improper argument that should have been included in a memorandum of points and authorities, rather than a declaration." *Fuchs v. State Farm Gen. Ins. Co.*, No. CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017); *see also Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016) ("Legal arguments should be presented in a party's moving … briefing, not in its supporting declarations."). Likewise, "anecdotal speculation and supposition are not a substitute for evidence." *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1175 (9th Cir. 2016); *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

Finally, "only admissible evidence" may be considered "in ruling on a motion for summary judgment." *Fraser v. Goodale*, 342 F.3d 1032 (9th Cir. 2003) (cleaned up). Thus, statements that

1

"lack foundation and constitute hearsay" are accorded "no weight." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 874 n.1 (9th Cir. 2002); *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) ("Because the affidavit was not based on personal knowledge and because it relied on inadmissible hearsay testimony, the district court properly rejected it.").[1] Expert opinion must also rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019) (quoting Fed. R. Evid. 703). *Emblaze Ltd. v. Apple Inc.*, 38 F. Supp. 3d 1108, 1115 n.35 (N.D. Cal. 2014) ("Expert testimony that offers only a bare conclusion is insufficient to prove the expert's point." (cleaned up)).

**B.      Supplemental DeMartini Declaration, ECF No. 182-1**

1. This declarant offers material that should have been submitted with AmFree's opening motion because it relates to arguments in support of that motion and allegations in Mr. DeMartini's original declaration, not arguments in opposition to Defendant Cliff's cross-motion, *Stud*, 2018 WL 11352444, as follows:

- The first sentence of Paragraph 6
- Paragraph 7
- Paragraph 8
- Paragraph 9
- Paragraph 10
- Paragraph 11
- Paragraph 15

2. This declarant offers inadmissible legal conclusions, as well as speculation and conclusory statements, *Fuchs*, 2017 WL 4679272, at *2; *Aerotec Int'l*, 836 F.3d at 1175, as follows:

- Paragraph 3
- The third sentence of Paragraph 4
- The first sentence of Paragraph 5

---

[1] Courts will sometimes still consider such evidence at summary judgment so long as the offering party demonstrates that the evidence "could be presented in an admissible form at trial." *Wheeler v. Aliceson*, No. 1:12-cv-00860-LJO-MSJ, 2016 WL 7240314, at *12 (E.D. Cal. Sept. 30, 2016); *accord Fraser*, 342 F.3d at 1036.

2

- The first sentence of Paragraph 6
- Paragraph 7
- The third sentence of Paragraph 9
- The last sentence of Paragraph 11
- The last sentence of Paragraph 14
- The first sentence of Paragraph 15

3. This declarant also offers inadmissible hearsay, and has not established that these statements could be presented in an admissible form at trial, *Wheeler*, 2016 WL 7240314, at \*12, as follows:

- First sentence of Paragraph 6
- Second sentence of Paragraph 8

**C.    Wagner Declaration, ECF No. 182-2**

The entire Wagner Declaration should be struck on the grounds that it should have been submitted with AmFree's opening motion in April 2026 because it relates to arguments in support of that motion and allegations in Mr. DeMartini's original declaration, not arguments in opposition to Defendant Cliff's cross-motion. *See Stud*, 2018 WL 11352444; Wagner Decl., ¶ 2 (request for data relating to Class Super C RV sales "for the past several years"); Wagner Decl., Tables 1-3 (offering data through 2025).

**D.    Johnston Declaration, ECF No. 182-3**

1. The entire Johnston Declaration should be struck on the grounds that it should have been submitted with AmFree's opening motion in April 2026 because it relates to arguments in support of that motion, not arguments in opposition to Defendant Cliff's cross-motion. *See Stud*, 2018 WL 11352444; Johnston Decl., ¶¶ 11, 14, 18, 21 (purporting to bolster claims made in declarations appended to AmFree's complaint).

2. This declarant also offers assumptions and speculation, without any supporting facts or data, *Stephens*, 935 F.3d at 856. Detailed responses to those statements are included in the Declaration of Mark Jacobsen, filed concurrently.

3

*    *    *

For these reasons, Defendant Cliff respectfully requests that the Court sustain his objections.

Dated:  July 22, 2026                    Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Acting Supervising Deputy
Attorney General


*/s/ Cecilia D. Segal*
CECILIA D. SEGAL
Deputy Attorney General

*Attorneys for Defendant*

4