ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
JOHN K. ADAMS
*Associate Deputy Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
U.S. Department of Justice
DAVID D. MITCHELL
Energy & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-9737
david.mitchell@usdoj.gov

ERIC GRANT
*United States Attorney*
501 I Street, Suite 10-100
Sacramento, California 95814
501 I Street, Suite 10-100
(916) 554-2700

*Counsel for the United States*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,

Plaintiff,

THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Intervenors-Plaintiffs.

v.

STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,

Defendant.

No. 2:25-cv-03255-DC-AC

**United States' Opposition to Defendant's Motion to Dismiss, Dkt. 202**

Judge: Hon. Dena Coggins

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ i
TABLE OF AUTHORITIES ........ ii
GLOSSARY ........ iv
INTRODUCTION ........ 1
LEGAL STANDARD ........ 1
ARGUMENT ........ 2
I. The Allegations in the Complaint Are Sufficient to Confer Standing as to the CTP and Clean Fleets Electric Vehicle Mandate. ........ 2
II. The United States' Challenge to the CTP States a Valid Preemption Claim. ........ 4
CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Cases**

*Airlines for Am. v. City & County of San Francisco*,
78 F.4th 1146 (9th Cir. 2023) ........ 4, 5

*Am. Airlines, Inc. v. Wolens*,
513 U.S. 219 (1995) ........ 4

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*,
569 U.S. 641 (2013) ........ 4, 5, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 2

*Fed. Election Comm'n v. Cruz*,
596 U.S. 289 (2022) ........ 1, 2

*GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat'l. Ass'n*,
671 F.3d 1027 (9th Cir. 2012) ........ 7

*Griffin & Griffin Expl., LLC v. United States*,
116 Fed. Cl. 163 (2014) ........ 6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ........ 1

*Lujan v. Nat'l Wildlife Fed'n*,
497 U.S. 871 (1990) ........ 1

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ........ 1, 3

*Mobil Oil Expl. & Producing Se., Inc. v. United States*,
530 U.S. 604 (2000) ........ 6

*Nutt v. United States*,
12 Cl. Ct. 345 (1987) ........ 6

*Olympic Pipe Line Co. v. City of Seattle*,
437 F.3d 872 (9th Cir. 2006) .......... 4

*Sanitary Dist. of Chi. v. United States*,
266 U.S. 405, 426 (1925) .......... 3

*United States v. California*,
824 F. Supp. 3d 1079 (C.D. Cal. 2026) .......... 3

*United States v. City of Boston*,
833 F. Supp. 3d. 30 (D. Mass. 2026) .......... 3

*United States v. Hawaii*,
830 F. Supp. 3d 1028 (D. Haw. 2026) .......... 3

*United States v. King County*,
122 F.4th 740 (9th Cir. 2024) .......... 4, 5

*United States v. New York*,
No. 25-CV-3656 (PKC), 2026 WL 2859471 (S.D.N.Y. Sep. 23, 2026) .......... 3

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 2

**Statutes**

42 U.S.C. § 7543(a) .......... 4, 6

## GLOSSARY

| | |
|---|---|
| Clean Fleets | Advanced Clean Fleets, Cal. Code Regs. tit. 13, § 2016. |
| Clean Trucks | Advanced Clean Trucks, Cal. Code Regs. tit. 13, §§ 1963.1, 1963.2 |
| CARB | California Air Resources Board |
| CTP | Clean Truck Partnership, Ex. 1, Dkt. No. 181-5 |
| *Daimler* | *Daimler Truck North America, et al. v. California Air Resources, et. al.*, 2:25-cv-02255-DC-AC (E.D. Cal.) |
| EPA | United States Environmental Protection Agency |
| Heavy-Duty Trucks | Vehicles with a gross vehicle weight rating (the loaded weight of a single vehicle) of more than 8,500 lbs. *See* 40 C.F.R. § 1037.801 |
| Omnibus | Omnibus Low NOx Rule, Cal. Code Regs. tit. 13, § 1956.8 |
| PI Order | *Daimler*, Order Granting In Part and Denying in Part Plaintiffs' Motion for a Preliminary Injunction, Dkt. No. 94 (Oct. 31, 2025) |

## INTRODUCTION

Defendant Cliff's motion to dismiss based on the United States' standing as to the Clean Fleets electric vehicle mandate and Clean Truck Partnership ("CTP"), and for failure to state a preemption claim as to the CTP, raises the same arguments Cliff raises in opposition to the United States' motion for summary judgment, but in a posture less favorable to Cliff. The allegations in the United States' Complaint-in-Intervention ("Complaint") plainly state a Clean Air Act preemption claim as to the CTP for the same reasons argued in the United States' motion for summary judgment: The CTP is an illegal attempt by CARB to enforce its preempted regulations. CARB is acting as a regulator through the CTP, not as a market participant. And CARB's attempt to enforce its preempted regulations through the CTP, including the Clean Fleets electric vehicle mandate, inflicts redressable sovereign and *parens patriae* injuries on the United States. This Court was correct to enjoin CARB as to the CTP in the *Daimler* case, and the Court should deny Cliff's motion to dismiss here.

As the Court is well versed in the background for this case and the United States set forth the relevant background in detail in its motion for summary judgment, *see* Dkt. No. 181-1 at 2-9, the United States omits an exposition here and proceeds directly to the legal standard and argument for brevity.

## LEGAL STANDARD

Motions to dismiss based on standing challenge a court's subject matter jurisdiction under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The Court must presume that the allegations in the complaint are true and construe them in favor of the plaintiff. *Id.* at 1068. A plaintiff must support each element of standing in successive stages of the litigation "with the [same] manner and degree of evidence required" for any other matter at that stage. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). At the pleading stage, general factual allegations are sufficient to survive a standing challenge because courts "presume[] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). And courts must presume the merits of the claims when assessing standing. *See Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 298 (2022).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts generally must presume the allegations in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint states a claim if the allegations plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may consider documents incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## ARGUMENT

### I. The Allegations in the Complaint Are Sufficient to Confer Standing as to the CTP and Clean Fleets Electric Vehicle Mandate.

The United States' Complaint alleges three straightforward injuries based on CARB's attempts to enforce its preempted state regulations through the CTP: (1) usurpation of exclusive federal authority, (2) interference with EPA's ability to administer the Clean Air Act, and (3) injury to the general welfare. Compl. ¶¶ 10-11, 59-77, 109-112. Indeed, no binding authority holds that the United States lacks standing to seek relief against enforcement of state law expressly preempted by federal statute. And this Court has *already* held in the *Daimler* case that CARB's attempts to enforce the CTP—including the Clean Fleets electric-vehicle mandate—irreparably injure the United States, PI Order 32, a higher threshold than that required to establish injury for Article III purposes. Presuming the merits of the United States' preemption claims—as this Court must when assessing standing, *see Cruz*, 596 U.S. at 298—there can be no question that the United States' Complaint adequately pleads a redressable injury based on California's enforcement of its preempted regulations. The United States' standing was already briefed in the United States' motion for summary judgment, and the United States adopts those arguments by reference here. *See* Dkt. Nos. 181-1 at 11-13; 200 at 1-4.

In addition, as to sovereign injury, the United States' alleged injuries are not speculative or mere legal conclusions. The Complaint alleges that CARB is attempting to enforce its preempted regulations through the CTP. Compl. ¶¶ 59-77, 111. CARB's actions plainly undermine EPA's regulations and authority under the Clean Air Act. CARB's actions injure the United States. The case law CARB cites rejecting sovereign injury are far afield from the allegations here. *See* Mot. 7

(citing *United States v. California*, 824 F. Supp. 3d 1079, 1083 (C.D. Cal. 2026); *United States v. Hawaii*, 830 F. Supp. 3d 1028, 1040 (D. Haw. 2026); and *United States v. City of Boston*, 833 F. Supp. 3d. 30, 45 (D. Mass. 2026)). Those cases did not include allegations that a state agency is attempting to enforce preempted regulations. The United States' sovereign injury here is not based on the mere existence of a state regulation (*California*, 824 F. Supp. 3d at 1083), contingent on speculative future events (*Hawaii*, 830 F. Supp. 3d at 1040), or the pronouncement of a position contrary to federal policy (*City of Boston*, 833 F. Supp. 3d. at 45). Rather, it is based on CARB's attempt to actively enforce its preempted regulations before this Court enjoined CARB's illegal actions in the *Daimler* case. This case thus is analogous to *United States v. New York*, 2026 WL 2859471, at *5 (S.D.N.Y. Sep. 23, 2026), where the court found sovereign standing to challenge the New York Climate Change Superfund Act that requires the state to issue cost recovery demands, because the law intruded on the United States' exclusive authority to regulate interstate and global air emissions under the Clean Air Act. The allegations in the Complaint clearly articulate an even more direct sovereign injury, CARB's active enforcement of its preempted regulations, which is sufficient to confer standing.

As to the United States' *parens patriae* standing, the Complaint alleges that CARB's enforcement of its preempted regulations will distort markets and impose higher prices on consumers. Compl. ¶ 10.d. Those allegations must be assumed to be true and construed in favor of the United States. *Maya*, 658 F.3d at 1067. Injury to "interstate and foreign commerce" confers standing on the United States to protect the general welfare. *See, e.g.*, *Sanitary Dist. of Chi. v. United States*, 266 U.S. 405, 426 (1925). And the declarations in support of AmFree's Motion for Judgment on the Pleadings further show the market distorting and damaging effects of CARB's preempted regulations, including the Clean Fleets electric vehicle mandate, and CARB's attempt to enforce those preempted regulations through the CTP. Dkt. Nos. 182-1, 182-3. The United States has standing to prevent CARB from interfering with the Heavy-Duty Truck market where there is no EPA preemption waiver for CARB's regulations.

The United States also has standing to challenge the Clean Fleets electric vehicle mandate for all the same reasons discussed above and in the arguments incorporated from the United States'

motion for summary judgment. Cliff insists that CARB has stipulated not to enforce the electric vehicle mandate without an EPA preemption waiver. Mot. 17. But as alleged in the Complaint, CARB was attempting to enforce the mandate through the CTP until this Court enjoined CARB in the *Daimler* case. Compl. ¶¶ 59-77, 111; PI Order 32. The United States has standing for all its claims.

## II. The United States' Challenge to the CTP States a Valid Preemption Claim.

The Complaint states a valid preemption claim because it alleges that the CTP is an illegal "attempt to enforce" preempted emissions standards. The Complaint specifically alleges that the CTP seeks to secure compliance with the preempted Clean Trucks, Omnibus, and Clean Fleets electric vehicle mandate through the exercise of regulatory power: promises of regulatory relief that only CARB can provide, and threatened consequences only CARB can impose. *See* Compl. ¶¶ 59-77, 109-112. The Clean Air Act prohibits any such "attempt to enforce" state emissions standards without an EPA preemption waiver. 42 U.S.C. § 7543(a). Thus, the allegations in the Complaint state a valid preemption claim.

Cliff's argument that the United States' allegations do not state a claim because the Complaint does not contain any allegations that the CTP is not a voluntary agreement (Mot. 8-9) is meritless. Allegations as to voluntariness are not required to state a Clean Air Act preemption claim and would be irrelevant here. Preemption applies based on whether the State "acts as a regulator" and not as "a market participant." *See, e.g.*, *Airlines for Am. v. City & County of San Francisco*, 78 F.4th 1146, 1152 (9th Cir. 2023); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228–30 (1995) (finding Airline Deregulation Act preemption provision did not apply to market transaction); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 569 U.S. 641, 655 (2013) ("*ATA*") (requirements in contract between Port of Los Angeles and trucking company preempted); *see also Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 874 (9th Cir. 2006) (Pipeline Safety Act preempts safety provisions in agreements between Seattle and pipeline company). "A state . . . functions as a market participant when it acts (1) in pursuit of the efficient procurement of needed goods and services or (2) with a sufficiently narrow scope so as to defeat an inference that its primary goal was to encourage a general policy rather than to address a specific proprietary problem." *United States v. King*

*County*, 122 F.4th 740, 759 (9th Cir. 2024) (citation modified).

The Complaint alleges that CARB entered the CTP "in its capacity as an industry regulator—not in its capacity as a market participant," Compl. ¶ 77, and alleges that CTP seeks to "ensur[e] current and future CARB regulations affecting new [heavy-duty] vehicles and engines . . . achieve significant reductions of air pollutants from such vehicles and engines;" Compl. ¶ 66 (citing CTP at 1). This is a policy goal, not a proprietary one. Cliff asks this Court to ignore allegations as to the CTP's purpose as irrelevant. Mot. 12. That argument is plainly wrong; CARB's pursuit of policy ends rather than market participation is central to preemption. *See King County*, 122 F.4th at 759.

Indeed, as alleged in the Complaint, the CTP is regulatory through and through. *See* Compl. ¶¶ 59-77. "Federal law generally preempts state or local government action that has the force and effect of law." *Airlines for Am.*, 78 F.4th at 1150 (citation modified). Such an action has the force and effect of law when the state or local government exercises regulatory authority—including the imposition of criminal or civil penalties—"as part and parcel of a governmental program." *ATA*, 569 U.S. at 650; *see also Airlines for Am.*, 78 F.4th at 1154–55 (civil penalties enforceable against private parties contracting with airport authority "render[] the City a regulator rather than a market participant").

The Complaint alleges that the CTP requires the truck manufacturers to comply with the relevant provisions of the CARB regulations set forth in the appendices to the agreement, "irrespective of the outcome of any litigation challenging the waivers or authorizations for those regulations." Compl. ¶¶ 68, 73 (citing CTP ¶ 2). And those provisions require certification to Omnibus and Clean Trucks, among other things. *See* Compl. ¶ 69 (citing CTP App. B. ¶ 1). Moreover, the CTP threatens to label vehicle sales as "non-compliant" if the truck manufacturers do not follow the Omnibus regulation. Compl. ¶ 70 (citing CTP App. A nn.1–2). The United States thus alleges that CARB is "exercis[ing] classic regulatory authority." *ATA*, 569 U.S. at 650. The CTP promises the exercise of regulatory power (e.g., regulatory relief) and CARB will implement its terms through regulatory power (e.g., vehicle certification).

Cliff's attempts to discount the United States' allegations about CARB's vehicle

certification program because it exists independently of the CTP (Mot. 12) miss the point. The Complaint alleges that CARB will certify vehicles that are CTP compliant for sale in California. *See* Compl. ¶¶ 69, 77. CARB again promises the use of its regulatory power to implement the CTP. CARB's obligations under the CTP are actions only a government can wield. That is not participating in the truck market; it is regulation. *See ATA*, 569 U.S. at 651. The United States' allegations about CARB's certification program thus are relevant and support its claim challenging the CTP.

Cliff's argument that the CTP does not qualify as a "regulatory standard" under Section 209(a) of the Clean Air Act is a non-sequitur. The United States has not alleged (or argued) that. There can be no dispute that Clean Trucks, Clean Fleets, and Omnibus are (preempted) standards, unilaterally imposed by CARB. The CTP is preempted because it is a blatant "attempt to enforce" those standards through regulatory power. *See* Compl. ¶¶ 110-111 (alleging that the CTP is an unlawful attempt to enforce CARB's emissions standards). The United States does not need to show that the CTP is a "regulatory standard" to prevail on its second claim. *See* 42 U.S.C. § 7543(a).

Cliff's elaboration in this motion on the effect of incorporating regulations into government contracts (Mot. 13-14) is misplaced. The case law that Cliff cites all involves government contracting where the government was acting as a participant in a market: *Mobil Oil Expl. & Producing Se., Inc. v. United States*, 530 U.S. 604 (2000) (lease agreement where the United States was the landlord); *Nutt v. United States*, 12 Cl. Ct. 345 (1987) (loan agreement where the United States was the lender); *Griffin & Griffin Expl., LLC v. United States*, 116 Fed. Cl. 163 (2014) (oil and gas lease agreements with the United States). The incorporated regulations in those cases were secondary to the market transactions. In contrast, the purpose of the CTP is to secure compliance with CARB's preempted regulations. *See* Compl. ¶ 73 (citing CTP ¶ 2). As pleaded in the Complaint (and explained in the United States motion for summary judgment), CARB is acting as a regulator, not a market participant. The Complaint states a valid preemption claim as to the CTP.

Finally, Cliff's argument that the United States does not have standing to "interpret" the CTP (Mot. 11) is plainly wrong. The terms of the CTP are relevant to the United States' preemption claim. This Court obviously has the authority to interpret the CTP in resolving this claim, and the United States can allege (and argue) its terms in support of its preemption claim. The case Cliff

cites in arguing otherwise is irrelevant as it is about whether the plaintiff was an "intended beneficiary" who could sue for recovery under a contract. *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1033-35 (9th Cir. 2012).

**CONCLUSION**

For the reasons stated above, the Court should deny Cliff's motion to dismiss.

Dated: October 9, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
JOHN K. ADAMS
*Associate Deputy Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

*/s/ David Mitchell*
DAVID D. MITCHELL
United States Department of Justice
Energy & Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-9737
david.mitchell@usdoj.gov

*Counsel for the United States*

ERIC GRANT
*United States Attorney*
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2821